EXHIBIT A

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN C. CHMURA**

Now comes the Defendant, Joseph Richardson, by and through his Attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and hereby propounds the following interrogatories to the above-captioned Plaintiff. Said Plaintiff is requested to respond to each interrogatory in conformance with all requirements of said Rule 33, including but not limited to the time and form of response requirements, and also in conformance with all other applicable requirements of the Fed. R. Civ. P.

1. Please state your name, other names you have gone by, home address, marital status, occupation(s) and current place of work.

2. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Second Amended Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.

3. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Second Amended Complaint and addressed specifically to his being named *individually* as a Defendant.

4. Please set forth all of the facts in your possession, custody and/or control which support in any way Defendant Richardson's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Second Amended Complaint.

5. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened-to by anyone who was *not* a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Second Amended Complaint.

6. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened-to by Defendant Joseph Richardson, or by anyone acting on his behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Second Amended Complaint.

7. Please give a detailed factual description of every occasion in which Defendant Joseph Richardson acted outside of the scope of his official capacity with the City of Providence at any time and in any way that relates the to the subject matter of Plaintiffs' Second Amended Complaint.

8. Please identify each and every statement made by Defendant Joseph Richardson which pertains to the subject matter of the instant Second Amended Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement allegedly was made by Defendant Richardson.

9. Please describe in detail the nature of each component and/or symptom of personal injury you experienced as a result of the Defendants' actions and as alleged in the Second Amended Complaint, and for each such component and/or symptom of personal injury, please identify by name, address and specialty each and every health care provider you consulted, treated-with, or otherwise visited as a result of said personal injury, and provide the dates of each such consultation, treatment or visit.

10. With regard to each component and/or symptom of personal injury described in your response to Interrogatory 9, above, please state whether or not you had ever experienced any similar component and/or symptom of personal injury prior to your discovery of the matters described in your Complaint related to the "Total Recall" system, and if your answer is in the affirmative, identify each previously experienced component and/or symptom of personal injury, its cause and origin, and provide the name, address, and dates of treatment of each and every health care provider with whom you consulted, treated or visited as a result of said prior similar component and/or symptom of personal injury.

11. Please describe in detail the facts support your claims for any "other damages" and for "compensatory damages" that have been incurred by you as alleged in Paragraphs 56, 58, 60, 62, 64, and/or 66 of the Complaint, and in Counts One through Six of Plaintiffs' Second Amended Complaint.

12. Provide an itemized list of all non-punitive damages you are claiming against the Defendants.

13. Please provide the name, address, field of expertise and qualifications of each and every expert Plaintiffs expect to present at trial, and for each such expert, identify the subject matter upon which each expert is expected to testify, and state the substance of the facts and

opinions to which each expert is expected to testify and provide a summary of the grounds for each such opinion each expert will present.

14. Please state the names, residence address, and business address of each party and non-party witness who you believe has knowledge of any of the facts or circumstances alleged and described in your Second Amended Complaint as they pertain to Defendant Richardson.

15. Please state the names, residence address, and business address of each party and non-party witness who you believe has knowledge of any of the facts or circumstances alleged and described in your Second Amended Complaint other than those identified in your response to the preceding interrogatory.

16. For each witness identified in response to interrogatory 14, state the subject matter of, and otherwise describe each fact and/or circumstance known to the witness relating to this matter.

17. For each witness identified in response to interrogatory 15, state the subject matter of, and otherwise describe each fact and/or circumstance known to the witness relating to this matter.

18. Please describe each and every fact in your possession, custody or control that supports your claim for punitive damages against Defendant Richardson.

19. Please identify by name, address and provider number each insurer or third party payer for any of the health care services provided to you that are included in your response to interrogatory 9 herein, and itemize the amount(s) paid by each insurer or third party payer.

20. Please state everything you knew about the telephone communications system(s) installed in the Providence Public Safety Complex from the time you first placed or received a telephone call from that location until February 13, 2003, including but not limited to all details

of your knowledge of any tape recording taking place during that time, and the source or sources of that knowledge.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq., #5302
Gunniing & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

May 10, 2005

## CERTIFICATION

I certify that on May 10, 2005, I mailed a true copy of the within First Sets of Interrogatories to all Plaintiffs, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865