UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MOTION
TO ADJUDGE IN CONTEMPT
OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS

Now come the Plaintiffs in the above-captioned matter and hereby move pursuant to Rule 45 (E) and Rule 37(a)(2)(B) to adjudge the City of Providence and/or the Providence Police Dept. in contempt of Court for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, Plaintiffs seek an order compelling production of the matters sought in their Request for Production of Documents served on the City of Providence on or about August 16, 2005.

Costs, including reasonable attorneys' fees are sought pursuant to Rule 45(e) and Rule 37(a)(4)(A).

As grounds therefore, Plaintiffs states that no objection was ever filed with respect to the subpoena issued on the Providence Police Dept on March 11, 2005; nor, was a protective order sought.

Moreover, with respect to the request for production that was served on the City on August 16, 2005, no objection was filed.

Thus, Plaintiffs seek an Order adjudging the City in contempt of the subpoena or alternatively compelling production of the matters sought in the Plaintiffs' Request for Production.

Plaintiffs also seek an award of costs, including reasonable attorneys fees. In support of their motion, Plaintiffs rely on their attached memorandum of law.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

ATTORNEY CERTIFICATION

I hereby certify that I conferred in good faith with the person or party failing to make the discovery in an effort to secure the information or material without court action.

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
TO ADJUDGE IN CONTEMPT
OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS

## I. INTRODUCTION

This matter is before this Honorable Court on the motion of the Plaintiffs in the above-captioned matter pursuant to Rule 45 (e) and Rule 37(a)(2)(B) to adjudge the City of Providence and/or the Providence Police Dept. in contempt of Court for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, Plaintiffs seek an order compelling production of the matters sought in their Request for Production of Documents served on the City of Providence on or about August 16, 2005.

Costs, including reasonable attorneys' fees are sought pursuant to Rule 45(e) and Rule 37(a)(4)(A).

## II. ARGUMENT

On March 11, 2005 a subpoena was issued upon the Providence Police Dept. for a records deposition at the Law Offices of Murphy & Fay, LLP at 127 Dorrance St., Providence, Rhode Island 02903 on April 11, 2005 at 10:00 a.m. A true copy of

subpoena is attached hereto as Exhibit A. The deposition went forward as scheduled and the City produced a large amount of documents at the records deposition. No documents were withheld under a claim of privilege and no protective order was sought by the City (or any other party or non-party) with respect to this subpoena.[1]

The subpoena at issue requested production, inspection and copying of the following documents or objects:

> The entire file including but not limited to any and all reports, documents, memos, computer entries, pictures, statements and objects pertaining to the investigation of possible wire tapping activities regarding the Total Recall System conducted at the Providence Public Safety Complex, One Communications Plaza, Providence, RI 02903.

See Exhibit A.

Plaintiffs have had an expert review the subpoenaed items from the City. The expert, however, needed additional information to complete his analysis. In particular, he questioned why were not given a copy of the hard drive of the Total Recall System. Plaintiffs submit that the hard drive is an object that pertains to the investigation of the wire tapping activities regarding the Total Recall System. Additionally, the subpoena specifically seeks computer entries.

Despite this it was not produced in response to are subpoena. On August 16, 2005, counsel for Plaintiffs communicated with the City (via counsel) with respect to the hardware, Total Recall Servers. A true copy of correspondence to Mr. Hugh dated August 16, 2005 is attached hereto as Exhibit B.

---

[1] Senior Assistant City Solicitor Kevin F. McHugh represented the Providence Police Dept. with respect to the subpoena. In fact, following the deposition, Mr. McHugh sent additional documents to the Plaintiffs that were inadvertently omitted at the deposition. Mr. McHugh also represents the City, Chief Esserman and Mayor Cicciline in the instant consolidated action.

In the event the City was taking the position that the subpoena did not include these items (which Plaintiffs assert it did), in an abundance of caution, Plaintiffs included with their correspondence as separate request for production for:

1. The total Recall Servers at issue in this lawsuit.
2. Any and all hardware relating to the Total Recall system at issue in this lawsuit.
3. The original hard drive of the Total Recall System at issue in this lawsuit.
4. Any and all copies of the hard drive of the Total Recall System at issue in this lawsuit.
5. Copies of the hard drive utilized by Detective John F Killian in conduction his investigation.

A true copy of the request for production served on the City is attached hereto as Exhibit C.

Plaintiffs initially received no response to either the correspondence or the request for production. Plaintiffs counsel contacted Mr. McHugh with respect to the items requested and was told that he would look into the matter.

On or about September 14, 2005 the City sent correspondence to Plaintiffs indicating that "I cannot allow your expert to take a mirror image of the hard drive." A true copy of correspondence dated September 14, 2005 from Mr. McHugh is attached hereto as Exhibit D.

At no time has any timely (or untimely) claim of privilege been asserted by the City. Nor, had the City ever filed an objection to the Request for Production of Documents, which if asserted would be untimely at this late date.

III. CONCLUSION

Thus, the City is in contempt of the subpoena originally issued on March 11, 2005. This court should find the City in contempt of the subpoena and require it to

produce all the matters responsive to the subpoena including, but not limited to, the Total Recall Servers, all hardware relating to the Total Recall system, the original hard drive of the Total Recall System and copies of the hard drive utilized by Det. John F. Killian and pay the Plaintiffs reasonable costs including attorneys fees to purge the contempt finding.

Alternatively, this Court should compel the City to provide all responsive materials contained in their Request for Production dated August 16, 2005 to Plaintiffs within 10 days of the hearing on this matter and pay the Plaintiffs costs, including reasonable attorneys fees pursuant to Rule 37(a)(2)(B).

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kimara Lima