**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST 27 PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby moves the Court for Entry of Judgment of Dismissal against 27 of the 35 Plaintiffs in the Chmura case, C.A. No. 04-3553S, identified on Exhibit A attached hereto, for their failure to Comply with the Court's November 18, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on by Defendant Richardson. It is submitted that the answers to interrogatories submitted by all of said 27 Plaintiffs are so improper, both as to form and as to content, that they are insufficient to purge the Plaintiffs from the automatic dismissal of their Complaint required by the terms of the Court's November 18, 2005 Order.

In the alternative, also pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiffs move to strike as

unresponsive and improper that portion of said 27 Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory.

All 27 Chmura Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18 are identical. A representative copy of the set of the answers to interrogatories served upon all Chmura Plaintiffs is appended as Exhibit I to the accompanying Memorandum of Law.

A Memorandum of Law in support of the instant motion is filed simultaneously herewith.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: December 19, 2005

## CERTIFICATE OF SERVICE

I certify that on December 19, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

_______________________

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST 27 PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby supports his Motion Court for Entry of Judgment of Dismissal against 27 of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, (identified in Exhibit A to accompanying Motion) for their failure to Comply with the Court's November 18, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them by Defendant Richardson by December 16, 2005. This Memorandum is also intended to support Defendant Richardson's alternative Motion to Strike pursuant to Fed. R. Civ. P. 37(b)(2)(C) as unresponsive and improper that portion of said Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided

to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory. (See Exhibit I hereto.)

[N.B. A similar Motion for Entry of Judgment against all 118 Walden Plaintiffs is pending a decision by Magistrate Judge Martin as this Motion is being written.]

**Introduction**

Defendant Richardson was named as a Defendant in both his former official capacity as the Deputy Director of the Department of Communications for the Defendant City of Providence, and also in his individual capacity. No facts are alleged in the Complaint supporting Defendant Richardson's joinder as a Defendant in either capacity. Defendant Richardson propounded interrogatories to all 35 Plaintiffs in the Chmura case on May 10, 2005. No response of any kind was forthcoming. A Motion to Compel answers to interrogatories was filed by Defendant Richardson and granted by Order dated July 27, 2005. This Order required Plaintiffs to file answers to the interrogatories on or before October 1, 2005. After the Chmura Plaintiffs failed to file any answers to interrogatories by October 1, 2005 as ordered, Defendant Richardson sought and received an Order dated November 18, 2005 which stated that all Chmura Plaintiffs' Complaint would be dismissed automatically unless said Plaintiffs served their answers to interrogatories on or before December 16, 2005. On or about December 13, 2005, the 27 of the 35 Chmura Plaintiffs identified in Exhibit A to the accompanying Motion served their "answers" to Defendant Richardson's interrogatories. (The other 8 Chmura Plaintiffs failed to serve any answers to Defendant Richardson's interrogatories whatsoever, and a separate Motion for Entry of Judgment has been filed with the Court regarding them.)

These "answers" to the Richardson interrogatories that were filed by the 27 remaining Chmura Plaintiffs , except for interrogatory 1, are identical for all of the 27 answering Chmura

Plaintiffs. Exhibit I hereto is representative of each of the 27 sets of "answers" to interrogatories for these Plaintiffs. Defendant Richardson is now asking the Court to review these "answers" to interrogatories in order to determine if they are sufficient, in both form and substance, for Plaintiffs to purge themselves of the automatic dismissal of their Complaint against Defendant Richardson for failing to serve responsive answers to his interrogatories as ordered on November 18, 2005. In the alternative, the instant Motion asks the Court to strike the phrase "other than privileged information provided by my attorneys" in answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 17, & 18 by all 27 answering Chmura Plaintiffs.

## Argument

### 1. The Court Should Enter a Judgment of Dismissal Against the Answering Chmura Plaintiffs as to Defendant Richardson For Failure to Comply with the November 18, 2005 Conditional Order.

#### (a.) Improper Claims of Privilege in Withholding Discoverable Facts

Under Fed. R. Civ. P. 37(b)(2)(C) the Court has authority to enter judgment of default or dismissal against a party who has disobeyed one or more discovery orders. The same Rule 37(a) and (b)(2)(C) gives the Court the authority to strike the whole or parts of pleadings, or in this case, answers to interrogatories if they are sanctionable following disobedience to an Order of the Court. Both sanctions are appropriate in this case. Defendant Richardson has been waiting for over seven months since propounding his interrogatories upon the Chmura Plaintiffs to determine why he was sued and what facts, if any, Plaintiffs have which support his joinder as a Defendant in either his former official capacity or individually. For more than seven months after asking for this discovery, and following two Orders of the Court compelling the Chmura Plaintiffs to furnish these facts, Defendant Richardson still has no idea why he has been sued. The Court's attention is invited to Plaintiff Chmura's answer to interrogatory 2 (Exhibit I), which

is the same for all other 27 answering Chmura Plaintiffs, and which reads as follows:

> *2.* ***Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.***
>
> *Answer No. 2:* ***I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint*** ***<u>other than privileged information provided to me by my attorneys.</u>*** (Emphasis added.)

The same answer was given to interrogatory 3 by all 27 answering Chmura Plaintiffs in response to a request for all facts supporting the joinder of Defendant Richardson in his individual capacity. (See <u>Exhibit I</u>). Identical answers were given to several other interrogatories seeking discovery of facts and witnesses. (See answers to interrogatories 4, 7, 14, 15, 16, 17 & 18.)

It is respectfully submitted that a statement by each Chmura Plaintiff, under oath, that he or she has no personal knowledge of any facts supporting their joinder of Defendant Richardson is outrageous on its face. Fed. R. Civ. P. 11 (b), *inter alia,* does not permit allegations or other factual contentions with no evidentiary support, particularly after a reasonable opportunity for discovery of such evidentiary support. See also Fed. R. Civ. P. 26(g)(1) which requires all discovery responses to be complete and correct as of the time they are made. The attempt to buffer this complete lack of factual or evidentiary support for their allegations against Defendant Richardson by adding the phrase "other than privileged information provided by my attorneys" to the answers to interrogatories cited above, is both improper and unresponsive to the Rules of Civil Procedure and, more importantly, to the Court's Orders of July 27, 2005 and November 18, 2005.

Fed. R. Civ. P. 33(b)(1) requires that each interrogatory be answered "fully" unless objected to. It should be noted that none of Defendant Richardson's interrogatories were objected to and no claim of privilege was asserted in the manner required by Fed. R. Civ. P. 26 (b)(5). [Indeed, any opportunity to object or claim privilege was waived by Plaintiffs by their failure to do so within the thirty day period required by Fed. R. Civ. P. 33(b)(3) and by the entry of the Court's Orders of July 27, 2005 and November 18, 2005.] It is axiomatic that when answering interrogatories requiring the disclosure of material facts known to either the represented party or to that party's attorneys, those facts must be disclosed in the answers to interrogatories. See, e.g., Hickman v. Taylor, 329 U.S. 495, 504 (1947); and General Dynamics Corp. v. Selb Mfg. Co., 481 F. 2d 1204, 1210-11 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974).

Either there are no facts known to Plaintiffs and their attorneys supporting the allegations against Defendant Richardson, or there are such facts. If there are such facts, they must be disclosed, particularly when they are specifically requested. There is no basis for the Court to assume there are such facts in existence that might be privileged. Even if there was a basis for such an assumption, any such claim of privilege connected to these answers to interrogatories has been waived by Plaintiffs, and the requested material facts should have been identified in their "answers". Plaintiffs specifically acknowledged to the Court that they had no objections to Defendant Richardson's interrogatories. (See Plaintiffs' Memorandum of Law in Support of Their Objection to Defendant Richardson's Motion to Compel Answers to Interrogatories against the Walden Plaintiffs dated January 11, 2005 at page 1, which states "Plaintiffs do not object to answering the onerous interrogatories interposed by Richardson".) In the "answers" that were filed by the 27 answering , no objections were interposed. Having waived any objections by

failing to provide timely responses, Plaintiffs now attempt to make the passing reference to privilege – not objections – in answers numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18 in an attempt to avoid saying they have no facts, or in an attempt to now shield material facts through an improper mechanism. It is axiomatic that a claim of privilege can only be raised through a timely objection that is accompanied by sufficient information to allow the court to rule intelligently on the privilege claimed. Marx v. Kelly, Hart & Hallman, 929 F. 2d 8, 12 (1st 1991). Plaintiffs have failed in both regards.

Having failed to provide complete answers to interrogatories as required by the Federal Rules of Civil Procedure, and by the Court's Orders of July 27, 2005 and November 18, 2005, the 27 answering Chmura Plaintiffs have failed to submit proper answers to interrogatories as ordered. Accordingly, the automatic dismissal of the Chmura Complaint as to Defendant Richardson should be deemed to have occurred on December 16, 2005, as it pertains to the 27 answering Chmura Plaintiffs. The Court should enter Final Judgment on behalf of Defendant Richardson and against the 27 Chmura Plaintiffs identified in Exhibit A to the accompanying Motion under the terms of the November 18, 2005 Order on this basis alone.

**(b.) Lack of Factual Support for Other Allegations by All Answering (Chmura) Plaintiffs**

The Court's attention also is invited to the answering Chmura Plaintiffs' responses to interrogatories 9, 10, and 19 (Exhibit I), which state in response to queries concerning the personal injuries all answering 27 Chmura Plaintiffs claimed in paragraphs 56, 58, 60, 62, 64, and 66 of their Complaint, that "I am not claiming any personal injuries". These answers beg the question: why were personal injuries asserted by all answering 27 Chmura Plaintiffs when none of them are claiming personal injuries? This appears to be a variation of the same problem Plaintiffs encountered in supporting their Complaint by giving their responses to interrogatories

2, 3, 4, 7, 14, 15, 16, 17, and 18. Deficient as they may reveal Plaintiffs' compliance with Fed. R. Civ. P. 11, in terms of factual support for the Complaint's allegations of personal injuries to be, at least these answers to interrogatories 9, 10 and 19 are far more candid than those given in response to interrogatories 2, 3, 4, 7, 14, 15, 16, 17 & 18.

**2. Alternatively, the Court Should Strike a Portion of Plaintiffs' Answers to Interrogatories 2, 3, 4, 7, 14, 16, 17 & 18 As Improper and Non-Responsive.**

For the reasons and authorities set forth above, and in the absence of the Court's entering a Judgment of Dismissal as to Defendant Richardson and against all of the 27 answering Chmura Plaintiffs, Defendant Richardson asks that the Court Order that the phrase "other than privileged information provided by my attorneys" be ordered stricken from all of the answering 27 Chmura Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18.

**Conclusion**

For all of the reasons set forth above, the Defendant Richardson asks the Court to enter a Judgment of Dismissal as against the 27 answering Chmura Plaintiffs identified in Exhibit A to the accompanying Motion. In the alternative, in the absence of this prayed-for judgment, the Defendant Richardson requests that the Court order stricken from the 27 answering Chmura Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18 the phrase "other than privileged information provided by my attorneys", and that it award Defendant Richardson such other and further relief as it deems appropriate..

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,

Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: December 19, 2005

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]