**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et als.**

**VS.** **C.A. NO.: 2004-304 S**

**CITY OF PROVIDENCE, et. als.**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et als.**

**VS.** **C.A. NO.: 04-553S**

**CITY OF PROVIDENCE ,et als.**

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, URBANO PRIGNANO, JR.**

Now comes Defendant, URBANO PRIGNANO, JR., ("hereinafter Col. Prignano) and moves that summary judgment be entered in his favor and against all Plaintiffs in these consolidated cases.

In support of his motion, Col. Prignano relies on the Memorandum and Statement of Undisputed Facts with attachments filed herewith as well as the pleadings referenced in the Memorandum.

Wherefore, there being no genuine issue of a material fact respect to his liability, Col. Prignano respectfully requests that his motion be granted, that summary judgment enter in his favor and against all Plaintiffs, and that the complaints be dismissed as against him with prejudice.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et als.**

**VS.** **C.A. NO.: 2004-304 S**

**CITY OF PROVIDENCE, et. als.**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et als.**

**VS.** **C.A. NO.: 04-553S**

**CITY OF PROVIDENCE ,et als.**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, URBANO PRIGNANO, JR.**

INTRODUCTION

Sometime in February 2003, certain officials of the City of Providence became aware that a telephone system ("The Total Recall System") which had been installed the previous year in the "new" Public Safety Complex may have been "recording" more calls than the officials had been aware were being recorded. For whatever reason, those public officials rushed to the press and announced their "discovery" and removal of the system. This precipitous action, set into motion the instant consolidated lawsuits.

With little more than a press release, well over 100 Plaintiffs are complaining that their civil rights and other rights have been violated because their telephone conversations, many of which presumably are personal calls to or from employees of the

City of Providence, *may* have been captured--not monitored–without their permission. These Plaintiffs are seeking damages from the City of Providence as well as from a few former employees of the City of Providence not only in their previous official capacities but also in their **individual** capacities. One of these individuals is the instant movant, Col. Urbano Prignano, Jr. (Ret.) ("Col. Prignano").

Without addressing the substantive merits, either factual or legal, of the Plaintiffs' claims,[1] Col. Prignano here seeks summary judgment on all claims filed by all Plaintiffs in these consolidated lawsuits against him in his individual and official capacity. That is because there are no genuine issues of material fact that would implicate him in any way in the design, procurement, installation, maintenance, use or operation of the "Total Recall System". As discussed below, Col. Prignano had retired nearly one year prior to the process that set in motion the procurement of the "Total Recall System" and never even heard of it until the precipitous press release of February 2003--more than two years after his retirement. Simply put Col. Prignano had nothing to do with any aspect of the "Total Recall System", and, not surprisingly, Plaintiffs in the nearly two years that the litigation has been pending have not presented and cannot present any evidence to the contrary.

PERTINENT TRAVEL OF THE CASE

In or about July, 2004 approximately 90 Plaintiffs filed the first of the lawsuits here consolidated. [See Complaint in C.A. No. 04-304S (Doc. No. 1).] In or about March of 2005, approximately 30 Plaintiffs filed the second complaint. [See Second Amended

---

[1] Defendant, Urbano Prignano, Jr. expressly reserves his right to raise legal and factual issues regarding the substantive merits of the Plaintiffs claims.

Complaint for Declaratory Relief and Damages filed in C.A. No. 04-553-S (Doc. No. 2).] The matters were consolidated on or about June 6, 1995 pursuant to Fed. R. civ. P. 42 (a). [See Order of June 6, 1995 (Doc. No. 54 in C.A. No. 04-304S and Doc. No. 11 in C.A. No. 04-552S).]

Both complaints allege that statutory and civil rights of Plaintiffs, who are either employees or family members of employees of the City of Providence, were violated because certain of their telephone conversations were recorded without their permission by "The Total Recall System". (See Complaint in No. 04-304S at Paragraphs 99 and 103--114 and Second Amended Complaint in C.A. No. 04-553 at Paragraphs 41 and 45--54.)

As to the Defendants collectively, the only factual allegations Plaintiffs make are the following.

1. "Defendants owned and operated" "The Total Recall System". (Complaint in C.A. No. 04-304S at Paragraph 102; Complaint in C.A. No. 04-553S at Paragraph 45.)

2. " 'The Total Recall System' was installed and maintained by the Defendants." (Complaint in C.A. No. 04-304S at Paragraph 104; Complaint in C.A. No. 04-553S at Paragraph 46.)[2]

Specifically as to the instant movant, Col. Prignano, the Plaintiffs allege only that "Defendant, Urbano Prignano, Jr., is the former Chief of Police for the City. . . ."

---

[2] Without an antecedent reference in each count, Plaintiffs also claim that the alleged actions of Defendants' in "using" "The Total Recall System" violated their rights. (*See* Complaint in C.A. No. 04-304S at Paragraphs 115, 117, 123, 125, and Complaint in C.A. No. 04-553S at Paragraphs 55, 57, 59, 61,63,65.)

(Complaint in C.A. No. 04-304S at Paragraph 93 and Complaint in C.A. No. 04-553S at 35.)

During the course of discovery Plaintiffs have provided no further facts in support of their allegations relative to Col. Prignano. In response to a pointed interrogatories designed to elicit each fact underlying their allegations, each of the Plaintiffs answered under oath as follows.[3]

> Interrogatory No. 2. For each individual Defendant, please set forth all of the facts that support your allegations against each individual Defendant in your complaint and addressed to each in his/her former official capacity.
>
> ANSWER NO. 2:
>
> . . . .
>
> Urbano Prignano: As Chief of Police *at the Providence Public Safety Complex*, Defendant Prignano was responsible to oversee the procurement, installation and use of any phone recording device installed and used at the Providence Public Safety Complex. *Upon information and belief* he was aware or should have been aware that the procurement, installation and use of the "Total Recall System" was in violation of my constitutional Rights and in violation of state and federal wire tap statutes. *Upon information and belief,* Defendant Prignano was an active participant in the procurement, installation on [sic] ongoing use of the "Total Recall System" until it was ordered to be removed by Chief Dean Esserman.
>
> . . . .
>
> 3. Please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/her individual capacity as a Defendant.
>
> ANSWER NO. 3: *Upon information and belief* the individual Defendants' actions taken under color of law with respect to the "Total Recall System" caused a deprivation of my federally protected constitutional rights and

---

[3] Attached to this Memorandum is a copy of the Plaintiff's Response to Defendants' Interrogatories signed by Plaintiff Carol Serbst. But for personal information contained in Answer No. 1, the answers filed by each of the Plaintiffs in both cases is identical in every aspect pertinent to this memorandum.

violated the wire tap statutes.

4. Please set forth all of the facts in your possession, custody and/or control which support in any way each individual Defendant's alleged involved mentor participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

ANSWER NO. 4: See answer to interrogatory number 2 and 3. Additionally discovery is ongoing and this answer will be supplemented in accordance with the Rules of Civil Procedure.

. . .

12: Please give a detailed factual description of every occasion in which you alleged an individual Defendant acted outside of the scope of his/her official capacity with the City of Providence at anytime and in any way that relates to the subject matter of Plaintiffs' Complaint

ANSWER NO.12: Every time one of my calls was recorded and listened to without my consent. Each of the individually named Defendants were aware the "Total Recall System" had been installed and was recording all phone conversations within the Providence Public Safety complex (outside of a few extensions which were not recorded but not used by any of the named Plaintiffs). I did not consent to any of my phone conversations being recorded and or accessed. None of the named individual defendants were authorized in their official capacity with the City of Providence to improperly record my conversations in violation of State and Federal wire tap statutes.

[*See, e.g.,* Plaintiffs' Response to Defendants' Interrogatories signed by Carol Serbst on or about January 26, 2006 (a copy of which is attached to this memorandum) (emphasis added).]

In addition, Plaintiffs took the depositions of each of the individual defendants[4],

---

[4] In lieu of a deposition and pursuant to court order, interrogatories were served upon and answered by Defendant Vincent Cianci, the former Mayor of the City of Providence.

including Col. Prignano as well as one non-party, Stephen Moise.[5]

At this time, a dismissal stipulation as to one of the individual Defendant, Joseph Richardson has been entered and a dismissal stipulation with respect to Defendant Vincent Cianci is expected to be entered shortly.

PERTINENT UNDISPUTED FACTS

The controlling undisputed and undisputable fact pertinent to the instant motion for summary judgment is that Col. Prignano had left the employ of the City of Providence on January 31, 2001. (See Statement of Undisputed Facts at Paragraphs 2, 3.) At that time, construction had not even begun on the "new" Public Safety Complex. (Statement of Undisputed Facts at Paragraph 6.) At that time, the "Total Recall System" had not even been ordered. (Statement of Undisputed Facts at 8 and 9.) "The Total Recall System" was not used by anyone in the City of Providence until it was used in the "new" Public Safety Complex". (Statement of Undisputed Facts at 5.) "The Total Recall System" was not activated until sometime in July or August of 2002--nearly one and one-half years after Col. Prignano last worked for the City of Providence in any capacity. (Statement of Undisputed Facts at Paragraphs 3, 11.)

ARGUMENT

Whatever as of yet undisclosed *"information and belief"* that the Plaintiffs may possess, or wish that they possessed, the inescapable conclusion is that if there has been any violation of anyone's statutory or civil rights on account of "The Total Recall System", no sets of facts exists that will extend liability for any such violations to Col.

[5] Copies of the pertinent portions of the depositions relied in this motion are attached to the Statement of Undisputed Facts.

Prignano. He was not there at any time relevant to the allegations set forth in the complaints.

His retirement on January 31, 2001 predates the initial meetings preceding the drafting of the Request For a Proposal for a telephone system for the "new" Safety Complex" as well as the bidding and procurement processes. (Statement of Undisputed Facts at Paragraphs 8-10.) His retirement on January 31, 2001 predates the construction of the "new" Public Safety Complex". (Statement of Undisputed Facts at Paragraph 6.) He was never Chief of Police in the "new" Public Safety Complex". (Statement of Undisputed Facts at Paragraph 7.) His retirement on January 31, 2001 predates the activation of "The Total Recall System" in the "new Public Safety Complex". (Statement of Undisputed Facts at Paragraph 11.) He never even heard of "The Total Recall System" before February 2003. (Statement of Undisputed Facts at Paragraphs 10--12.)

It is beyond dispute that Col. Prignano could not have been involved in the procurement, installation, maintenance or even the use of "The Total Recall System." Very simply, he was not employed by the City of Providence in any capacity at any time relevant to these lawsuits. He was not there.

## CONCLUSION

For these reasons, Judgment should enter in favor of Defendant Urbano Prignano, Jr. against all Plaintiffs, and both cases should be dismissed with prejudice as against Col. Prignano.

Defendant,
Urbano Prignano, Jr.
By his Attorneys,
FAMIGLIETTI & CARLIN, LTD.

Stephen R. Famiglietti, Esq.
RI Bar No. 1305

Susan M. Carlin, Esq.
RI Bar No. 2648

132Old River Road, Suite 205
Lincoln, Rhode Island 02865
(401) 335-4550
(401) 335-4515 Fax

Dated: April 6, 2006

**CERTIFICATION**

I hereby certify that copies of the within were forwarded by first class mail to Mark A. Fay, Esq., Murphy & Fay, LLP, 127 Dorrance Street, 2nd Floor, Providence, Rhode Island 02903; Carolyn A. Mannis, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island 02903; Dean G. Robinson, Esq., 670 Willett Avenue, East Providence, Rhode Island 02915; George L. Santopietro, Esq., Coia & Lepore, Ltd., 226 South Main Street, Providence, Rhode Island 02903; Kevin McHugh, Esq., and Michael Calise, Esq. Assistant City Solicitors, Law Department, City of Providence, 400 Westminster Street, Providence, Rhode Island 02903; and, George J. West, Esq., One Turks Head Place, Suite 312, Providence, Rhode Island 02903-2215 on the 6th day of April, 2006.