**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | | |
|---|---|---|---|
| THOMAS WALDEN, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | | |
| JOHN C. CHMURA, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES**

1. Please state your full name, any other names or aliases you have used, date of birth, home address, present occupation, and the name and address of your present employer.

ANSWER NO.1: **Carol M. Serbst; DOB 11/19/61; 5 Barbara Drive, Bristol, RI 02809; Occupational Therapist; VNA of S.E. Mass in Fall River, MA.**

2. For each individual Defendant, please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/ her former official capacity.

**ANSWER NO.2:**

**Vincent Cianci: He was the Mayor of the City of Providence at the time the "Total Recall System" was procured and would have been ultimately responsible for the decisions associated with the procurement, installation and maintenance of the system. Defendant Cianci was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Cianci took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Urbano Prignano: As Chief of Police at the Providence Public Safety Complex Defendant Prignano was responsible to oversee the procurement, installation and use of any phone recording device installed and used at the Providence Public Safety Complex. Upon information and belief he was aware or should have been aware that the procurement, installation and use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Upon information and belief Defendant Prignano was an active participant in the procurement, installation on ongoing use of the "Total Recall System" until it was ordered to be removed by Chief Dean Esserman.**

**Manny Vieira: Upon information and belief he was an active participant in the procurement, installation and maintenance of the "Total Recall System" in his capacity as a city employee. Defendant Vieira was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Vieira took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Joseph Richardson: He was the Deputy Director of the Communications Department that procured, installed and maintained the "Total Recall System". Defendant Richardson was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Richardson took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Mary Lennon: Upon information and belief she was the Chief of Operations at the Police Control Center and was involved in the procurement, installation and maintenance of the "Total Recall System". Defendant Lennon was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Lennon took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

3. Please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/her individual capacity as a Defendant.

**ANSWER NO.3: Upon information and belief the individual Defendants' actions taken under color of law with respect to the "Total Recall System" caused a deprivation of my federally protected constitutional rights and violated the wire tap statutes.**

4. Please set forth all of the facts in your possession, custody and/or control which support in any way each individual Defendant's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

**ANSWER NO.4: See answer to interrogatory number 2 and number 3. Additionally, discovery is ongoing and this answer will be supplemented in accordance with the Rules of Civil Procedure.**

5. Please identify each and every statement made by each individual Defendant which relates to the subject matter of the Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement allegedly was made by the Defendant.

**ANSWER NO.5: While discovery is still ongoing, the only statements my lawyers are aware of are the ones contained in the State Police criminal investigation file, including two statements from Mary Lennon, one which is undated and one which was taken on February 18, 2003, and one for Joseph Richardson taken on February 18, 2003.**

6. Please state the name, residence address and business address of each witness who may have any knowledge of the facts or circumstances alleged and described in your complaint as they relate to the individual Defendants and the municipal Defendants, and please provide a summary of the nature of the knowledge you believe that each person has.

**ANSWER NO.6: Although discovery is ongoing other than the Defendants;**

**1. Steven Moise; 38 Roanoke Street, Providence, RI 02908.**

**2. "Carlos" who worked at Expanets at the time the system was procured, installed and maintained.**

**3. Anthony Demaris was an Assistant Radio Engineer at the time the system was procured, installed and maintained.**

**4. Frank Parfume was a telephone technician for the City of Providence at the time the system was procured, installed and maintained.**

**5. Greg Haroian was/ is a Videotape Technician/ Computer Technician/ Computer Expert for the City of Providence during the time the system was procured, installed and maintained.**

**6. Ron Reposa was the Assistant Deputy State Fire Marshall, Fire Alarm Inspector/ Plan Reviewer at the time the system was procured, installed and maintained.**

**7. Bob Nelson who worked for Expanets at the time in question and was involved in the formulation of the "specs" for the system.**

**8. Cindy Parente who was the Secretary for the Communications Department and requested that her extension be removed from those being recorded pursuant to the "Total Recall System".**

**9. Susan Rennie and Andrew Garza who both worked for Expanets at the time the system was procured, installed and maintained.**

**My Attorneys do not have addresses for these witnesses at this time. Discovery will be supplemented as it becomes available in accordance with the Rules of Civil Procedure. Additionally witnesses may be added as they become available and we have knowledge of them.**

7. Please state all of the facts and identify all documents or other materials which support your inclusion of the municipal Defendants as named Defendants in your Complaint.

**ANSWER NO.7: I have no personal knowledge of facts or documents which support the inclusion of the municipal Defendants as named Defendants in the Complaint The municipal Defendants were included pursuant to my Attorneys' advice.**

8. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please state and describe with specificity the custom, policy, ordinance or regulation pursuant to which your constitutional or statutory rights were violated.

**ANSWER NO.8: Upon information and belief the "Total Recall System" was procured, installed and maintained contrary to policy regarding the protocol for recording telephone conversations at the Providence Public Safety Complex. As a result, my federally and state protected rights against search and seizure were violated as well as violating the wire tap statutes.**

9. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please provide the following information:

a. All facts which support your claim;
b. The identity of any documents which support your claim; and
c. The identity of all persons with knowledge or information which support your claim.

ANSWER NO.9:

**a. According to Detective John F. Killian in a report dated June 20, 2003, the City of Providence procured, installed and maintained a call-recording system called the "Total Recall System" located on city property at 325 Washington Street, RoomP-284, Providence, RI. The "Total Recall System" was a digital, web-based, call-logging system that recorded telephone conversations. The system's computer interfaced with the City's telephone network. Moreover, the system acquired and archived telephone conversations in a Microsoft Windows sound format known as a "WAV" format.**

**According to Detective John F. Killian there were 754,564 calls that were recorded prior to Chief Dean Esserman's ordering the system to be dismantled. Moreover, 83,552 calls that were recorded were accessed after being recorded.**

**b. State Police Criminal Investigation file.**

**c. See answer to interrogatory number 6 above. Additionally, anyone who investigated the incident at the State Police or referenced in the State Police Criminal Investigation file.**

10. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please provide the following information:

a. The identity of the policymaker of this custom, policy, ordinance or regulation; and
b. All facts that tend to support the contention that the person or persons identified in your answer was a policymaker.

**ANSWER NO.10: Discovery is still ongoing. Once discovery is complete this answer will be supplemented in accordance with the Rules of Civil Procedure.**

11. If you contend that the policymaker who is responsible for the custom, policy, ordinance, or regulation pursuant to which your constitutional or statutory rights were violated acquiesced in the custom, policy, ordinance or regulation, please state;

a. How the policymaker obtained notice of the custom, policy, ordinance or regulation; and

b. How the policymaker should have prevented your constitutional or statutory rights from being violated.

**ANSWER NO.11: Discovery is still ongoing. Once discovery is complete this answer will be supplemented in accordance with the Rules of Civil Procedure.**

12. Please give a detailed factual description of every occasion in which you alleged an individual Defendant acted outside of the scope of his/her official capacity with the City of Providence at anytime and in any way that relates to the subject matter of Plaintiffs' Complaint.

**ANSWER NO.12: Every time one of my calls was recorded and listened to without my consent. Each of the individually named Defendants were aware the "Total Recall System" had been installed and was recording all phone conversations within the Providence Public Safety Complex (outside of a few extensions which were not recorded but not used by any of the named Plaintiffs). I did not consent to any of my phone conversations being recorded and or accessed. None of the named individual defendants were authorized in their official capacity with the City of Providence to improperly record my conversations in violation of State and Federal wire tap statutes.**

13. Please describe each and every fact in your possession, custody or control that supports your claim for punitive damages against individual Defendants.

**ANSWER NO.13: See answer to interrogatory number 9. Additionally, punitive damages are recoverable upon a showing of a violation of my constitutional rights and the wire tap statute.**

14. Please give the name and present address of each person you expect to call as an expert witness at trial; and with respect to each expert witness, please state:

a. The subject matter on which each expert is expected to testify;
b. The substance of the facts and opinions to which each expert is expected to testify; and
c. A summary of the grounds for each opinion.

**ANSWER NO.14: All experts and expert information will be identified and provided in accordance with Judge Smith's Pre-Trial Order.**

15. If you allege, as set forth in Paragraph 105 of your complaint, that the "Total Recall system…allowed access to the system from anywhere in the world on the Internet by way of a web browser,: and that :[u]sers could then search through recorded telephone calls, monitor live calls and change telephone features," please provide the following information:

a. All facts which support your claim;
b. The identity of any documents which support your claim and present location and custodian of said document; and
c. The identity of all persons with knowledge or information which support your claim.

**ANSWER NO.15: Objection. The interrogatory as worded seeks information protected by the work product privilege and compiled in anticipation without Litigation. Without waiving said objection the facts which support this claim are contained in the State Police forensic reports complied in the State Police criminal investigation including Detective John Killian's report dated June 20, 2003 and the statement of Andrew Garza given to the State Police on May 8, 2003.**

16. If you allege as set forth in Paragraph 108 of your complaint, that the "Providence Firefighters maintained and used…a separate line for private use paid for by the Firefighters," please provide the following information:

a. All facts which support your claim;
b. The identity of any documents which support your claim; and
c. The identity of all persons with knowledge or information which support your claim.

**ANSWER NO.16: On behalf of the Providence Fire Department:**

**a. It is my understanding that Thomas Walden requested and paid for this line.**

**b. Multiple Verizon telephone bills.**

**c. Thomas Walden.**

17. If you allege, as set forth in Paragraph 113 of your complaint, that "at all relevant times you had no knowledge that your telephone conversations were [sic] by recorded by the "Total Recall system," please provide the following information:

a. The manner in which you were made aware of the recordings by the "Total Recall System;
b. The date you were made aware of the recording by the "Total Recall system;
c. The identity of any and all persons who informed you of the recording by the "Total Recall system;
d. The identity of any documents that made you aware of the recording by the "Total Recall system.

**ANSWER NO.17:**

**a. I was not made aware that phone calls were being recorded by the "Total Recall System" until after it was disclosed by various media outlets and by various conversations with other individuals who also became aware of the situation after the media broke the story.**

**b. I do not remember the specific date I became aware that the phone calls were being recorded by the "Total Recall System" other than it was sometime after the system had been dismantled from the Providence Public Safety Complex.**

**c. My Attorneys.**

**d. I did not see any documentation which made me aware of the "Total Recall System".**

18. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by any individual Defendant, or by anyone acting on his/her behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.18: I have no personal knowledge that any of the named individual defendants actually listened to any of my conversations.**

19. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a potion thereof, that was actually listened to by anyone who was not a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.19: I have no information that anyone who is not a party to this matter listened to any conversations involved in this action.**

20. Please identify each and every statement made by any individual Defendant which pertains to the subject matter of the Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement was made by the individual Defendant.

**ANSWER NO.20: Objection, the interrogatory as worded is overly broad, vague and therefore unanswerable as written.**

21. Please describe in detail the nature of each component and/or symptom of personal injury you experienced as a result of defendants' actions and as alleged in the Complaint, For each such component and/ or symptom of personal injury, please identify by name, address and specialty each and every health care provider you consulted, treated with, or otherwise visited as a result of the personal injury, and provide the dates of each such consultation or visit.

**ANSWER NO.21: I am waiving any personal injury claim as a result of this action but am seeking nominal damages.**

22. With regard to each component and/or symptom of personal injury described in you answer to Interrogatory 21, above, please state whether you had ever experienced any similar component and/or symptom of personal injury prior to your discovery of the matters described in your Complaint related to the "Total Recall" system, and if your answer is in the affirmative, identify each previously experienced component and/ or symptom of personal injury, its cause and origin, and provide the name, address and dates of treatment of each and every health care provider with whom you consulted, treated or visited as a result of said prior similar component and/or symptom of personal injury.

**ANSWER NO.22: I am waiving any personal injury claim as a result of this action but am seeking nominal damages.**

23. Please describe in detail the facts that support your claims for any "other damages" and for "compensatory damages" that have been incurred by you as alleged in Paragraphs 116, 188, 120, 122, 124, and/or 126 of the Complaint, and in Counts One through Six of the Complaint, and please provide an itemized list of all non-punitive damages you are claiming against the Defendant.

**ANSWER NO.23: See answers to interrogatory number 21 and 22. I am also seeking statutory damages as provided in the wire tap statutes.**

Objections by:

Mark A. Fay, Esquire (#4208)
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 490-3200
(401) 490-3207 FAX

Carol Serbst
CAROL SERBST

Subscribed and sworn to before me on the 26 day of January, 2006.

Kendra Lima

Notary Public
My Commission Expires:

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 8 day of Feb, 2006 mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esquire
~~One Financial Plaza, Suite 1500~~ One Turks Head Place
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

KL