**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs

v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MOTION FOR SANCTIONS UNDER RULE 11**
**FILED BY MARY LENNON**

Defendant Mary Lennon ("Defendant") hereby requests that an appropriate sanction be imposed upon Plaintiffs and/or their attorneys pursuant to Rule 11(c) of the Rules of Civil Procedure.

In support thereof, Defendant submits the attached memorandum of law.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on May 2, 2006, I mailed a true copy of the within Motion to the following counsel of record:

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kathleen Wilson

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION FOR SANCTIONS UNDER RULE 11**
**FILED BY MARY LENNON**

Defendant Mary Lennon ("Lennon") submits the within Memorandum of Law in support of her Motion for Sanctions against Plaintiffs and/or their attorneys pursuant to Rule 11.

## FACTS

Lennon began working in the City of Providence Department of Communications in 1999 as Chief of Operations. At that time the Department of Communications was utilizing a "Dictaphone" system to record emergency and certain other calls coming into the Providence Police and Fire Departments.

In 2002 the City acquired a new recording system known as the Total Recall system. The purpose of the Total Recall system was to record emergency lines and to have a records management system in place. Late in 2002 members of the City of Providence Fire Department inquired as to whether conversations on certain non-emergency phone lines were being recorded by the Total Recall system. Word of these alleged recordings eventually reached Dean Esserman,

Chief of Police, who ordered the Total Recall system to be taken off line at that time, and requested that the Rhode Island State Police conduct an investigation into the matter.

Certain members of the City of Providence Police and Fire Departments subsequently brought legal action against the City and several individuals. The two complaints (individually the "Walden Complaint" and the "Chmura Complaint" and collectively the "Complaints") allege in their six causes of action that Lennon and the other defendants violated various Federal and Rhode Island constitutional provisions and laws by "using, installing and maintaining the Total Recall system." Plaintiffs named Lennon as a Defendant both individually and in her former official capacity as Chief of Operations of the Department of Communications.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure ("FRCP") Rule 11(b) requires that allegations and other factual contentions contained in a pleading either have evidentiary support or, if specifically so identified, be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. FRCP Rule 11(c) provides that a court may impose sanctions upon parties or their attorneys if it is proven that such parties or attorneys violated Rule 11(b).

## ARGUMENT

In this case the Complaints contain general allegations concerning Lennon and the acquisition and use of the Total Recall system. To date Plaintiffs have responded to joint interrogatories propounded by defendants, and deposition testimony has been taken from witness Stephen Moise as well as defendants Lennon, Urbano Prignano, Joseph Richardson and Manuel Viera. There has been no testimony or evidence provided at any of these depositions or in the responses to interrogatories supporting the allegations against Mary Lennon made in the Complaints. To the contrary, the Rhode Island State Police concluded following their investigation of this matter that there was no evidence to support that the installation and use of the recording device went beyond the Director of Communications, Manuel Viera.

The central purpose of Rule 11 is to deter baseless filings in District Court. Cooter & Gell v. Hartmarx Corp., et al, 496 U.S. 384 (1990). Rule 11(b) prohibits the assertion of factual allegations without evidentiary support or the likely prospect of such support. Young v. City of Providence, et al, No. 04-1334 (1st Cir. 2005).

The Walden Complaint was filed by Plaintiffs in July, 2004. This complaint (as well as the Chmura Complaint) did not identify specific actions that Lennon allegedly committed in violation of the various Constitutional and statutory provisions listed, asserting instead that "the actions of the Defendants as alleged" violated Plaintiffs' rights. As noted above, however, no evidence has been presented by Plaintiffs to support even this broad allegation of wrongdoing by Lennon. Clearly, these general allegations lacked evidentiary support at the time each Complaint was filed, and no allegations of wrongdoing against Lennon have subsequently been specifically identified by Plaintiffs.

Under FRCP Rule 11 conduct is tested by an objective reasonableness standard. Coates v. United Parcel Services, Inc., 933 FSupp 497 (D. Md. 1996). A showing of subjective bad faith is not required to trigger sanctions. K.W. Thompson Tool Co. v. United States, 656 FSupp 1077 (D. NH 1987). Plaintiffs have had nearly two years to produce evidence supporting the general allegations made against Lennon in the Complaints. It is now clear that such evidence against Lennon did not exist at the time the Complaints were filed, thus the presentation of such pleadings to this Court constituted a clear violation of Rule 11(b)(3). As a result Lennon has been unnecessarily subjected to the ordeal of defending herself in these matters at a cost of thousands of dollars in legal fees. The conduct of Plaintiffs and their attorneys in these cases cannot be deemed reasonable and should be sanctioned.

## CONCLUSION

Plaintiffs made general allegations against Lennon in the Complaints but to date have failed to produce any facts to support said allegations. By filing the Complaints with the knowledge that the allegations contained therein had no evidentiary support, Plaintiffs violated FRCP Rule 11(b)(3). Accordingly, Defendant Mary Lennon respectfully requests that this Court grant her motion and award monetary sanctions pursuant to FRCP Rule 11(c) against Plaintiffs and their attorneys in both of the above cases.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on May 2, 2006, I mailed a true copy of the within Memorandum to the following counsel of record:

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903

Kathleen Wilson