**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MOTION TO EXTEND TIME**
**TO RESPOND TO SUMMARY-JUDGMENT MOTIONS**

NOW COME the Plaintiffs and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 6(b) and Rule 6(f) for an Order extending time to respond to Defendant Mary Lennon, Defendant Urbano Prignano, Jr. and Defendant Manuel Vieira's motion for summary judgment up to and including May 31, 2006.

As the Court is aware Plaintiffs have been unable to secure the deposition testimony of Chief Dean Esserman due to his continuing illness. It is the understanding of Plaintiffs' counsel that Chief Esserman initiated an investigation into the "Total Recall" system at the Public Safety Complex which resulted in the termination or forced resignations of Mary Lennon and Manuel Vieira. As such, the deposition testimony of Chief Esserman may well be key to Plaintiffs' case and is particularly necessary to respond to Defendants' Lennon, Prignano and Vieira's motions for summary judgment. Upon completion of Chief Esserman's deposition it was the intent of Plaintiffs' counsel to conduct the depositions of Tony Desmaris and Andrew Rosenzweig.

In light of the conference with Judge Smith on April 24, 2006 and that fact the Plaintiffs' responses to Defendants' Lennon's, Prignano's and Vieira's motions for summary judgment are due on May 15, 2006, the depositions of Chief Esserman and Tony Desmaris were noticed for May 8, 2006. With respect to Mr. Rosenzweig, as he is no longer an employee of the City of Providence, he was duly served with a witness subpoena and his deposition is scheduled for May 9, 2006. The completion of these depositions on the noticed dates would have given Plaintiffs' counsel time to complete their responses to Defendants' motions for summary judgment by May 15, 2006.

On May 3, 2006 Plaintiffs' counsel received correspondence from Kevin McHugh indicating that Chief Esserman is unavailable for his deposition scheduled for May 8, 2006 due to illness. (See attached Exhibit A). On May 4, 2006 Attorney McHugh's office contacted Plaintiffs' counsel indicating that Mr. McHugh was unavailable on May 8, 2006, that the deposition of Tony Desmaris would not go forward on May 8, 2006 and that the deposition be rescheduled to the week of May 15, 2006. On May 5, 2006 Kevin McHugh contacted Plaintiffs' counsel's office, indicated he is unavailable on May 9, 2006 for Andrew Rosenzweig's deposition and that the deposition be rescheduled to the week of May 15, 2006.

In light of the City of Providence's position that Tony Desmaris will not be made available for deposition on May 8, 2006, that Attorney McHugh is unavailable on May 9, 2006 for Andrew Rosenzweig's deposition, that City of Providence counsel has requested the depositions be continued to a date after May 15, 2006 and Chief Esserman's unavailability due to illness, Plaintiffs request their motion for extension be granted.

By the City's actions three key witnesses have been made unavailable until after May 15, 2006, the present due date for the plaintiffs' responses to the motions for summary judgment. Plaintiffs' counsel is placed on the horns of a dilemma: plaintiffs can demand the presence of the witnesses at depositions and force the witnesses and counsel to file emergency protective-order motions, or plaintiffs can accommodate the presumedly good-faith scheduling and medical problems presented by the City's attorney and seek additional time from this Court to complete the depositions and then prepare and file the responsive summary-judgment memoranda. Under the circumstances, and considering the minimal delay requested, at least for the depositions of Rosensweig and Desmerais, acceding to the scheduling and medical conflicts, postponing the depositions, and seeking the two-week extension to respond to the motions seems the proper professional response. Plaintiffs' counsel only hopes this does not prove out the aphorism that "no good deed goes unpunished."

The affidavit of Mark A. Fay, Esquire is attached hereto as exhibit B.

Plaintiffs
By their Attorneys;

Mark A. Fay #4208
MURPHY & FAY, LLP
127 Dorrance Street
Providence, RI 02903
401-490-3200 Tel.
401-490-3207 Fax

Carolyn A. Mannis #4275
170 Westminster Street, Suite 800
Providence, RI 02903
401-454-4466 Tel.
401-351-3914 Fax

**CERTIFICATION**

I hereby certify that I have this 8 day of May, 2006, mailed a copy of the foregoing, first class mail, postage prepaid to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima