UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et als.
vs. C.A. No. 2004-304S
URBANO PRIGNANO, JR., et als.

THOMAS C. CHMURA, et als.
vs. C.A. No. 2004-553S
URBANO PRIGNANO, JR., et als.

DEPOSITION OF ANTHONY DESMARAIS, a Witness in the above-entitled case, taken on behalf of the Plaintiffs, before Linda L. Guglielmo, RPR-RMR, a Notary Public in and for the State of Rhode Island, at the offices of the Murphy & Fay, LLP, 127 Dorrance Street, Providence, Rhode Island on May 24, 2006 at 2:00 P.M.

ALSO PRESENT: Manuel Vieira

ALLIED COURT REPORTERS, INC.
115 PHENIX AVENUE
CRANSTON, RHODE ISLAND 02920
(401) 946-5500

MR. SANTOPIETRO: Objection.
A. Yes.
Q. At some point did you receive some direction to remove the Total Recall system?
A. Yes.
Q. Who instructed you to remove the Total Recall system?
A. The Colonel.
Q. Colonel Esserman?
A. Yes.
Q. Did you speak with him directly or in the form of a memo; how did it come about?
A. It was in a meeting.
Q. Who was present at that meeting?
A. Manny Vieira, Joe Richardson, the Colonel, the deputy, a couple of majors were there, Major Loerenza, I think it was. There were another couple of majors there, I don't know what their names were. I don't know if it was Sullivan or who was there.
Q. What exactly did Colonel Esserman tell you to do?
A. Take the Total Recall out right now.
Q. Did he tell you why he wanted the Total Recall system out?
A. Just take it out.

Q. And there is no reference in this memo that calls generated out of the Public Safety Complex would in fact be recorded, correct?

A. Yes.

Q. I'm going to also ask you to look at Number 2, Plaintiffs' Exhibit Number 2, which refers to a meeting among Bob Nelson, Mr. Reposa and yourself; is that correct?

A. Yes.

Q. And there's a memo that apparently summarizes what was discussed at that meeting; is that correct?

A. Yes.

Q. And this memo was prepared by Mr. Reposa, right?

A. Yes.

Q. In this memo it indicates that station-to-station recording is unavailable to the Total Recall server; is that correct?

A. I don't know.

Q. Looking at that first bullet point, does it, in fact, indicate that station-to-station recording was, in fact, unavailable?

A. I don't see that on here.

Q. The first bullet point right under your name, it says, "Station-to-station recording is unavailable"?

A. Okay. Okay.
Q. So, the Total Recall server was incapable of recording station-to-station; is that correct?
MR. FAY: Objection.
A. Yes.
Q. In this memo it does not indicate that Mr. Vieira wanted any and all conversations into and out of the Public Safety Complex to be recorded, does it?
A. It says Total Recall records trunk lines, not individual stations.
Q. Right. It does not say it in this memo?
MR. FAY: Did you finish your answer?
THE WITNESS: No.
A. That means all the lines coming and going out of the building are recorded, not station-to-station.
Q. Right. Does it say in this memo that Mr. Vieira ordered those trunk lines to be recorded?
A. Yes.
Q. Where does it say that?
A. He's the one who brought this meeting together.
Q. I asked you, Mr. Desmarais, does it say in this memorandum, anywhere in this memorandum that Manuel Vieira directed that all of the lines into