UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * *

SEAN PATRICK, INC. C.A NO. 96-689 L

VS. PROVIDENCE, R.I.
24 APRIL 98

CITY OF PROVIDENCE, et al

* * * * * * * * * *

BEFORE HONORABLE CHIEF JUDGE RONALD R. LAGUEUX

APPEARANCES:

FOR THE PLAINTIFF: NEAL J. MC NAMARA, ESQ.
101 Dyer Street
Providence, RI, 02903
831-7854

FOR THE DEFENDANT: KEVIN F. MC HUGH, ESQ
City of Providence
100 Fountain Street
Providence, RI, 02903
421-7740 x329

Court Reporter: JOSEPH A. FONTES
One Exchange Terrace
Providence, RI 02903
401-273-0344

Proceeding reported and produced by computer-aided stenography

Exhibit G

24 APRIL 98

THE COURT: The plaintiff has sued the City of Providence, Vincent A. Cianci as Mayor of the City of Providence, and Urbano Prignano Jr. as Chief of Police of the City of Providence, therefore, this is an action against the City of Providence. There is no claim here of individual action.

It is necessary for a plaintiff to recover under 1983 against a municipality and its agents, acting as officials of that municipality, that the City has a policy to violate the constitutional rights of the plaintiff. The claimed policy here is that the Chief of Police decided to have a group of police officers stationed prominently at this nightclub, which had an entertainment license but not an adult entertainment license, and liquor licenses. There is no showing that the highest authority of the City of Providence had this policy. From all that appears, that policy was framed by the Chief of Police in response to a particular circumstance. He could be sued personally, if that is a constitutional violation. But the City cannot be sued for the actions of one of its officials unless it is shown that that was the City policy promulgated by its highest authorities, and the highest authorities in

the City of Providence are the City Council and Mayor. There is no showing of such a policy.

It appears from the limited evidence in this case that it was a policy for a limited period of time, initiated by the Chief of Police, and that does not make the City liable. There is no way the City can be held liable in this case as a matter of law.

Judgment will be entered for the three defendants. The Clerk will enter judgment for the defendants. We'll take a recess.

THE CLERK: All rise.

(R E C E S S)

C E R T I F I C A T I O N

I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Joseph A. Fontes

JOSEPH A. FONTES

May 15, 1998

Date