**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), hereby move in limine to exclude the testimony of Plaintiffs' expert witnesses.

The Municipal Defendants rely on the accompanying memorandum of law in support thereof.

Municipal Defendants,
By their Attorneys:

Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
/s/ Michael A. Calise

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Michael A. Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 16th day of August 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move in limine to exclude the testimony of Plaintiffs' expert witnesses.

Rule 26 of the Federal Rules of Civil Procedure in part provides:

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).
>
> Fed. R. Civ. Proc. 26 (a)(2)(B); Fed. R. Civ. Proc. 26 (a)(2)(C).

This Court, in its Amended Pretrial Order, dated June 6, 2005, ordered that Plaintiffs make their expert witness disclosures by January 30, 2006. See Amended Pretrial Order, attached as Exhibit 1. Additionally, the Court ordered that by March 14,

2006, a joint proposed scheduling order for expert disclosures be submitted. Id. Subsequently, the parties executed a stipulation, filed with this Court by Plaintiffs' counsel on July 14, 2006 and entered by this Court on July 17, 2006, allowing the Plaintiffs to file their expert reports on or before July 21, 2006. See Stipulation, attached as Exhibit 2. This Court also ordered that all factual discovery be closed by August 1, 2006. As of the date of this pleading, more than one year has passed since the latest of these deadlines, and no report has been provided to the Municipal Defendants on behalf of either of Plaintiffs' experts. It has also been more than one year since the Municipal Defendants cooperated in providing Plaintiff's expert access to the system at issue in this litigation. Plaintiffs' expert examined the system , ran software, and spent almost an entire day doing so. To date, no explanation has been given as to why no report has been provided. This is remarkable since the stipulation signed by counsel provided only one week from the date the stipulation was filed with the Court until the report was to be produced. Since the disclosure requirement under Fed. R. Civ. Proc. 26 (a)(2)(B) is not complete until the written report has been provided, Plaintiffs have failed to comply this Rule.

Where a party fails to comply with Rule 26, the testimony of the expert witness is properly excluded from trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. Proc. 37 (c)(1).

The First Circuit recently addressed this very issue. See Pena-Crespo v. Puerto Rico, 408 F.3d 10 (1st Cir. 2005). There, Plaintiff alleged she was subjected to a hostile

work environment on the basis of her national origin, and she brought an employment discrimination suit against her employer. Id. Defendant filed a motion in limine seeking to exclude the testimony of Plaintiff's expert witness, in part because Plaintiff failed to provide a written expert report satisfying the requirements of Fed.R.Civ.P. 26(a)(2)(B). Id. at 12. The motion was granted. Id. Nevertheless, after a bench trial, the District Court concluded that Plaintiff was subjected to a hostile work environment and awarded her damages. Id. Dissatisfied with the Court's calculation of damages, Plaintiff filed a motion to alter or amend the judgment, which the District Court denied. Id. After reviewing the District Court's decision to exclude expert testimony and its award of damages for an abuse of discretion, the First Circuit affirmed the District Court. Id.

More specifically, the First Circuit found that while Plaintiff timely disclosed the identity of their expert witness, Plaintiff failed to provide a written expert report in accordance with Fed.R.Civ.P. 26(a)(2)(B). Id. at 13. The Court noted that "[a] party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial." Id., citing Fed.R.Civ.P. 37(c)(1). The Court went on to explain that "failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial….Accordingly, 'district courts have broad discretion in meting out ... sanctions for Rule 26 violations ... [and the] [e]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a).'" Id. (internal quotation and citation omitted).

Further, the First Circuit went on describe how, in spite of the Plaintiff's submission of a series of documents consisting of her expert's psychiatric evaluation, his resume, and Plaintiff's medical records, such disclosures did not satisfy Rule 26(a), and therefore, the District Court did not abuse its discretion in excluding the witness from testifying as an expert at trial. Id. Here, in the approximately three years since this suit

was filed, and in the thirteen months since the disclosure was overdue, Plaintiffs have failed to provide Defendants with any materials even purporting to be their experts' reports. Rather, Plaintiffs, without any reason offered, and surely not with "substantial justification," completely disregarded the timetables set by this Court and extended by agreement of the parties. Fed.R.Civ.P. 37(c)(1). Expert witnesses' names are not enough; rather, "*each witness* must provide a written report containing the information required under Rule 26." Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir.2004) (emphasis added). Now, on the eve of trial, with no reports produced or explanation given by Plaintiffs, the Municipal Defendants seek to have this Court impose what the First Circuit has repeatedly called a "standard sanction for a violation of the duty of disclosure under Rule 26(a)," exclusion of Plaintiffs' experts' testimony. Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir.2002).

Even if this Court is not inclined to exclude Plaintiffs' experts' testimony for failure to comply with the Rules of Civil Procedure, this noncompliance leaves the Court and the parties unable to assess the witnesses' scientific opinion evidence. The Municipal Defendants also move to exclude Plaintiffs' experts' testimony pursuant to Rules 104, 702 and 703 of the Federal Rules of Evidence. See Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The Daubert test, as it is now commonly known, imposes upon this Court the obligation to serve as a "gatekeeper" for the proposed introduction of scientific opinion evidence. The Court's role is two-fold: (1) to insure that proposed experts are qualified to render the scientific opinion testimony they may proffer, and (2) to determine that proposed scientific testimony is both relevant and reliable. Daubert, 509 U.S. at 589-97. Where a party demonstrates evidentiary flaws in an opposing expert's proposed testimony, Daubert requires the Court to conduct, under Rule 104, a preliminary

assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether the reasoning or methodology properly can be applied to the facts in issue. Daubert, 509 U.S. at 593. Factors to be considered by the Court in making its preliminary assessment include: (1) whether the proffered knowledge can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and, (4) whether the theory or technique has gained general acceptance in the relevant scientific field. Daubert, 509 U.S. at 593-4.

Once this inquiry has been performed, the Court must undertake a second one; whether the proffered scientific evidence is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Daubert, 509 U.S. at 591. This test is essentially one of relevance.

Here, the Court should not make it to the second inquiry. Plaintiffs' failure to provide their experts' reports constitutes a failure to make a full disclosure, as discussed supra. This failure leaves the Court and the Defendants without any guide as to in what area Plaintiffs' witnesses purport to be experts. Properly, this information should be clearly presented in an expert report. The only information provided thus far was provided in the witnesses' curriculum vitae. See Plaintiffs' Expert Discovery Disclosures, attached as Exhibit 3. The issue that then arises is breadth of the experts' areas of expertise, as provided in their curriculum vitae. For each witness, there are at least 10 areas in which the witness claims to have specialized experience. It is therefore at this time impracticable, if not impossible, for the Defendants to brief the issues which would arise at a Daubert hearing, or for the Court properly to serve as a "gatekeeper." That is, Plaintiffs have failed (and under the Federal Rules of Civil Procedure, foreclosed their ability) to provide enough information for the Court to determine that the proposed scientific testimony is both relevant and reliable. Daubert, 509 U.S. at 589-97.

Plaintiffs' failure to comply with the Rules leaves the Defendants and the Court, in the twilight of pretrial litigation, with no way to assess adequately the purported expertise of these witnesses.

WHEREFORE, the Municipal Defendants pray that their motion in limine to exclude the testimony of Plaintiffs' expert witnesses be granted.

Municipal Defendants,
By their Attorneys:

Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
/s/ Michael A. Calise

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Michael A. Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 16th day of August 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh