**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MOTION FOR A PRETRIAL RULING ON DAMAGES**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move in limine for a pretrial ruling on the issue of damages.

The Municipal Defendants rely on the accompanying memorandum of law in support thereof.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this sixth day of September 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PRETRIAL RULING ON DAMAGES**

## I. Introduction

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move in limine for a pretrial ruling on the issue of damages. For purposes of the instant motion, the Municipal Defendants assume, *arguendo*, that there has been a finding of liability against the Defendants.

## II. Argument

### A. Recovery Under the Rhode Island Wiretapping Statute

Plaintiffs have sued under the Rhode Island wiretapping statute, R.I. Gen. Laws § 12-5.1-1 *et seq*. R.I. Gen. Laws § 12-5.1-13 provides, in pertinent part:

> Any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses the communications, and shall be entitled to recover from that person:
>
> (1) Actual damages, but not less than liquidated damages, computed at the rate of one hundred dollars ($100) per day for each day of violation, or one thousand dollars ($1,000), whichever is higher;
> (2) Punitive damages; and
> (3) Reasonable attorneys' fees and other litigation disbursements reasonably incurred.

The statutory damages provided in subsection (1) contain a simple computation, to be determined by the fact finder. As discussed *infra*, these liquidated damages differ (not simply in amount) from the rubric provided in the federal wiretapping act.

**B. Under the Federal Wiretapping Statute, the Court Has Discretion Not To Award Damages.**

The "Recovery of civil damages authorized" section of the federal wiretapping statute, 18 U.S.C. § 2520, in part provides:

> (b) Relief.--In an action under this section, appropriate relief includes--
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
> (2) damages under subsection (c) and punitive damages in appropriate cases; and
> (3) a reasonable attorney's fee and other litigation costs reasonably incurred.
> (c) Computation of damages.--(1) In an action under this section, if the conduct in violation of this chapter is the private viewing of a private satellite video communication that is not scrambled or encrypted or if the communication is a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the court shall assess damages as follows:
> (A) If the person who engaged in that conduct has not previously been enjoined under section 2511(5) and has not been found liable in a prior civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $50 and not more than $500.
> (B) If, on one prior occasion, the person who engaged in that conduct has been enjoined under section 2511(5) or has been found liable in a civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $100 and not more than $1000.
> (2) In any other action under this section, the court may assess as damages whichever is the greater of--
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

In what appears to be the most recent circuit court decision on this issue (one that has not been addressed by the First Circuit), DIRECTV, Inc. v. Brown, 371 F.3d 814

(11th Cir.2004), the Eleventh Circuit, in an opinion which parses the federal wiretapping act at length, adopted the view of three other courts of appeals and rejected the reading of one. It held that an award of damages under § 2520(c)(2) is discretionary:

> The Wiretap Act creates the following civil remedy:
> [A]ny person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished ... or shall be subject to suit....
>
> 18 U.S.C. § 2511(1)(a). The accompanying damages provision states,(a) In general.-Except as otherwise provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.
> ...
> (c) ...
> (2) In any other action under this section, the court may assess as damages whichever is the greater of-
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.
>
> 18 U.S.C. § 2520(c)(2) (emphasis added).
>
> …Section 2520(c)(2) grants a district court the authority to award liquidated damages with the term "may." "[T]he primary legal sense" of "may" is ordinarily "termed the 'permissive' or 'discretionary' sense." Black's Law Dictionary 993 (Deluxe 7th ed.1990). The words "the court may assess" appear clear enough to truncate our analysis, but the Supreme Court has explained that this language is not always determinative.
>
> "Although 'may' could be read as permissive ... the mere use of 'may' is not necessarily conclusive of congressional intent to provide for a permissive or discretionary authority." Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193, 198, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000). "The word 'may,' when used in a statute, usually implies some degree of discretion. This common-sense principle of statutory construction is by no means invariable, however, and can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute." United States v. Rodgers, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983); Black's Law Dictionary 993 ("In dozens of cases, courts have held may to be synonymous with shall or must, usually in an effort to effectuate legislative intent.")…

> Whether damages under section 2520(c)(2) are discretionary or mandatory is an issue that has divided our sister circuits. The Seventh Circuit was the first to address this issue, and it held that the language of section 2520(c)(2) requires trial courts to award damages to prevailing parties under the Wiretap Act. Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir.1990). The Seventh Circuit stated that the term "may" is "ambiguous" and "there is nothing in the legislative record explaining why Congress made the change from the word 'shall' to the word 'may.' In the absence of any such statement, we are hesitant to read a grant of discretion to the district courts where none had been permitted in the past." Rodgers, 910 F.2d at 448. Since then, the Fourth, Sixth, and Eighth Circuits have rejected this analysis and held that an award of damages under section 2520(c)(2) is discretionary based on the change in the plain language of section 2520(c)(2). Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir.1995); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir.1999); Reynolds v. Spears, [93 F.3d 428, 434 (8thCir.1996)].
>
> We agree with the perspective of the Fourth, Sixth, and Eighth Circuits that the decision of Congress to change the language of section 2520(c)(2) was deliberate. The use of the term "may" is plain and means that an award of damages under section 2520(c)(2) is discretionary. The contrary view of the Seventh Circuit is based on a method of statutory interpretation-a change in plain language is meaningless unless explained in legislative history-that appears to us backwards.
>
> DIRECTV, Inc. v. Brown, 371 F.3d at 816-818.

Thus, the Fourth, Sixth, Eighth, and Eleventh Circuits have held that "an award of damages under section 2520(c)(2) is discretionary based on the change in the plain language of section 2520(c)(2)," leaving only one circuit court with a contrary view.[1] Id.; see also Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1348 n 25 (M.D.Fla.,2003) ("By virtue of the Wiretap Act's use of the verb 'may,' the majority of courts considering the issue have concluded that an award of damages pursuant to 18 U.S.C. § 2520(c)(2) is discretionary, rather than mandatory." ) The reasoning of the DIRECTV, Inc. v. Brown Court applies in the present case, in that the same, unambiguous statutory language squarely addresses the issue of the court's discretion in awarding damages.

[1] The District of Connecticut shares the majority view, though it appears the Second Circuit has not addressed the issue. Romano v. Terdik, 939 F.Supp. 144, 149 (D.Conn.1996) ("[T]he court agrees with defendant that damages are not mandatory….").

**C. Many Courts Have Exercised Their Discretion and Declined To Award Damages.**

Several courts have decided not to award damages despite a finding of liability, and have been upheld in so doing. See generally Nalley, 53 F.3d at 653-654. There, the court "exercise[d] discretion [and did] not…make an award, [finding that defendant's] violation was *de minimis*, resulting in no financial loss to the plaintiffs and no profit to defendant." Id. There, as here, Plaintiffs suffered no actual damages. Id. at 654. "The district court concluded that making an award in these circumstances 'would serve no purpose,' " and the Fourth Circuit affirmed. Id. Parenthetically, the Nalley Court described the factors other courts[2] have used in deciding not to award damages:

> Reynolds v. Spears, 857 F.Supp. 1341, 1348 (W.D. Ark.1994) (relying on factors of no actual damage, a minor intrusion of privacy, the relative financial burdens on the parties, and a reasonable purpose for the disclosure to inform discretion not to make an award under § 2520(c)(2)). See also Shaver v. Shaver, 799 F.Supp. 576, 580 (E.D.N.C.1992) (relying on factors of de minimis violation, financial circumstances of the defendant, and the absence of any useful purpose for imposing statutory amount to justify denying damages).

Nalley, 53 F.3d at 654. Similarly, in Morford v. City of Omaha, 98 F.3d 398 (8th Cir.1996), the Eighth Circuit affirmed a district court's decision not to award damages under § 2520. The Court held that the District Court's reasoning was sufficient to award no damages:

> The court found Morford sustained no actual damages, and that the "privacy intrusion ... appears to have been relatively minor." The court concluded that those who may have played a part in the unlawful interceptions misunderstood the law and did not believe the pre-warrant testing was illegal. Further, according to the court, Car never intended to monitor for information, or to use in any way information gleaned from any conversations that may have been intercepted in the course of his testing of his equipment.
>
> …

[2] "Most courts have declined to award damages for *de minimis* violations of the wiretap statute." Directv, Inc. v. Griffin, 290 F.Supp.2d at 1348, quoting from Goodspeed v. Harman, 39 F.Supp.2d 787, 791 (N.D.Tex.1999).

> To those reasons we would add that the evidence shows Morford was recorded on only one day, two times at most, and for no more than ninety seconds total. There is no evidence that Car disclosed to anyone the substance of any conversation that he may have heard. Car was the officer assigned to handle only the technical aspects of the intercept. He was not a member of the task force investigating Apker and therefore was not privy to the details of the ongoing investigation. Car physically destroyed each tape by breaking it and ripping it out of the cassette as soon as he verified, by listening to a few seconds of the tape, that the recording equipment was operating properly. He clearly did not believe his actions were illegal and never tried to conceal the fact of his pre-warrant testing. Car's actions were part of an otherwise lawful investigation that resulted in the arrest and conviction of several individuals, including Morford, and the dissolution of a substantial conspiracy to distribute methamphetamine in the Omaha area.

Id. at 400-401(internal citations omitted). Here, many of these same factors apply, as will be evidenced during the course of trial.

**D. Plaintiffs Must Elect Under Which Statute They Might Recover.**

Plaintiffs have sued under both the state and federal wiretapping statutes. "It is…well accepted…that in cases where parallel claims are brought under both federal and state laws, and the damages recovered are duplicative, i.e., not segregated into separate federal and state components, a prevailing plaintiff is entitled to select the body of law under which the damages will be paid." Foley v. City of Lowell, Mass., 948 F.2d 10, 17 (1st Cir.1991), citing Doty v. Sewall, 908 F.2d 1053, 1063 (1st Cir.1990); Freeman v. Package Machinery Co., 865 F.2d 1331, 1345 (1st Cir.1988) ("In collecting the fruits of his victory, [plaintiff] was concededly entitled to only a single slice of the pie--but the choice of the slice was his."). Although the damages are not separated into separate federal and state components, there is an important distinction between the federal and state statutes: the Court has discretion to award damages under the federal statute, as discussed *supra*, while under the state statute, it is unclear. Further, this election may bear on the form and substance of the jury questionnaire. Defendants, in preparing their

proposed jury questionnaire, rightly should have the benefit of knowing under which statute Plaintiffs elect to recover. As such, Plaintiffs' election should be made prior to trial.

**E. Only the Number of Days During Which the Violation Occurred Is Relevant to the Calculation of Damages.**

Were Plaintiffs to be awarded damages, it should be done under the rubric described by the First Circuit. See Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 716 (1st.Cir.1999). There, the First Circuit held that Congress intended to permit recovery for the greater of the statutory minimum, $100.00 per day of violation or $10,000.00. The statute does not "permit recovery of multiple minimum statutory damages awards based on different types of violation." Id. at 716. Therefore, the number of calls recorded, their duration, and all other information, save for on how many days the calls were intercepted, are not relevant for purposes of calculating damages. Id. Since under both the federal statute and the state statute the only variable is the number of days of violation, the First Circuit's reasoning applies to both statutes.

**F. The Municipal Defendants Cannot Be Held Liable for Punitive Damages.**

It long has been established that municipalities are immune from punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 263 (1981) ("Given that municipal immunity from punitive damages was well established at common law by 1871, we proceed on the familiar assumption that Congress would have specifically so provided had it wished to abolish the doctrine.") (internal quotations and citations omitted). In City of Newport, the U.S. Supreme Court concluded "that the deterrence rationale of § 1983 does not justify making punitive damages available against municipalities." Id. at 268. Therefore, under both § 1983 and the wiretapping statutes at

issue, since there are no specific provisions abolishing the doctrine or providing for its inapplicability, punitive damages may not be imposed upon the Municipal Defendants.[3]

Even assuming a municipality may be liable for punitive damages, here, the conduct necessary to justify such an award did not occur. Plaintiffs must prove wanton, reckless, or malicious violation of wiretapping statute in order to warrant an award of punitive damages. See Menda Biton v. Menda, 812 F.Supp. 283 (D.Puerto Rico 1993); Jacobson v. Rose, 592 F.2d 515 (9thCir.1978). Plaintiffs have not alleged or pled the existence of these necessary factors, and they can point to no evidence which would support such allegations.

### G. Plaintiffs May Recover No More Than Nominal Damages from the Municipal Defendants Under § 1983.

Nominal, as opposed to compensatory, damages may be awarded when a civil rights plaintiff establishes a violation of due process rights but is unable to prove actual injury. Farrar v. Hobby, 506 U.S. 103 (1992). Here, since Plaintiffs are not seeking compensatory damages, and as discussed *supra*, may not recover punitive damages from the Municipal Defendants, Plaintiffs may recover only nominal damages from the Municipal Defendants under § 1983.[4]

[3] "The long history of exempting municipalities from punitive damages, the lack of an affirmative act by Congress in imposing such liability upon municipalities, and strong public policy considerations convince the Court that it is inappropriate to consider a punitive damages claim [against a municipality]." Lewis v. Village of Minerva, 934 F.Supp. 268 (N.D.Ohio 1996) (applying the reasoning of City of Newport in holding that municipalities are exempt from punitive damages under the federal wiretapping statute).

[4] "Doubtless 'the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights'…[f]or this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." Farrar, 506 U.S. at 112, quoting from Carey v. Piphus, 435 U.S. 247, 254, 264 (1978). In the instant matter, there admittedly was no actual injury.

## III. Conclusion

WHEREFORE, the Municipal Defendants pray that this Honorable Court issue its pretrial ruling on the issue of damages.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this sixth day of September 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh