**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO INCIDENTS AFTER THE DISCOVERY OF THE TOTAL RECALL SYSTEM**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move in limine, pursuant to Rules 401, 403, and 407 of the Federal Rules of Evidence, to exclude all evidence relating to incidents occurring after the discovery of the Total Recall System, including but not limited to:

- All of Dean Esserman's Orders
- All evidence of City of Providence investigations
- All evidence of the Rhode Island State Police Investigation, including, but not limited to, the Rhode Island State Police Report
- All evidence of the Providence Police Investigation
- All press relating to the Total Recall System, including but not limited to statements made at press conferences and newspaper articles
- All evidence relating to terminations of Mary Lennon, Joseph Richardson and Manuel Vieira
- All evidence relating to the new system implemented

The Municipal Defendants rely on the accompanying memorandum of law in support thereof.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 18th day of December 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO INCIDENTS AFTER THE DISCOVERY OF THE TOTAL RECALL SYSTEM**

## I. Introduction

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move in limine to exclude all evidence relating to the following, which hereafter will be referred to collectively as "post incident evidence":

- All of Dean Esserman's Orders
- All evidence of City of Providence investigations
- All evidence of the Rhode Island State Police Investigation, including, but not limited to, the Rhode Island State Police Report
- All evidence of the Providence Police Investigation
- All press relating to the Total Recall System, including but not limited to statements made at press conferences and newspaper articles
- All evidence relating to the terminations of Mary Lennon, Joseph Richardson and Manuel Vieira
- All evidence relating to the new system implemented

To recover under 18 U.S.C. § 1983, Plaintiffs must prove that a City of Providence policy or custom was created which violated Plaintiffs' constitutional rights through conduct directly causing the constitutional deprivation. See Walden v. City of Providence, 495 F.Supp.2d 245, 253 (D.R.I.2007) at 4, citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). For purposes of the instant motion, the Municipal

Defendants assume, *arguendo*, the existence of such a policy prior to the Total Recall System's removal. At issue is whether the events that transpired after the system was discovered and removed are relevant under §1983 or any of the other provisions from which Plaintiffs' claims flow, or if so, the admission of the same would be unduly or unfairly prejudicial to the Defendants. The Municipal Defendants posit that all post incident evidence is not relevant.

## II. Argument

### A. The Post Incident Evidence Is Not Relevant to the Existence of the Policy Before the Discovery of the Total Recall System.

"[A]ctions taken subsequent to an event are admissible if, and to the extent that, they provide reliable insight into the policy in force at the time of the incident." Foley v. City of Lowell, Mass., 948 F.2d 10, 14 (1st Cir.1991), citing Bordanaro v. McLeod, 871 F.2d 1151, 1167 (1st.Cir.1989) ("Post-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right."). However, the First Circuit has held that post-event evidence is *not* automatically admissible in "custom or policy" cases, but that "the question that must be asked when post-event evidence is proffered is whether the evidence sufficiently relates to the central occurrence."[1] Foley, 948 F.2d at 14, citing Sherrod v. Berry, 827 F.2d 195, 204-05 (7th

[1] Of note is the First Circuit's consideration of and reliance on Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir.1985), cert. denied, 480 U.S. 916 (1986), in adopting its view in Bordanaro. "The Grandstaff court emphasized that the police chief's failure to make changes in practice in the aftermath of this incident allowed an inference that the officers' actions were 'the way things are done and have been done in the City of Borger', and thus reflected city policy." Bordanaro, 871 F.2d at 1166 (internal citations and quotations omitted). Here, of course, "Police Chief Dean Esserman learned about Total Recall's existence and ordered it shut down." Walden, 495 F.Supp.2d at 250. Therefore, under the rubric of Grandstaff, Esserman's proactivity can neither

Cir.1987); United States v. Mena, 933 F.2d 19, 25 n. 5 (1st Cir.1991) ("events that occur after an offense has been perpetrated may be relevant in an assessment of what transpired at the earlier time").

In Foley, Michael Foley did not seek to introduce evidence of a change in policy (like the one that occurred in the instant matter), but rather sought to introduce evidence of similar police brutality incidents which occurred after the incident in question. That is, Foley dealt with incidents – not an explicit policy change – because at issue was the admission into evidence of several markedly similar post-event incidents of misconduct where there had been no intervening change in the police departments' routine policy of ignoring such incidents:

> At trial, the plaintiff endeavored to prove that his beating at the hands of Lamothe and his cohorts was not an isolated event, but rather, the product of a municipal policy and custom of studied indifference to the violation of constitutional rights by police officers. To this end, Foley presented a series of witnesses who laid various atrocities at the Department's doorstep…. The testimony suggested that the Department routinely ignored complaints about the use of excessive force.
>
> … We discern no such abuse in the court's conclusion that the Finnegan incident bore upon the policy in effect six months prior…(T) Foley and Finnegan vignettes had noticeable similarities. Indeed, the lack of restraint the police officers exhibited on both occasions itself suggested the existence of an official policy of tolerating imbrutage … The incidents occurred in fairly close temporal proximity. There was no evidence of any policy revision or other change in course during the subsequent interval. On the facts of this case, it was well within the trial court's discretion to conclude that the Finnegan incident was competent, if indirect, evidence of a preexisting municipal policy of indifference.
>
> Foley, 948 F.2d at 14-15.

---

reflect what the City's policy was nor can it support the drawing of an inference as to what the City's policy was.

Consequently, Foley did not rule that evidence of an explicit change in policy was admissible, but only that post event incidents - causally connected (and thereby relevant) to the incident giving rise to the alleged constitutional tort because they shared a similarity with that incident - may be admitted for the limited purpose of showing municipal policy.

Moreover, such evidence is admissible only where there is no intervening change in policy, because where there has been a change in policy the causal link between the post incident events and the incident giving rise to the alleged constitutional tort is broken. In the present case, the change in policy, from recording most lines into and out of the Providence Public Safety Complex (again, assumed for the sake of this motion) to the removal of the Total Recall System, is not admissible as a so-called "post-incident event" not only because it is not an "incident," but also because it represents a change in the policy and therefore cannot be causally connected to the incident giving rise to the alleged constitutional tort. Simply put, the evidence is not admissible because it is proscribed by Foley as evidence of a "policy revision or other change in course during the subsequent interval" between the commission of the alleged constitutional tort and the happening of the similar post event incidents. Any post incident evidence would serve only to unduly prejudice the Defendants and would not shed light on what the policy was prior to the Total Recall System's discovery and removal.[2] Under Foley, the relevancy of

[2] While "the subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy," Bordanaro, 871 F.2d at 1166 (internal citations omitted), the evidence the Municipal Defendants seek to exclude here is not of subsequent acceptance, but of subsequent rejection.

such evidence is staked in the illumination of the policy giving rise to the constitutional violation. Here, a fact finder would not be better informed as to what the policy had been if cognizant of what it became.

It is worth noting what the First Circuit found relevant in Bordanaro:

> The fact that all of these officers acted in concert is further evidence that there was a pre-existing practice of breaking down doors when apprehending felons. Absent such a norm, it is highly unlikely such unanimity of action could occur. While it is true that evidence of a single event alone cannot establish a municipal custom or policy, where other evidence of the policy has been presented and the "single incident" in question involves the concerted action of a large contingent of individual municipal employees, the event itself provides some proof of the existence of the underlying policy or custom.

Bordanaro, 871 F.2d at 1156-1157 (internal citations omitted). There, that the police practices were so widespread and demonstrated deliberate indifference evidenced the existence of a policy or custom. Here, the circumstances surrounding the policy change and the incidents subsequent to it shed no light on what the previous policy was or how it was implemented, but instead may actually serve to prejudice the Defendants unduly and unfairly. While the removal of the system may demonstrate disapproval of it, the perspectives and opinions of those involved in the system's removal do not bear on (nor do they tend to prove or to disprove) any element of any claim in this suit. Furthermore, the current chief of police's condemnation of the system and alleged "policies" of the former administration may bear heavily on jurors' minds and be precisely the type of evidence Rule 403's aim is to exclude: more prejudicial than relevant. A jury might conclude, solely on the basis of Dean Esserman's actions and statements, that the system and alleged policy were inherently unlawful.

**B. The Post Incident Evidence Is Not Admissible Under the Federal Rules of Evidence.**

Were Plaintiffs to argue that the evidence of a changed policy from the Total Recall System to a system which recorded only emergency lines is causally connected to the incident in question, then it is submitted that such evidence would constitute the highly prejudicial evidence of a subsequent remedial measure absolutely proscribed by Rule 407, which provides in part:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.

Federal Rules of Evidence Rule 407.[3] Further, Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Federal Rules of Evidence Rule 403. The probative value in admitting the post incident evidence in Bordanaro does not exist here, as the factors described by the First Circuit do not comport with the facts of the present case:

> As subsequent conduct may prove discriminatory motive in a prior employment decision, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and subsequent acts may tend to prove the nature of a prior conspiracy, see Anderson v. United States, 417 U.S. 211, 219, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974), so the subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy.

Here, there was no "subsequent acceptance of dangerous recklessness by the policymaker" since, as noted *supra*, "the Municipal Defendants adequately established

---

[3] Although Rule 407 of the Rhode Island Rules of Evidence allows for the admission of subsequent remedial measures, the Federal Rules of Evidence apply to this Federal Court case and proscribe its admission.

that the current police chief Dean Esserman shut down the recording system as soon as he discovered it was operational, thereby absolving him from liability as final policymaker." Walden, 495 F.Supp.2d at 258-259. In Bordanaro, the First Circuit affirmed the lower court's decision to admit the post incident evidence, noting that the court's "rationale was that this evidence would tend to show what customs or policies were in effect in the City of Everett before the date of the attack." Bordanaro, 871 F.2d at 1166. The First Circuit's rationale for admitting the post incident evidence in Bordonarao is lacking here; therefore, apply the same rubric in the present case leads to the opposite result, which is the exclusion of the post incident evidence.

The post incident evidence the Municipal Defendants here seek to exclude has no probative value and therefore is not relevant to Plaintiffs' claims. The dangers referenced in Rule 403 very well could come to fruition in this case, especially given the very public nature of some of the evidence at issue.

These rationales apply to all evidence the Municipal Defendants seek to exclude:

- All of Dean Esserman's Orders
- All evidence of City of Providence investigations
- All evidence of the Rhode Island State Police Investigation, including, but not limited to, the Rhode Island State Police Report
- All evidence of the Providence Police Investigation
- All press relating to the Total Recall System, including but not limited to statements made at press conferences and newspaper articles
- All evidence relating to terminations of Mary Lennon, Joseph Richardson and Manuel Vieira
- All evidence relating to the new system implemented

In line with the principles discussed *supra*, this Court ruled, in Young v. City of Providence, that evidence relating (and occurring subsequent) to changes in the Providence Police Department's mandatory firearm carrying policy be excluded, as this change in policy both was not relevant to the policy in place at the time of the incident at

issue in the suit and would have been unduly prejudicial to the Defendants in that the only logical conclusion to be drawn by the jury would have been that the original policy was defective.

### C. Even If the Post Incident Evidence Were Relevant in a §1983 Analysis, It May Not Be Admitted To Prove Any of Plaintiffs' Other Claims.

Even if this Court rejects the Municipal Defendants' arguments for the exclusion of the post incident evidence for purposes of the 42 U.S.C. §1983 claim, for all other claims, this evidence should be excluded. See id. at 1167. In Bordanaro, the trial judge was affirmed by the First Circuit for admitting the post incident evidence "solely as to the 42 U.S.C. §1983 cause of action," and for expressly foreclosing the jury from using it to find municipal liability under the Massachusetts Torts Claims Act. Id. The trial judge instructed:

> [The post-event incidents] are not admissible as relating to or not independently admissible as relating to the cause of that turmoil at that time, but they are admissible only insofar as they may illuminate for you the policies and attitudes of the administration of the City of Everett as it existed prior to July 22 and July 23, the theory being that there may be a continuity in municipal policy so that what happens after the event may cast some light on what the policy was prior to the event. Now that's the only purpose for which I am admitting this post July '82 evidence.

Id.

## III. Conclusion

WHEREFORE, the Municipal Defendants pray that their motion in limine to exclude the post incident evidence be granted.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 18th day of December 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh