**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATIVE TO CERTAIN DEFENSES RELATIVE TO ALL DEFENDANTS**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to Plaintiff's Motion in Limine To Exclude Testimony and Evidence Relative to Certain Defenses Relative to All Defendants.

In support of their objection, the Municipal Defendants rely upon the attached memorandum of law.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 11th day of January 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATIVE TO CERTAIN DEFENSES RELATIVE TO ALL DEFENDANTS**

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), have objected to Plaintiffs' motion in limine to exclude all evidence whether testimonial or documentary in nature relative to certain defenses. The Municipal Defendants submit this memorandum of law in support of their objection.

Plaintiffs seek to exclude all evidence with respect the following defenses:

1. governmental ordinary course of business exemption/privilege
2. common carrier installation exemption/privilege
3. public safety exemption/privilege
4. no reasonable expectation of privacy in the use of work place telephones
5. no expectation of privacy
6. any other defense raised or reserved that would require expert testimony

As grounds, Plaintiffs have relied upon a stipulation entered by the parties that the Defendants would call no expert witnesses at trial. Plaintiffs have failed, however, to cite

any authority, or even to articulate any reason, as to why the items referenced in their motion, listed *supra*, can be supported only by expert testimony. Plaintiffs seek to exclude all evidence, and not merely expert testimony, which relates to these items. Plaintiffs' bald assertion is not supported in law and therefore Plaintiffs' motion should be denied.

With regard to No. 1, "governmental ordinary course of business exemption/privilege," testimony from law enforcement agents as to how recordings of telephone calls are used in responding to emergencies, for example, could be offered without such witness being qualified as an expert. With regard to No. 4, "no reasonable expectation of privacy in the use of work place telephones," policies from the Providence Police Department or other places of employment which relate to the use of company phones for private calls could be offered without the need for expert testimony. This example also applies to #5, "no expectation of privacy."

More generally, an "ordinary course" defense, or other defenses, may be supported by other forms of evidence, not just expert testimony.

> To record all calls to and from a police department is…a routine police practice. If "ordinary course" of law enforcement includes anything, it includes that. The sparsity of case law on the question suggests not that the principle is dubious but that it is too obvious to have incited many challenges.

Amati v. City of Woodstock, 176 F.3d 952, 955 -956 (7thCir.1999) (internal citations omitted). In establishing evidentiary support for the defense described in Amati, the Defendants are not limited to the testimony of expert witnesses. For example, a police officer could testify that all lines were recorded and describe the purpose for the recording. Whether this evidence would be sufficiently compelling to warrant application of the defense is a separate inquiry. At issue here, however, merely is

whether the Defendants should, as urged by the Plaintiffs, be precluded from evidencing the application of defenses by means other than expert testimony.

In Amati, the Seventh Circuit found that, in spite of the taping being a prima facie violation of 18 U.S.C. § 2511(1), the taping came within the statutory exclusion of eavesdropping. Id. at 955. "Such calls may constitute vital evidence or leads to evidence, and monitoring them is also necessary for evaluating the speed and adequacy of the response of the police to tips, complaints, and calls for emergency assistance." Id. To establish that considerations such as these motivated the installation of the recording system in the instant case, testimony as to facts, and not an expert's opinion, may be needed.

Furthermore, since an exception for eavesdropping "by an investigative or law enforcement officer in the ordinary course of his duties" is carved out pursuant to 18 U.S.C. § 2510(5)(a)(ii), testimony as to what are a law enforcement officer's ordinary duties rightly should be given by a law enforcement officer.

The Defendants may also avoid liability under the "consent exception." Under 18 U.S.C. § 2511(2)(c), a person is permitted to intercept communications "where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." This consent can be implied. Walden v. City of Providence, 495 F.Supp.2d 245, 262 (D.R.I.2007), citing from United States v. Lanoue, 71 F.3d 966, 981 (1st Cir.1995) abrogated on other grounds by United States v. Watts, 519 U.S. 148, (1997). Thus, evidence of notice to Plaintiffs of the recording may support defenses raised by the Defendants, though it seems Plaintiffs are positing that

only expert testimony could suffice. Plaintiffs have offered no support for their contentions that the items listed in their motion are supportable only by expert testimony.

WHEREFORE, the Municipal Defendants request that this Honorable Court sustain their objection and deny Plaintiffs' Motion in Limine.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 11th day of January 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh