**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO INCIDENTS AFTER THE DISCOVERY OF THE TOTAL RECALL SYSTEM**

## I. Introduction.

Plaintiffs in the above captioned matter, object to Defendants' motion in limine to exclude all evidence Defendants have termed "post incident evidence" on a number of grounds. As a threshold issue the motion is inappropriate as it suggests the Court should exclude probative evidence *in toto* outside the context of trial without consideration for what purposes the evidence would be proffered. Moreover, contrary to Defendants' arguments, there is sufficient precedent for admission of the evidence Defendants attempt to shield in their motion in limine.

Therefore, Plaintiffs vigorously argue that whether evidence is admissible should be reserved to the discretion of the court at the time of trial.

## II. <u>Defendants Base their Argument on Incorrect Suppositions.</u>

Defendants assert evidence of "post incident" events cannot be introduced to establish that the municipality maintained a "custom and practice" of violating the federal rights of individuals. Defendants' reliance on ***Foley v. City of Lowell, Mass.,*** 948 F.2d 10 (1st Cir. 1989) clearly suggests Defendants are operating on incorrect suppositions. Defendants argue the "First Circuit has held that post-event evidence is not automatically admissible in 'custom and policy' cases" and that "***Foley*** did not rule that evidence of an explicit change in policy was admissible, but only that post event incidents . . . may be admitted for the limited purpose of showing municipal policy." Defendants' analysis is wrong-headed and narrow in that Plaintiffs are not necessarily suggesting introduction of the disputed evidence for these purposes.

As this Court has already held, "a jury could find the installation and operation of the Total Recall system constituted a policy of the City of recording calls." ***Walden v. Providence,*** 495 F.Supp. 2d 245, 259 (D.C. R.I. 2007). Furthermore, as Defendants' brief considered "worth noting" was the First Circuit's position in ***Bordanaro v. McLeod,*** 871 F.2d 1151, 1156-157:

> While it is true that evidence of a single event alone cannot establish a municipal custom or policy, where other evidence of the policy has been presented and the "single incident" in question involves the concerted action of a large contingent of individual municipal employees, ***the event itself provides some proof of the existence of the underlying policy or custom.*** (Emphasis supplied.)

The breadth of involvement by the municipality as well as the municipal employees in this matter, coupled with the length of time Plaintiffs' rights were violated, clearly sets forth the "custom and policy" of the municipality to tolerate civil rights violations. Therefore, Defendants' argument that the disputed evidence cannot be admitted to prove "custom and policy" is narrow,

based on presumption and not germane to this dispute. Thus, this Court should reject the Defendants' request and reserve such rulings until the time of Trial.

## III. Investigative Reports are Admissible in § 1983 Civil Rights Actions.

Defendants seek to exclude, *inter alia,* evidence of investigations of the City of Providence, Rhode Island State Police and the Providence Police Investigation. However, a number of courts have found that reports on systemic government issues may be highly probative on the issue of municipal liability. ***Gentile v. County of Suffolk,*** 129 F.R.D. 435 (E.D.N.Y. 1990); *see also* **Wilson v. Beebe,** 743 F.2d 343 (6th Cir. 1984); ***Perrin v. Anderson,*** 784 F.2d 1040 (10th Cir. 1986).

Moreover, Congress found overall that governmental investigatory reports are sufficiently reliable to justify the creation of a specific hearsay exception for them. Rule 803(8)(C) of the Federal Rules of Evidence creates a hearsay exception "in civil action and proceedings and against the Government in criminal cases" for public records containing "factual findings resulting from an investigation made pursuant to authority granted by law unless the sources of information or other circumstances indicate lack of trustworthiness." Surely, the Defendants are not suggesting that the investigations undertaken by the State Police and the City itself lack trustworthiness.

In fact, in ***Gentile v. County of Suffolk,*** **supra**, the leading case with respect to the admission of investigatory reports to prove municipal liability, the plaintiffs sought relief against individual police officers and the county. The plaintiffs in that case alleged that the county police department and the district attorney's office were refusing to seriously investigate police and prosecutorial misconduct. The court's opinion contains a comprehensive analysis of most of the evidentiary aspects of investigatory reports, including their trustworthiness. Ultimately, the

Second Circuit upheld the District Court's admission of the report of the New York State Temporary Commission of Investigation of the Suffolk County District Attorney's Office and Police Department, the so-called SIC Report. *See* **Gentile v. County of Suffolk**, 926 F.2d 142 (2d Cir. 1991). The report concluded these officers tolerated and ratified police and prosecutorial misconduct. In finding the SIC Report trustworthy, the court considered the timeliness of the investigation, the special skills, experience, and expertise of the investigators, the procedures employed, the nonpartisan makeup of the Commission, which belied charges of bias, and the report's finality. Significantly, the court found that, given the evidentiary difficulties in proving a municipal "custom or practice," admitting the report furthered the policies of §1983.

Likewise in the instant matter, excluding these reports without allowing this Court to conduct an analysis of their trustworthiness would be a travesty of justice. Because these reports are trustworthy, the reports also satisfy Rule 403. Consideration should also be given to the special public interest in §1983 civil rights actions that all of the relevant, reliable evidence be considered by the trier of fact. Therefore, Plaintiffs respectfully suggest that this Court should reject Defendants' Motion in Limine.

## III. <u>Rule 407 Prohibits Only those Measures taken that "Would have Made the Injury or Harm Less Likely to Occur."</u>

Defendants argue the disputed evidence constitutes "the highly prejudicial evidence of a subsequent remedial measure absolutely proscribed by Rule 407." However, remedial measures inadmissible by Rule 407 are measures that are taken that "*would have made the injury or harm less likely to occur.*" This issue of admissibility has arisen in a number of federal court decisions, including several §1983 actions. The weight of authority holds documents prepared under

government compulsion are clearly outside the scope of Rule 407. *See* ***Prentiss & Carlisle Co. v. Koehring-Waterous Div. of Timberjack, Inc.,*** 972 F.2d 6 (1st Cir. 1992) ***Benitez-Allende v. Alcan Aluminio do Brasil,*** 857 F.2d 26 (1st Cir. 1988) *cert. denied,* 489 U.S. 1018 (1989); ***Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron***, 805 F.2d 907 (10th Cir. 1986); ***Wilson v. Beebe,*** 770 F.2d 578 (6th Cir. 1985), ***Westmoreland v. CBS,*** 601 F. Supp. 66 (S.D.N.Y. 1984); ***Contra Alimenta, Inc. v. Stauffer,*** 598 F. Supp. 934 (N.D. Ga. 1984). However, report references to remedial measures under taken by the party charged with wrongdoing fall within the ambit of the Rule.

The Tenth Circuit in ***Rocky Mountain Helicopters v. Bell Helicopters Textron,*** **supra,** explained why investigations, studies, and reports are not remedial measures under Rule 407. The case arose out of a fatal helicopter accident brought against the manufacturer of the helicopter. In rejecting the defendant's argument that the post-helicopter accident study was a remedial measure that should have been excluded, the circuit court stated:

> It would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports. It might be possible in rare situations to characterize such reports as 'measures' which, if conducted previously, would reduce the likelihood of the occurrence. Yet it is usually sounder to recognize that such tests are conducted for the purpose of investigating the occurrence to discover what might have gone wrong or right. Remedial measures are those actions taken to remedy any flaws or failures indicated by the test.
>
> * * *
>
> We believe that the policy considerations that underlie Rule 407, such as encouraging remedial measures, are not as vigorously implicated where investigative tests and reports are concerned. To the extent that such policy concerns are implicated, they are outweighed by . . . the danger of depriving "injured claimants of one of the best and most accurate sources of evidence and information.

*Id.* at 918-919.

In ***Wilson v. Beebe***, **supra**, a § 1983 case arising out of a state trooper's shooting of the plaintiff, the Sixth Circuit upheld the District Court's admitting a memorandum written after the shooting by the trooper's district commander detailing the events leading to the shooting, and concluding that the trooper acted contrary to his training in attempting to handcuff the suspect while holding a cocked weapon. The court reasoned "[t]he report was an official inter-office communication required by a standing departmental order" that met the hearsay exception for public records. Furthermore, the Court in **Wilson** rejected the Defendants' argument that the report should have been excluded pursuant to Rule 407. It found that the argument had no merit because "[t]he report did not recommend a change in procedures following the shooting; it was a report of that incident and nothing more." *Id.* at 590. The same is true in the instant case.

Clearly there are a number of exceptions to Rule 407. In some cases, proof of the subsequent measure is admissible to prove a condition prior to the accident. Evidence of subsequent remedial measures may also be admitted to prove elements of a negligence cause of action other than fault; for example, to show the existence of a duty of care, or proximate cause or damages. Rule 407 requires exclusion only when the evidence is offered to prove breach of duty — it is not applicable to other elements of a negligence claim. Wright, 23 Fed. Prac. & Proc. Evid. § 5290.

In the present case, the evidence when proffered by Plaintiffs must be analyzed by the Trial Judge taking into account legal precedent, analysis of other Courts and the purpose for which the evidence is offered. It defies logic to exclude this evidence at the eve of trial without the benefit of facts developed through trial. Simply put, not all "post incident evidence" is necessarily a remedial measure. Moreover, there are many exceptions to the rule of exclusion as

acknowledged by the Defendants in their memoranda. Thus, any rulings with respect to admissibility should be made at the appropriate time at Trial when the evidence is offered.

## IV. The Admissibility of Evidence must be Evaluated with Respect to the Purpose of the Proffer at the Time of Trial.

Besides the investigatory reports, Defendants attempt to exclude other sources of evidence in their motion in limine. However, it would be an abuse of this Court's exercise of discretion to exclude such evidence at this time as the Court has not been given any indication for what purpose the introduction of the evidence would serve. Moreover, the Defendants have not detailed with sufficient specificity the evidence they are seeking to exclude which would allow the Court to make its analysis.

For instance, admittedly newspaper articles are generally inadmissible at trial; however, a newspaper article may be admitted to prove an admission by a party under Rule 801(d)(2)(A). Likewise, evidence relating to the new system implementation, although a remedial measure, would be admissible as evidence of a prior condition, or for purposes of "proving ownership, control, or feasibility of precautionary measures" in accord with the limitations of Rule 407. Newspaper articles may also prove when particular plaintiffs first became aware that their calls were being recorded. Such evidence would prove notice, an exception to the hearsay rule.

In sum, none of the "post incident evidence" should be precluded. In an effort to preserve the confidentiality of trial strategy, Plaintiffs have yet to fully disclose the purposes for utilizing such evidence. In fact, plaintiffs believe that this Motion is an attempt to force Plaintiffs to disclose trial strategy which is privileged pursuant to the work product doctrine. It would be an abuse of discretion for this Court to rule to limit the evidence based on Defendants' arguments.

Only at the time of trial when Plaintiffs proffer the evidence should the Court's discretion be exercised.

## V. **Conclusion.**

For the foregoing reasons, Plaintiffs respectfully urge this Court to deny Defendants' motion in limine to exclude "post incident evidence." For to grant the motion would be premature depriving the Court of the judicial balancing of the purposes and prejudicial aspects, if any, of the evidence within the context of trial.

Plaintiffs

By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002
(401) 274-0175 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of January, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay