**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION IN LIMINE TO RESTRICT THE TESTIMONY OF THE PLAINTIFFS' EXPERT WITNESS, WILLIAM F. ODOM III**

Now come the Municipal Defendants in the above-entitled matter and move to restrict the Plaintiffs' expert, William F. Odom III's, testimony to what is contained in his report. Defendants rely on their accompanying Memorandum of Law in support thereof.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 14th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO RESTRICT THE TESTIMONY OF THE PLAINTIFFS' EXPERT WITNESS, WILLIAM F. ODOM III**

The Defendants have filed this Motion out of an abundance of caution to ensure that Plaintiffs' expert does not testify beyond the confines of his report. This Motion is tentative in nature. It depends upon the scope of the testimony the Plaintiffs will attempt to elicit from their expert, William F. Odem, III.

Rule 26(a)(2) of the Federal Rules of Civil Procedure require pretrial disclosure of expert reports. In this case, the Plaintiffs' expert's report deals with an analysis of the Total Recall System. The report is 1 ¼ pages long, a copy is attached as Exhibit "A". The first half page deals with the expert's qualifications and what he has been retained for.

In his report on the first page under the heading "Opinion of Analysis of Total Recall System," Mr. Odem opines that all extension (sic) on Exhibit "A" were recorded by the Total Recall System, as well as additional extensions not listed on Exhibit "A". He also provided a list of extensions from Exhibit "B" that were removed from the recording system.

In his deposition Mr. Odem identified the other extensions as 2090 and 6090 (Depo. p. 68).

These extensions could have been included in his report. He knew of these extensions when he did his report, but for some reason did not include them. Those are the only extensions that are the subject of "additional extensions not in Exhibit 'A'."

The Defendants' position, based on Mr. Odom's deposition testimony, is essentially the following:

> 1. He should not be allowed to testify as to the additional extensions, specifically 2090 and 6090.
>
> 2. He should not be allowed to testify as to the number 861-0053 because he testified that number without the extensions 2090 and 6090.
>
> 3. He should only be allowed to testify as to the extensions contained in Exhibits "A" and "B."

The Defendants expect that the Plaintiffs will argue that because the deposition of Mr. Odom was taken, any omission in his report are cured. This specific question is addressed in <u>Moore's Federal Practice.</u> The commentary states:

> If an expert discusses the omitted opinion in the course of the expert's deposition, that will often operate to satisfy Rule 26(e)(1) and prevent exclusion under Rule 37(c)(1), . . . . However, the mere fact that an expert's deposition is taken and the opposing party has the opportunity to inquire into opinions omitted from the expert's report - but does not in fact do so - will not cure the omission in the report. The omitted opinion will, in these circumstances, usually be excluded under Rule 37 (c)(1) unless the proponent can show substantial justification or harmless error. [Footnote omitted].

6 <u>Moore's Federal Practice</u> § 26.23 at p. 27-73 (Matthew Bender 3ed).

**<u>Summary of Deposition Testimony</u>**

Mr. Odom testified that the two extensions that were recorded that were not on Exhibit A were extensions 2090 and 6090. Those are the two extensions referenced to in the last sentence on that last paragraph in that first paragraph of his report.

Q. Now, you also say in that last sentence on this page, "I was able to verify that all extensions on Exhibit A were recorded by the Total Recall systems, as well as additional extensions not listed in Exhibit A.. What are these additional extensions that you're talking about that are not listed in Exhibit A?

A. There are two extensions specifically that were recorded that were not on Exhibit A, extension 2090 and extension 6090.

Deposition, p.68, lines 16-25.

Q. 2090 and –

A. 6090. 2090 and 6090.

Q. Let me have this straight. Two extensions, 2090?

A. Yes.

Q. What's the other one?

A. 6090

Q. So, those are the other extensions that you're referring to in the last sentence on that last paragraph on that first page of your report?

A. Yes, sir.

Q. Those are the only ones?

A. Yes, sir.

Deposition, p. 69, lines 1-12.

He also testified that they were used for another number, 861-0053..

Q. And this number 861-0053, is that what you said?

A. Correct.

Q. Do you know what that number is?

A. I do, that's the number that has been identified as the private line for the firemen.

> Q. Okay. In which station, do you know?
>
> A. I do not.

Deposition, p. 70, lines 1-7.

Mr. Odom testified that he established this through queries in the database itself.

> Q. How did you find these other two extensions that you just referred to, 2090 and 6090?
>
> A. It was through the queries in the database itself. The first is where I talked about that I located all of the extensions inside of the database and did a correlation with the extensions on the list on Exhibit A and that these extensions were listed and recorded but not -- were not added to or were not part of Exhibit A. So that was the first way I located them.
>
> Q. Okay. And again, you don't know what this 2090 is?
>
> A. Specifically, no. I believe that it's associated with that 6090.

Deposition, p. 70, lines 8-25.

Odom also testified that based on a multiple-step process, he was able to determine that 861-0053 and 6090 are the same lines.

> Q. But I want to make sure I understand this correctly. Are you saying that extension 6090 and 861-0053 are the same line?
>
> A. That is my opinion, yes.

Deposition, p. 84, lines 17-20.

**Argument and Conclusion**

The Defendants' argument is simply that the record doesn't provide a basis for any opinion by Mr. Odom as to any extension but those on Exhibits A and B. That is to say, the report never identified these two additional extensions even though the expert knew they existed when he drafted his report.

For all of these reasons, the Defendants ask that their Motion in Limine be granted.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 14th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh