UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**PRE-TRIAL MEMORANDUM OF DEFENDANT MARY LENNON**

Defendant Mary Lennon ("Lennon") hereby submits her pretrial memorandum in the within case in response to the Amended Pretrial Order of this Court dated June 6, 2005.

## I. DEFENSES

(a) The complaints alleged that Lennon violated several Federal and Rhode Island constitutional provisions and statutes, including the Fourth Amendment of the United States Constitution, by "using, installing and maintaining the Total Recall system." Plaintiffs have to date provided no evidence that Lennon was involved in any way in the procurement or installation of the Total Recall System. Lennon's use of the system was limited to working with Police Department emergency lines, and the evidence indicates that she only listened to recorded conversations from emergency lines. Since she did not record or listen to any conversations on non-emergency lines, her conduct did not deprive Plaintiffs of any statutory or constitutional rights which Plaintiffs may have possessed. More importantly, Plaintiffs have provided no

evidence indicating who among them used certain telephone lines or when they were used, and therefore cannot prove that any of their conversations were actually monitored and/or recorded.

(b) Lennon is not liable for damages as she is protected by the doctrine of qualified immunity. Her actions in working with the Total Recall system did not violate clearly established statutory or constitutional rights of which a reasonable person should have been aware.

## II. WITNESSES

(a) Mary Lennon.

(b) Joseph Richardson, Former Deputy Director of the City of Providence Department of Communications. Mr. Richardson is expected to testify as to Mary Lennon's duties and responsibilities at the City of Providence Department of Communications, as well as her knowledge and use of the Total Recall system.

(c) Greg Haroian, Technician at the City of Providence Department of Communications. Mr. Haroian is expected to testify as to Mary Lennon's knowledge and use of the Total Recall System.

(d) Anthony Desmarais, Technician at the City of Providence Department of Communications. Mr. Desmarais is expected to testify as to Mary Lennon's knowledge and use of the Total Recall System.

None of the above individuals are expert witnesses.

Lennon reserves the right to call additional witnesses as necessary during trial to provide rebuttal testimony.

## III. MEMORANDUM OF LAW

**Statement of Facts**

Lennon was initially employed by the City of Providence in 1996, and worked in the Department of Communications from 1999 to 2003. Her duties in the Department of Communications included preparing payroll records, scheduling and the oversight of the Police Department Control Center. The Department of Communications originally utilized a "Dictaphone" system to record emergency calls coming into the Providence Police and Fire Departments. The City of Providence decided to procure and install an additional system to record emergency lines and accepted bids for the same. In July, 2002 the City installed the new recording system known as the Total Recall system.

The purpose of the Total Recall system was to record emergency lines and to have a records management system in place. Late in 2002 members of the Fire Department inquired as to whether conversations on certain non-emergency phone lines were being recorded by the Total Recall system. Word of these alleged recordings eventually reached Dean Esserman, Chief of Police, who convened meetings on this subject in early 2003. Esserman ordered the Total Recall system to be taken off line at that time, and requested that the Rhode Island State Police conduct an investigation into this matter. This investigation resulted in a finding of no criminal wrongdoing.

Plaintiffs subsequently brought the within actions against the City of Providence and several individuals, naming Lennon as a Defendant both individually and in her former official capacity as Chief of Operations of the Department of Communications. In both complaints Plaintiffs claimed that Lennon violated numerous Federal and Rhode Island constitutional

provisions and laws, including the Fourth Amendment of the United States Constitution, by using, installing and maintaining the Total Recall system.

**A. §1983 Claim**

Plaintiffs allege in their complaint that by installing and maintaining the Total Recall system Lennon violated Plaintiffs' civil rights under 42 U.S.C. §1983. The burden of proof in a §1983 claim is on Plaintiffs to show that (i) they were deprived of a federal constitutional right, and (ii) Lennon's conduct was the proximate cause of Plaintiff's injuries. Rodriguez-Cirilo v. Garcia, 115 F.3d 50 (1st Cir. 1997). Such conduct may be either direct or through the creation of a policy under which unconstitutional practices occurred. Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

Lennon was sued individually and in her former official capacity as Chief of Operations. It has been held that in claims brought under 42 U.S.C. §1983, supervisory liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the Plaintiffs rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

**B. Fourth Amendment**

Plaintiffs allege in their complaint that by installing and maintaining the Total Recall system Lennon "violated Plaintiffs' constitutionally protected Fourth Amendment right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

Plaintiffs must establish that they possessed a justifiable, reasonable, or legitimate expectation of privacy in the thing alleged to have been invaded by proving "first, that [the Plaintiff] exhibited an actual (subjective) expectation of privacy and, second, that the expectations be one that society is

prepared to recognize as 'reasonable." Smith v. Maryland, 442 U.S. 735, 740 (1979). Determining whether the expectation is reasonable requires a balancing of the need for the search against the level of intrusion of personal rights. Consequently, a court must weigh "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place which it is conducted. Bell v. Wolfish 441 U.S. 520, 559 (1979). Determining the subjective component of the test requires only an inquiry into the complainant's state of mind. See Vega Rodriques v. Puerto Rico Tel. Co. 110 F.3d 174, 178 (1st Cir. 1971).

It has been held that "Listening to a telephone conversation on an extension, with the consent of one party, does not violate the rights of another party under the Fourth Amendment." United States v. Miller, 720 F.2d 229, 228 (1st Cir. 1987). See also Vega-Rodriques, 110 F.3d at 180 n.4 (observing that notice "bears heavily on both the subjective and objective reasonableness of an employee's expectation of privacy"). Consent is an important factor because it significantly reduces the effect and scope of the intrusion. "The surreptitious recording of unprivileged but private calls, if proven does not as a matter of law involve an invasion of privacy that far outweighs Defendants proffered justifications." Miller. 720 F.2d at 228.

**C. Claims Under 18 U.S.C. §2510**

Plaintiffs also brought a cause of action against Lennon under Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §2510, et.seq. ("Title III"). In order to prove liability under this count Plaintiffs must prove that (i) they had an expectation that their oral communications were not subject to interception, and (ii) Lennon intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept, any

wire, oral or electronic communication. Anderson v. City of Columbus, Georgia, 374 F.Supp.2d, 1240, 1244 (M.D. Ga. 2005).

An exception to liability under Title III exists for any communications intercepted where one of the parties to the communication has given prior consent to the interception. United States v. Lanoue, 71 F.3d 966, 981 (1st Cr. 1995). There is also no violation of Title III for telephone communications used by an investigative or law enforcement officer in the ordinary course of his or her duties. It has been held that the recording of all calls to and from a police department was within the ordinary course of law enforcement duties. Amati v. City of Woodstock, 176 F.3d 952 (7th Cir. 1999).

**D. Damages**

Through their pleadings and other filings, Plaintiffs have indicated that they are seeking compensatory damages as well as statutory damages under the Federal Wiretap Act. An award of statutory damages requires proof that Plaintiffs made calls on non-emergency lines that may have been recorded. Even if it is determined that Lennon unintentionally violated the Federal Wiretap Act, this Court has ruled that an award of damages under §18 U.S.C. 2520 (c)(2) is discretionary. See DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004).

Plaintiffs are apparently not seeking compensatory damages under §1983. Even if awarded nominal damages, however, they are also requesting that punitive damages and attorneys fees be assessed against Lennon. Punitive damages are only available in a §1983 action where "Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461

U.S. 30, 56 (1983). Attorney's fees may be awarded under the Federal Wiretap Act "where appropriate."

**E. State Law Claims**

Under R.I.G.L. § 9-1-28.1, in order to establish a violation of a right to privacy, Plaintiffs must show that the Defendants engaged in "an invasion of something that is entitled to be private or would be expected to be private," and the invasion must have been "offensive or objectionable to a reasonable man." This requires both a subjective and objectively reasonable expectation of privacy. Pontbriand v. Sundlun, 699 A.2d 856 (R.I. 1997). Plaintiffs must prove they had a subjective or objectively reasonable expectation of privacy in their telephone calls into and out of the Public Safety Complex. Under this statute, for Plaintiffs to prove that the "right to be secure from publicity that reasonably places another in a false light before the public" was violated, they must have alleged and proved that "[t]here has been some publication of a false or fictitious fact which implies an association which does not exist", and that "[t]he association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances."

The Rhode Island wiretap statute, R.I.G.L. §12-5.1-1, provides that "any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses the communications." R.I.G.L. §12-5.1-13. Thus, a cause of action will only exist where an interception is made in violation of §12-5.1-1 et seq. The Rhode Island Supreme Court has held that the authority of Title III extends to both federal and state courts. State v. Delaurier, 488 A.2d

688 (R.I. 1985). To prevail on their count under R.I.G.L. §12-5.1-1, therefore, Plaintiffs must prove that their private telephone conversations were intentionally intercepted by Lennon.

R.I.G.L. §11-35-21 makes it punishable for any person to "willfully intercept, attempt to intercept, or procure any other person to intercept or attempt to intercept, any wire, electronic, or oral communication." Plaintiffs must prove that the Defendants deliberately or intentionally intercepted the Plaintiffs' telephone calls allegedly made on non-emergency lines.

## IV. EXHIBITS

No exhibits will be introduced by Lennon at trial.

## V. MOTIONS IN LIMINE

(a) There are presently before this Court (i) Defendants' Motion in Limine to exclude all evidence relating to incidents after discovery of the Total Recall System, and (ii) Defendants' Motion in Limine to restrict testimony of Plaintiffs' expert witness.

(b) Plaintiffs have filed two Motions in Limine seeking to prevent all Defendants from utilizing certain defenses. Lennon filed objections to both motions on January 11, 2008.

## VI. PROPOSED VOIR DIRE QUESTIONS

(1) Would any of the publicity regarding corruption in Providence City Hall cause you to be unable to render a fair and impartial verdict in this case?

(2) Do any of you have a negative opinion of employees of the City of Providence?

(3) If so, would that make you unable to render a fair and impartial verdict in this case?

(4) Is there any reason which was not covered by the Court or the lawyers that would make it difficult for you to render a fair and impartial verdict with respect to Mary Lennon?

(5) Is there any reason that would make it difficult for you to consider Plaintiffs' claims against each Defendant separately?

## VII. <u>PROPOSED JURY INSTRUCTIONS</u>

**Burden of Proof – General**

This is a civil case and as such the law places the burden of proof upon the Plaintiffs. Thus, Plaintiffs have the burden of proving every disputed element of their claim by a preponderance of the evidence. What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to a number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you conclude that Plaintiffs fail to establish any essential element of their claim by a preponderance of the evidence, you must find for the Defendant.

The burden of proving all elements of the claims against the Defendant lies with the Plaintiffs. The Defendant need not prove anything.

<u>Romano v. U-Haul Int'l, 233 F.3d 655 (1st Cir. 2000)</u>

**Liability of Each Defendant to be Separately Considered**

I want to emphasize here that throughout your deliberations you must consider Plaintiffs' claims against each Defendant separately. Each Defendant was not necessarily involved in any deprivation of federally protected rights. Plaintiffs must prove each element of their claims, by a preponderance of the evidence, against each individual Defendant before you can find liability as to that Defendant. Therefore, you must make a separate finding with regard to each individual Defendant.

**§1983 Liability**

**(a) In General**

To establish a claim under §1983, Plaintiffs must establish, by a preponderance of the evidence, each of the following three elements:

(i) that the conduct complained of was committed by a person acting under color of state law;

(ii) that this conduct deprived the Plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

(iii) that the Defendant's acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiffs.

I shall now examine each of the three elements in greater detail.

**(i) Color of State Law**

The first element of the Plaintiffs' claim is that the Defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of §1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or

usage, or any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. §1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the Defendant was clothed with the authority of state law, and that the Defendant's action was made possible by virtue of state law.

Martinez vs. Colon, 54 F.3d 980 (1st Cir. 1995)

**(ii) Deprivation of Federal Right**

The second element of Plaintiffs' claim is that they were deprived of a federal right by the Defendant. In order for the Plaintiffs to establish the second element, they must show these things by a preponderance of the evidence: first, that the Defendant committed the acts alleged by Plaintiffs; second, that those acts caused the Plaintiffs to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the Defendant acted intentionally or recklessly.

Fournier v. Reardon, 160 F.3d 754 (1st Cir. 1998), *cert. denied*, 526 U.S. 1065 (1999)

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the Defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the Defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you must depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**(iii) Proximate Cause**

The third element which Plaintiffs must prove is that the Defendant's acts were a proximate cause of the injuries sustained by the Plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a Defendant's act or omission, it was proximately caused by such act or omission. In other words, if a Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for an injury, the Plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that the Defendant has proved, by a preponderance of the evidence, that the Plaintiffs complain about an injury which would have occurred even in the absence of the Defendant's conduct, you must find that the Defendant did not proximately cause Plaintiffs' injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of any injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A Defendant is not liable if Plaintiffs' injury was caused by a new or independent source of any injury which intervenes between the Defendant's act or omission and the Plaintiffs' injury and which produces a result which was not reasonably foreseeable by the Defendant.

Grivhan v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)

**Title III Claims**

18 U.S.C. § 2520 provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." To show a violation of § 2551, Plaintiffs must prove that Defendants "intentionally intercept[ed], endeavor[ed] to intercept, or procure[ed] any other person to intercept or endeavor to intercept, any wire, oral or electronic communication." 18 U.S.C. § 2511(1)(a). Plaintiffs must establish (1) that Title III is applicable to the Defendant; (2) that Defendant intercepted, sought to intercept, or procured another person to intercept their communications through the use of any electronic, mechanical, or other device; (3) Plaintiffs had an expectation that their oral communications were not subject to interception; and (4) if Plaintiffs had such an expectation, the expectation was justified under the circumstances. Anderson v. City of Columbus, Georgia, 374 F. Supp. 2d 1240, 1244 (M.D. Ga., 2005).

Further, Defendant is not liable if any exceptions apply. An exception exists for any communications received through a telephone component used "by an investigative or law enforcement office in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii); see Amati v. City of Woodstock, 176 F.3d 952, 954 (7th Cir. 1999). Under § 2511(2)(c), a person is permitted to intercept communication "where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Although this consent can be implied, it must still be "consent in fact." United States v. Lanoue, 71 F.3d 966, 981 (1st Cir. 1995). Although "consent might be implied in spite of deficient notice," "[t]he surrounding circumstances must convincingly show that the party knew about and consented to the interception in spite of the lack of formal notice or deficient formal notice." Id.

Another exception which would preclude recovery is the "ordinary course of law enforcement" exception, which applies to the interception or recording of communications on any equipment "being used by a provider of wire or electronic communication service in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties. §2510(5)(a)(ii). Title III recognizes an exception for recordings that fall outside the purpose of the statute to regulate the use of wiretapping and other electronic surveillance for investigatory purposes. Thus, recording which is "ordinary," or, as some courts have explained, "routine" and "noninvestigative," may fall within the §2510(5)(a)(ii) exception. Id, see also Arias, 202 F.3d at 558. Recording all incoming and outgoing calls in a police station may, therefore, fall within the ordinary course of law enforcement exception under Title III if it can be shown that the recording is routine and noninvestigative.

Thus, irrespective of whether the elements of § 2511(1)(a) are met, if Defendant can demonstrate that the recording falls within either of these exceptions, she will successfully defeat Plaintiffs' claim under Title III.

**State Law Claims**

**(a) R.I. Gen. Laws § 11-35-21 Unauthorized interception, disclosure or use of wire, electronic , or oral communication**

To find in favor of the Plaintiffs and against the Defendants, you must find that the Defendants intentionally intercepted the wire, electronic, or oral communication of Plaintiffs. The term "intercept" means to acquire aurally the contents of any wire or oral communications through the use of any intercepting device.

**(b) R.I. Gen. Laws § 9-1-28.1. Right to privacy – Action for deprivation of right**

"Under R.I. Gen. Laws. § 9-1-28.1, in order to establish a violation of a right to privacy, Plaintiffs must show that the Defendants engaged in 'an invasion of something that is entitled to be private or would be expected to be private,' and the invasion must have been 'offensive or objectionable to a reasonable man.' This requires both a subjective and objectively reasonable expectation of privacy." Walden, 495 F. Supp.2d at 245, (D.R.I. 2007), quoting from Pontbriand v. Sundlun, 699 A.2d 856 (R.I.1997).

**(c) R.I. Gen. Laws § 12-5.1-1**

The statute provides that "[a]ny person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses the communications." R.I. Gen. Laws § 12-5.1-13. Thus, where an interception is made in nonconformance with § 12-5.1-1 *et seq*., a cause of action

may lie. "The Rhode Island wiretap statute is in large part parallel to the federal wiretap statute," and therefore the same analysis applies. Walden, 495 F.Supp.2d at 270, citing Pulawski v. Blais, 506 A.2d 76, 77 (R.I.1986).

**Qualified Immunity**

Even if you find that the Defendant did violate constitutional and/or statutory rights of Plaintiffs, the Defendant still may not be liable to the Plaintiffs. This is so because the Defendant may be entitled to what is called a qualified immunity. If you find that she is entitled to such immunity, you may not find her liable.

The Defendant will be entitled to a qualified immunity if she neither knew nor should have known that her actions were contrary to federal law. The simple fact that the Defendant acted in good faith is not enough to bring her within the protection of this qualified immunity. Nor is the fact that the Defendant was unaware of the federal law. The Defendant is entitled to a qualified immunity only if she did not know what she was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of Defendant's conduct, you may consider the nature of Defendant's official duties, the character of her position, the information which was known to Defendant or not known to her, and the events which confronted her. You must ask yourself what a reasonable official in Defendant' situation would have believed about the legality of Defendant's conduct. You should not, however, consider what the Defendant's subjective intent was, even if you believe it was to harm the Plaintiffs. You may

also use your common sense. If you find that a reasonable official in Defendant's situation would believe her conduct to be lawful, then this element will be satisfied.

The Defendant has the burden of proving that she neither knew nor should have known that her actions violated federal law. If the Defendant convinces you by a preponderance of the evidence that she neither knew nor should have known that her actions violated federal law, then you must return a verdict for the Defendant, even though you may have previously found that the Defendant in fact violated the Plaintiffs' rights under color of state law.

El Dia, Inc. v. Rossello, 165 F.3d 106 (1st Cir. 1999)

**Damages - General**

I will now instruct you on the law of damages. The mere fact that the Court charges you on the law of damages does not indicate in any respect that the Court feels that there should be a verdict in favor of the Plaintiffs. You must remember that before even deciding the questions, you must decide whether the Plaintiffs have sustained their burden of proof relative to all of the elements of the offenses that the Defendant has been charged with, and you must further find that the Defendant did not rely on any state statute in conducting herself in the manner in which she did at the time of the incidents in question. However, since I cannot tell you how you are going to decide this case, it is necessary for me to instruct you on how to arrive at the amount of verdict in the event that you find for the Plaintiffs.

Since damages are an element of the Plaintiffs' case, they too must be proven by a fair preponderance of the evidence. You may not speculate in awarding damages. If you cannot decide what the amount of damages should be, then the Plaintiffs have failed to sustain their

burden of proof on the question of damages, and I instruct you to return a verdict in favor of the Defendant.

**Compensatory Damages**

If you return a verdict for the Plaintiffs, then you should award actual damages only for those injuries which you find that Plaintiffs have proven by a fair preponderance of the evidence. Moreover, you should award actual damages only for those injuries which you find Plaintiffs have proven by a preponderance of evidence to have been the direct result of conduct by the Defendant in violation of §1983. That is, you may not simply award actual damages for any injury suffered by Plaintiffs – you must award actual damages only for those injuries that are a direct result of actions by this Defendant and that are a direct result of conduct by this Defendant which violated Plaintiffs' federal rights under color of law. Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992)

**Nominal Damages**

If you return a verdict for the Plaintiffs, but find that Plaintiffs have failed to prove by a preponderance of the evidence that they suffered any actual damages, then you may award damages in some nominal sum such as one dollar.

Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992)

## VIII. ESTIMATED LENGTH OF TRIAL

Lennon estimates that the trial of this matter will last approximately eight weeks.

## IX. PROPOSED JUROR VERDICT FORM

**42 U.S.C. § 1983**

1. Do you find by a preponderance of the evidence that Defendant violated the federal civil rights of any of the Plaintiffs?

_____________ Yes _____________ No

If No, stop here; if Yes, go to 2.

2. List which civil rights of Plaintiffs were violated by Defendant.

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

3. Do you find that the Plaintiffs listed in Number 2 suffered damages as a result of the violation of their civil rights?

_____________ Yes _____________ No

If No, stop here. If Yes, go to 4.

4. What amount of damages do you award to each of the Plaintiffs listed in Number 2?

______________________________________________________________________________

**Fourth Amendment**

5. Did the Plaintiffs have a justifiable, reasonable or legitimate expectation of privacy in their telephone calls to or from the Public Safety Complex?

_____________ Yes _____________ No

If No, stop here. If Yes, go to 6.

6. Did any of the Defendants violate that expectancy of privacy?

_____________ Yes _____________ No

If No, stop here. If Yes, go to 7.

7. Which of the Defendants violated the expectation of privacy?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

8. Which of the Plaintiff's Fourth Amendment rights were violated?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

9. Which, if any, of the Plaintiffs suffered damages as a result of their Fourth Amendment rights being violated?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________

10. Which Plaintiffs and in what amount do you award damages to?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

**<u>Title III</u>**

11. Do you find that any of the Defendants intentionally intercepted any wire, oral, or electronic communication of any of the Plaintiffs?

_____________ Yes _____________ No

If No, stop here. If Yes, go to 12.

12. Which of the Defendants intentionally intercepted any wire, oral or electronic communication of any of the Plaintiffs?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

13. Do you find that any of the Plaintiffs had an expectation that their oral communications were not subject to interception?

_____________ Yes _____________ No

If No, stop here. If Yes, go to 14.

14. Which of the Plaintiffs do you find had an expectation that their oral communications were not subject to interception?

______________________________________________

______________________________________________

______________________________________________

15. Do you find that the ordinary course of law enforcement exception applies?

____________ Yes ____________ No

If No, stop here. If Yes, go to 17.

16. For each of the Plaintiffs in Number 14, list how many days the communications were intercepted for:

______________________________________________

______________________________________________

______________________________________________

## **State Law Claims**

R.I. Gen. Laws § 11-35-21

17. Do you find a fair preponderance of the evidence that David N. Cicilline intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

18. Do you find a fair preponderance of the evidence that Dean Esserman intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

19. Do you find a fair preponderance of the evidence that the City of Providence intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

20. Do you find a fair preponderance of the evidence that Mary Lennon intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

21. Do you find a fair preponderance of the evidence that Manuel Vieira intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

22. Do you find a fair preponderance of the evidence that Urbano Prignano, Jr. intentionally intercepted the oral communication(s) of any Plaintiffs?

____________ Yes ____________ No

If yes, please list each Plaintiff whose oral communications was intercepted.

R.I. Gen. Laws § 9-1-28.1

23. Do you find by a fair preponderance of the evidence that the City of Providence engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

24. Do you find by a fair preponderance of the evidence that David N. Cicilline engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

25. Do you find by a fair preponderance of the evidence that Dean Esserman engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

26. Do you find by a fair preponderance of the evidence that Manuel Vieira engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

27. Do you find by a fair preponderance of the evidence that Mary Lennon engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

28. Do you find by a fair preponderance of the evidence that Urbano Prignano, Jr. engaged in an invasion of something that is entitled to be private or would be expected to be private?

____________ Yes ____________ No

**If Yes to any, go on:**

29. Do you find by a fair preponderance of the evidence that the invasion was offensive or objectionable to a reasonable person?

____________ Yes ____________ No

## X. ADDITIONAL MATTERS

None.

Mary Lennon
By her attorney,

________________________________

Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on January ______, 2008, I filed the within Pre-Trial Memorandum by electronic means to all counsel of record.

/s/ Dean G. Robinson