**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al

v. C.A. No: 04-304S

CITY OF PROVIDENCE, et al

Consolidated with:

JOHN C. CHMURA, et al

v. C.A. No: 04-553S

CITY OF PROVIDENCE, et al

**PRE-TRIAL MEMORANDUM OF DEFENDANT, MANUEL VIEIRA**

Respectfully Submitted,

Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax

Dated: January 10, 2008

## I. <u>Proposed Voir Dire</u>

This defendant has no proposed voir dire beyond that proposed by the Municipal Defendants

## II. Proposed Findings of Facts

### A. Statement of Facts

Defendant, Manuel Vieira ("Vieira"), was the Director of Communications for the City of Providence from 1993 to February 2003. In that capacity, he reported to the Public Safety Commissioner. In 2001, the City of Providence was planning the construction of a new headquarter for the Division of Public Safety, including offices for the police and fire departments. Members of the police, fire, and communications departments met regularly and openly to discuss the features that the systems in the new building should incorporate. Obviously, one such feature was a telecommunications system.

Through these discussions, several things became clear. One was that the new building would function for many years; therefore, its technological components should, to the extent possible, be cutting edge. As with most law enforcement agencies and first responders, Providence would need the ability to routinely record calls from the public seeking assistance. There was also a desire, from the standpoint of both cost and efficiency, to be able to get data about what calls were made from what lines, to prevent abuse of the phone system through "900" sex line calls, or other abuses.

Research undertaken by city employees found a system called "Total Recall," which was technologically advanced and able to be readily integrated into the telephone system for the building. As a result, hearings were held and the phone system contract was put out for public bid, and the Total Recall System was chosen among a number of competitors. Ultimately, it was installed in the new building and became operational by August 2002.

Vieira was initially unaware that audio recordings were being made of all calls on the public lines in the building. His belief, and his instructions, were

that all phone lines were subject to a cost accounting system, but that audio recordings be limited to emergency and dispatch lines.

It is undisputed that Vieira did not have a password for the system, did not know how to operate the system, and never accessed the system. He derived no private or personal advantage from it. As soon as he learned of the fact that it recorded all calls, he scheduled an appointment with the city solicitor's office, along with relevant officials from the police and fire departments.

**III. Witnesses**

Defendant Vieira does not intend to call any witnesses beyond those listed by the Municipal Defendants, but reserves the right to call any of those witnesses.

## IV. Exhibits

In addition to the exhibits listed by the Municipal Defendants, defendant Vieira intends to offer the following documents as evidence at the trial:

1. January 8, 2002 Letter from Manual M. Vieira to Alan Sepe.
2. November 21, 2002 memo from Ron Reposa to Manuel Vieira
3. December 9, 2002 memo from Robert Nelson to M. Vieira, R. Reposa and T. Desmarais.

## V. <u>Memorandum of Law</u>

While defendant Vieira agrees with the legal analysis set forth in the pretrial memorandum filed by the Municipal Defendants but writes separately to address an issue unique to the individual defendants herein, to wit, punitive damages. Punitive damages are available against individual defendants in an action pursuant to 28 U.S.C. § 1983, but may be awarded only in the event that the conduct complained of is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade,* 461 U.S. 30, 56 (1983). There must be proof that the defendant acted in the face of a perceived risk that his actions would violate federal law. *Casillas-Diaz v. Palau,* 463 F.3d 77, 84 (C.A. 1, 2006). Moreover, this court has already ruled that the award of punitive damages under the Wiretap Statute is discretionary.

Nothing in this defendant's conduct had approached the threshold required for the award of punitive damages.

## VI. Probable Length of Trial

Defendant agrees with the assessment offered by the Municipal Defendants as to the probable length of the trial herein.

## VII. Pending Matters

Defendant agrees with the delineation of pending matters set forth by the Municipal Defendants.

## VIII. Proposed Jury Instructions

In addition to the jury charges proposed by the Municipal Defendants, Defendant Vieira proposes the following:

### 4.50C PUNITIVE DAMAGES – CIVIL RIGHTS

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiffs and if you find by the greater weight of the evidence that the conduct of Defendant Vieira was malicious or recklessly indifferent to the Plaintiffs, then you may, but are not required to, award the Plaintiffs an additional amount as punitive damages for the sole purposes of punishing the Defendant and deterring the Defendant and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the Defendant's conduct was. In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether others were harmed by the same conduct of the Defendant that harmed the Plaintiff; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff;

2. How much harm actually resulted to the Plaintiffs, from the Defendant's wrongful conduct;

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for his wrongful conduct toward the Plaintiffs and to deter the Defendant and others from similar wrongful conduct in the future;

4. In order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any;

5. The amount of possible harm the Defendant's conduct could cause the Plaintiffs in the future;

6. In order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the harm likely to be caused in a similar situation by conduct similar to the Defendant's wrongful conduct.

## IX. Proposed Jury Verdict Sheet

Defendant agrees with the proposed jury verdict sheet prepared by the Municipal Defendants.

Defendant, Manual Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383
Pcomerfo@coialepore.com

## CERTIFICATION

I hereby certify that a true copy of the within Pretrial Memorandum was served by electronic means on this 17th day of January, 2008 to:

Mark A. Fay, Esquire
Murphy & Fay
127 Dorrance Street, 2nd floor
Providence, RI 02903

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, RI 02903

Susan Marcotte Carlin, Esquire
The Lincoln Center—Suite 205
132 Old River Road
Lincoln, RI 02865

Kevin McHugh, Esquire
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd floor
Providence, RI 02903

Dean Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915

/s/ Peter J. Comerford