UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

# PRE-TRIAL MEMORANDUM OF THE PLAINTIFFS

## I. STATEMENT OF FACTS

Plaintiffs filed this action alleging Defendants violated their statutory and constitutional rights when Defendants procured, installed and maintained a telephone recording system known as the "Total Recall System" at the Providence Public Safety Complex. Prior to its removal on February 10, 2003, the "Total Recall System" recorded 754,672 incoming and outgoing telephone calls. Plaintiffs will prove violations of the Fourth Amendment to the U.S. Constitution, Article I, § 6 of the Rhode Island Constitution, the federal wiretapping statute, 18 U.S.C. § 2511 et seq. and various state laws including the state wiretap act and the right to privacy by all Defendants.

## II. MEMORANDUM OF SUPPORTING LAW AND AUTHORITIES

1. § 1983 – Fourth Amendment U.S. Constitution and Article I, §6 of R. I. Constitution[1]

[1] As Article I, § 6 if the Rhode Island Constitution is congruent with the Fourth Amendment in both its requirements and protections, this analysis applies to Plaintiff's Second Count under the R.I. Constitution. See ***State v. Bennett ,*** 430 A.2d 424, 426 (R.I. 1981) (The fourth amendment to the Constitution of the United States and Article I, § 6 both protect an individual's reasonable expectation of privacy. )

Plaintiffs claim Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures in violation of 42 U.S.C. § 1983. To prevail at trial, Plaintiffs must establish Defendants acted under color of state law and that their conduct denied them a federally protected constitution right. ***Rodriguez-Cirilo v. Garcia**,* 115 F.3d 50, 52 (1st Cir. 1997). Defendants' conduct must be the cause in fact of the alleged deprivation. ***Id.; Soto v. Flores***, 103 F.3d 1056, 1062 (1st Cir. 1997).

Moreover, it is a violation of a plaintiff's constitutional rights even where the defendant's conduct was through supervisory acts (***Camilo-Robles v. Hoyos***, 151 F.3d 1, 6 (1st Cir. 1998)); by creating a policy or custom under which unconstitutional practice occurred (***Monell v. Dept. of Soc. Servs.,*** 436 U.S. 658 (1978)); or by allowing such a policy or custom to continue (***City of Canton v. Harris**,* 489 U.S. 378, 388 (1989); ***Santiago v. Fenton**,* 891 F.2d 373, 382 (1st Cir. 1989)).

Defendants concede they were acting under color of law. ***Rogan v. City of Boston,*** 267 F.3d 24, 27 (1st Cir. 2001). *See* Smith J., Decision on Motion for Summary Judgment at p. 12.

A "constitutional injury" requires the plaintiff to "make a showing of a deprivation of a federally secured right. Plaintiffs must establish that they possessed a justifiable, reasonable, or legitimate expectation of privacy in the thing alleged to have been invaded by government action. ***Smith v. Maryland,*** 442 U.S. 735, 740 (1979). The Fourth Amendment inscribes a fundamental right to privacy in wire communications. ***Katz v. U.S.,*** 389 U.S. 347 (1967). In order to establish a violation of this fundamental right, Plaintiffs must demonstrate that they had a subjective expectation of privacy and that objectively society would recognize this expectation as reasonable. *Id.*

2. <u>Title III Claims, 18 U.S.C. §§ 2510 et. seq.</u>

Section 2520 provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." To show a violation of § 2511 Plaintiffs must prove Defendants "intentionally intercept[ed}, endeavor[ed] to intercept, or procure[ed] any other person to intercept or endeavor to intercept, any wire, oral or electronic communication." 18 U.S.C. § 2511(1)(a). Under §2510 "intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Although Defendants allege telephone calls automatically recorded, but not listened to, are not "aurally acquired" within the meaning of the statute, the Court of Appeals for the First Circuit has rejected this argument in ***United States v. Lewis,*** 406 F.3d 11, 17 n.5 (lst Cir. 2005). <u>R.I. Gen. Laws § 11-35-21, Criminal Punishment for Interception</u>

R.I. Gen. Laws §11-35-21 makes unauthorized interceptions, disclosure or use of wire, electronic or oral communication punishable by imprisonment for five (5) years. To prevail on this count, Plaintiffs must show Defendants "willfully intercept[ed], attempt[ed] to intercept, or procur[ed] any other person to intercept or attempt to intercept, any wire, electronic, or oral communication." Although a criminal statute, R.I. Gen Laws § 9-1-2 is the "enabling act giving a person injured as a result of a crime or offense a right of action where none existed at common law." ***Lyons v. Town of Scituate,*** 554 A.2d 1034, 1036 (R.I. 1989). This statute has been found to allow a

plaintiff to "bring a cause of action even if no criminal complaint for the crime or offense has been filed." ***Mello v. DaLomba,*** 798 A.2d 405, 411 (R.I. 2002).

3. R.I. Gen Laws § 9-1-28.1, Right To Privacy

Under R.I. Gen. Laws § 9-1-28.1, to establish a violation of a right to privacy, Plaintiffs must show that Defendants engaged in "an invasion of something that is entitled to be private or would be expected to be private," and the invasion must have been "offensive or objectionable to a reasonable man." This requires both a subjective and objectively reasonable expectation of privacy. *See* ***Pontbriand v. Sundlun,*** 699 A.2d 856 (R.I. 1997).

4. R.I. Gen. Laws § 12-5.1-1 et seq., R.I. Wiretap Statute

The Rhode Island wiretap statute is in large part parallel to the federal wiretap statute. *See* ***Pulawski v. Blais,*** 506 A.2d 76, 77 (R.I. 1986). The statute provides that "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses the communication. R.I. Gen. Laws § 12-5.1-13. The use of the disjunctive in the statute suggests that, in fact, a violation can occur where a person's "wire, electronic, or oral communication is intercepted," not just disclosed, "in violation of this chapter." § 12-5.1-13. *See* Smith J. Decision on Motion for Summary Judgment at p. 54.

III. WITNESSES

Counsel will call the following witnesses to establish the number of days each Plaintiffs' conversation were recorded. Each Plaintiff who was employed and/ or worked

at the Public Safety Complex will testify as to the days he or she worked at the Public Safety Complex between May 23, 2002 and February 10, 2003. Each Plaintiff will also testify on each day he or she worked at the Public Safety Complex he or she made numerous telephone calls on the phone system within the Public Safety Complex. Additionally, Firefighter Plaintiffs will testify as his or her use of the Firefighters' private line within the Public Safety Complex. All Plaintiffs will testify that they received no notice of the recording of all the phone lines within the Public Safety Complex including the Firefighters' private phone line and that none of the Plaintiffs provided any verbal or written consent to the Defendants to allow them to record their telephone conversations.

Plaintiff family members of the Plaintiff Firefighters, Police and or City of Providence public employees working at the Public Safety Complex will testify as to the number of days they spoke with their family members while those Firefighters, Police Officer and City of Providence public employees worked at the Public Safety Complex.

Thomas Walden
Linda E. Walden
Christopher P. O'Halloran
Colleen E. O'Halloran
Donald J. Dubuque
Kathleen A. Dubuque
Robert J. Reilly
Brandon Reilly
Jordan Reilly
Kerrin Swann
Robert M. Cataldo
Jennifer Cataldo
Anthony Cataldo
Christina Cataldo
Joseph Cataldo
Paul Buteau
Matthew L. Randall
Kara E. Randall

Edward S. Kennedy
Carolyn M. Kennedy
Laura Kennedy
Donald Rathbone
Lori A. Rathbone
Daniel Rathbone
Bonnie Benson
Vincent P. Clements
James J. Rock
Carol O'Brien
Peter K. McMichael, Jr.
Colleen F. McMichael
Peter K. McMichael III
Frank Reddington, Jr
Margaret M. Reddington
Daniel Reddington
Brendan Reddington
Joseph L. Moli
Deborah L. Molis
William L. Serbst III
Carol M. Serbst
Frederick A. Robinson, Jr.
Janet D. Robinson
Abigail Robinson
Emma Robinson
Ernest E. Young IV
Linda S. Young
Robert J. Barrett
Michelle A. Barrett
Joseph P. Moreino Jr.
Jacquelyn L. Moreino
Craig Martin
William R. Kenyon, Jr.
Susan M. Kenyon
Kory Z. Kenyon
Paige M. Kenyon
Paul M. Picozzi
Kimberly E. Picozzi
Joseph F. Mellor
Teresa A. Mellor
John J. Hannon
Ernest Robert
Mary Ellen Dubaldo
Kyle Robert
Ashlee Robert
Jackie Robert

Paul A. Wentworth
Carolyn A. Wentworth
Daniel V. Rinaldi
Desiree Rinaldi
Ashley Rinaldi
William J. Higginson, Jr.
Romano Mitris Higginson
Michael C. Segee
Susan M. Segee
Peter J. Celani
Diane G. Celani
Donna Luce
David Neri
Mark R. Randall
Tina L. Randall
Gerald P. Carvalho
Belkys A. Carvalho
Garrick Carvalho
Angelique Carvalho
Robert D. Crellin
Joseph W. Bretanha
Diane K. Bretanha
Lauren Bretanha
Leanne Bretanha
Paul A. Doughty
Stephanie Doughty
Laura Doughty
Rebecca Doughty
Patrick J. Leonard
Lori A. Leonard
Mark Tillman
Roger D. Richards, Jr.
Joshetta Gabbidon
Steven G. Ruhle
Steven Ruhle Jr.
Kayla Ruhle
Daniel J. Brodeur
Amy L. Brodeur
Megan Brodeur
Michaela Brodeur
Christopher S. Wagner
Philip E. Payne
Darlene Belhumeur-Payne
Bethany Payne
Andrea Payne
Laura Belhumeuer

Joseph R. Vingi, Jr.
Mary M. Vingi
Joseph Vingi III
Sophia Vingi
Kenneth G. Greenwell
Kathleen Greenwell
E. Christopher Petit
Jeanne M. Petit
Andrea Baker
Madelaine DeRobbio
Jamie Araujo
Theresa J. Mancini
Arleen Ann Pullon
Melissa Melvin
Eugenia M. Pattek
Laurie Gannon
Robin Owens
Donna M. Pietrunti
Maria Biano (Drohan)
Emilia Grover
Julia D. Goins
Susan Harrington
Margaret Burns
Debra L. Silva-Rocha
Sandra Manning
Sandra Buote
Yvonne Giragosian
John C. Chmura
Maribel Patino
Michael Bates
Sarah Good
Richard J. Hughes
Laurie-Ann Hughes
Stephen Hughes
Michael J. Hughes
Deborah Mcintyre-Hughes
Robert P. Hughes
Carole A. Hughes
Irene Lescault
Michael Lescault

<u>WILLIAM ODOM</u>

William Odom is an expert in computer forensic data analysis. Mr. Odom will testify consistently with his expert report previously produced. Mr. Odom's qualifications as an expert are not being challenged. He will testify that all of the hard lines within the Public Safety Complex between May 23, 2002 and February 10, 2003 were recorded including the Firefighters' private line. Mr. Odom will testify that the period in question, 754,672 telephone conversations were recorded and stored within the Total Recall System.

ANDREW ROSENZWEIG

Andrew Rosenzweig will be called to testify as to his investigation of the Total Recall System at the Public Safety Complex including but not limited to the involvement of Defendants, Urbano Prignano, Mary Lennon and Manuel Vieira in regard to the bid implementation overview and control of the system during the period in question, May 23, 2002 through February 10, 2003.

TONY DESMARAIS

Tony Desmarais will be called to testify as to his knowledge of the Total Recall System and the Defendants involvement in the bid, installation, service, maintenance and upkeep of the Total Recall System. Mr. Desmarais will also testify as to the individual Defendants knowledge of the system.

DEAN ESSERMAN

Dean Esserman will be called to testify as to his investigation of the Total Recall System, his investigations findings and recommendations taken as a result of that investigation. Mr. Esserman's testimony is relevant in that all the Defendants have denied knowledge of the system, any wrong doing in regard to the installation and or use of the system within the Public Safety Complex.

<u>DAVID CICCILLINE</u>

David Ciccilline will be called to testify as to his investigation of the Total Recall System, his investigations findings and recommendations taken as a result of that investigation. Mayor Ciccilline's testimony is relevant in that all the Defendants have denied knowledge of the system, any wrong doing in regard to the installation or use of the system within the Public Safety Complex.

<u>URBANO PRIGNANO</u>

Urbano Prignano will be called as an adverse witness as to his knowledge and/ or instruction to install the Total Recall System into the Public Safety Complex.

<u>MARY LENNON</u>

Mary Lennon will be called as an adverse witness as to her knowledge of the Total Recall System installed in the Public Safety Complex.

<u>MANUEL VIEIRA</u>

Manuel Vieira will be called as an adverse witness as to his knowledge of the Total Recall System installed in the Public Safety Complex.

JOHN KILLIAN

John Killian will be called to testify as to his investigation into the Total Recall System and his findings as a result of that investigation.

JOHN D'AMICO

John D'Amico will be called to testify as to his knowledge of the Total Recall System within the Public Safety Complex.

GREG HAROIAN

Greg Haroian will be called to testify as to his knowledge of the Total Recall System and the Defendants involvement in the bid, installation, service, maintenance and upkeep of the Total Recall System. Mr. Haroian will also testify as to the individual Defendants knowledge of the system

STEPHEN MOISE

Stephen Moise will be called to testify as to his knowledge of the Total Recall System and the Defendants involved in the bid, installation, service, maintenance and upkeep of the Total Recall System. Moise will also testify as to the individual Defendants knowledge of the system.

DOUGLAS NEWBURG

Douglas Newburg will be called to testify as to his investigation into the Total Recall System and his findings as a result of that investigation.

RONALD GENDRON

Ronald Gendron will be called to testify as to the Attorney General's investigation into the installation, use and maintenance of the Total Recall System at the Providnce Public Safety Complex.

IV. EXHIBITS

1. State Police Report/ File in regard to Total Recall Investigation
2. Firefighters' Log/ Journals
3. William Odom's Expert Report
4. Electronic data recorded by the Total Recall System
5. Total Recall hardware
6. Calendar for year 2002 and 2003

V. JURY INSTRUCTIONS: 42 U.S.C. §1983

INTRODUCTORY INSTRUCTION

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983 which provides that any person or persons who, under color of law, deprives another of any rights, privileges or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

ELEMENTS AND BURDEN OF PROOF – Individual Defendants

In order to prevail on their § 1983 claim against Defendants Prignano, Lennon and Vieira Plaintiffs must prove the following elements by a fair preponderance of the evidence:

1. that Defendants acted under color of law; and
2. the acts of Defendants deprived Plaintiffs of their Fourth Amendment rights.

Persons act "under color of law" when the person acts or claims to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that each Defendant in this case acted under color of law.

If you find Plaintiffs have proven these elements, and if Plaintiffs have also proven the elements set forth under Instructions related to the Fourth Amendment, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove these elements, your verdict should be for Defendants.

ELEMENTS AND BURDEN OF PROOF – Supervisory Defendants

In order to prevail on their § 1983 claims against the supervisory Defendants, Prignano, Lennon and Vieira, Plaintiffs must prove the following elements by a preponderance of the evidence:

1. Defendants acted under color of law;
2. the acts of Defendants' subordinates Vieira and Lennon deprived Plaintiffs of their particular rights under the Fourth Amendment;
3. Defendants knew or reasonably should have known their subordinates were engaging in these acts and their conduct would deprive Plaintiffs of these rights; and

4. Defendants failed to act to prevent their subordinates from engaging in such conduct.

A person acts “under color of law” when the person acts or claims to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Defendants acted under color of law.

If you find Plaintiffs have proven these elements and if you find Plaintiffs have proven the elements set forth under Instructions related to the Fourth Amendment your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove these elements, your verdict should be for Defendants.

OFFICIAL POLICY, PRACTICE, OR CUSTOM – ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claims against the Defendants City of Providence, Prignano, Esserman and Cicciline alleging liability based on an official policy, practice or custom, Plaintiffs must proved the following elements by a preponderance of the evidence:

1. Defendants acted under color of law;

2. The acts of Defendants deprived Plaintiffs of their particular rights under the Fourth Amendment; and

3. Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendants or by allowing such a policy or custom to continue.

A person acts “under color of law” when the person acts or claims to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Defendants acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by Defendants.

"Practice or custom" means any permanent, wide-spread, well-settled practice or custom that constitutes a standard operating procedure of Defendants.

If you find Plaintiffs have proven these elements and if you find Plaintiffs have proven the elements set forth under Instructions related to the Fourth Amendment, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove these elements, your verdict should be for Defendants.

FINAL POLICYMAKER –ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claims against Defendant City of Providence based on the act of a final policy maker, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendants Prignano and Vieira acted under color of law;
2. The acts of Defendants Prignano and Vieira deprived Plaintiffs of their particular rights under the Fourth Amendment;
3. Defendants Prignano and Vieira had final policy-making authority from the City of Providence concerning these acts; and
4. when Defendants Prignano and Vieira engaged in these acts, they were acting as final policymakers for Defendant City of Providence.

A person acts "under color of law" when the person acts or claims to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Defendants acted under color of law. I further instruct you

that Defendants Prignano and Vieira had final policymaking authority from the City of Providence concerning the acts at issue and therefore, the third element requires no proof.

If you find Plaintiffs have proven these elements and if you find Plaintiffs have proven the elements set forth under Instructions related to the Fourth Amendment your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove these elements, your verdict should be for Defendants.

JURY INSTRUCTIONS: FOURTH AMENDMENT RIGHTS

As previously explained, Plaintiffs have the burden to prove that the acts of Defendants deprived Plaintiffs of particular rights under the United States Constitution. In this case, Plaintiffs allege that Defendants deprived them of their rights under the Fourth Amendment to the Constitution when they procured, installed and maintained the "Total Recall System" which recorded Plaintiffs' calls to and from and between the extensions routed through the Providence Public Safety Complex.

Under the Fourth Amendment a person has the right to be free from an unreasonable seizure of his or her person or property. In order to prove Defendants deprived Plaintiffs of their Fourth Amendment rights, Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. Defendants seized Plaintiffs' telephone calls;
2. In seizing the calls Defendants acted intentionally; and
3. the seizure was unreasonable.

A person "seizes" the property of Plaintiffs when the person takes possession of or controls the property in a manner that meaningfully interferes with Plaintiffs' rights to possess the property.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, Plaintiffs must prove Defendants meant to seize Plaintiffs' calls. Plaintiffs, however, do not need to prove Defendants intended to violate Plaintiffs' Fourth Amendment rights.

JURY INSTRUCTIONS: EXCEPTIONS TO THE WARRANT REQUIREMENT

In general, a seizure is unreasonable under the Fourth Amendment if it is not authorized by a warrant. A warrant is a written order signed by a judge that permits an official to seize a particular person's property. Under exceptions to this rule, a warrant may not be required and may be reasonable if the seizure is incident to a lawful arrest, the person consented, difficult circumstances existed, or emergency or community-caretaker circumstances existed. I instruct you that Defendants did not have a warrant and that seizure of Plaintiffs' calls was not incident to a lawful arrest. I further instruct you Plaintiffs did not consent to the seizure, nor did difficult, emergency, or community-caretaker circumstances exist in this case.

JURY INSTRUCTIONS: NOMINAL DAMAGES

Plaintiffs are not alleging compensatory damages in this claim. The law which applies to this case authorizes an award of nominal damages. If you find for Plaintiffs

but you find that Plaintiffs have failed to prove damages you must award nominal damages. A person whose federal rights were violated is entitled to recognition of that violation, even if he or she suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. Nominal damages may not exceed one dollar for each plaintiff.

JURY INSTRUCTIONS: PUNITIVE DAMAGES

A jury may award punitive damages even if Plaintiffs suffered no actual injury and receives nominal rather than compensatory damages. If you find Defendants Prignano, Lennon and Vieira liable you may award punitive damages if Plaintiffs have proven Defendants acted with malice or willfulness or with callous and reckless indifference to the safety or right of others. One acts willfully or with reckless indifference to the rights of others when he or she acts in disregard of a high and excessive degree of danger about which he or she knows or which would be apparent to a reasonable person.

If you determine that Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making an award of punitive damages, you should consider that the purpose of punitive damages is to punish for shocking conduct, and to deter Defendants and others from engaging in similar conduct in the future. If you decide to award punitive damages, you must use sound reason in setting the amount of the punitive damages. Punitive damages should be awarded if Defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You

may consider the financial resources of Defendants in fixing the amount of punitive damages. You may impose punitive damages against one or more Defendants or against more than one Defendant in different amounts. However, in this case, I instruct you that you may not award punitive damages against the Defendants City of Providence, Esserman or Cicciline.

JURY INSTRUCTIONS: CIVIL WIRETAP STATUTES

INTRODUCTORY INSTRUCTION

Plaintiffs bring their claims under the federal statute, 18 U.S.C. § 2511 and R.I. Gen. Laws § 12-5.1-13 which provide money damages for any person whose wire, electronic or oral communication is intercepted, disclosed or used without their consent.

ELEMENTS AND BURDEN OF PROOF – All Defendants

In order to prevail on their wiretap claims against Defendants, Plaintiffs must prove the following elements by a preponderance of the evidence:

1. that Defendants recorded Plaintiffs' telephone calls to and from the Providence Public Safety Complex or caused others to record Plaintiffs' telephone calls to and from the Providence Public Safety Complex;
2. that Defendants' conduct was intentional; and
3. Plaintiffs did not consent to the recording of their telephone calls.

To prove something by a "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, "a preponderance of the evidence" in the case means such evidence as, when considered with evidence opposed to

it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This does not require proof to an absolute certainty or even a near certainty.

A person who acts" intentionally," acts purposely, and not accidentally or involuntarily. A person acts "intentionally," if he or she desires to cause consequences to his or her act or he or she believes consequences are substantially certain to result.

I instruct you Plaintiffs did not consent to the recording of their telephone calls. I will also instruct you that the recordings were not performed by investigative or law enforcement officers in the ordinary course of their duties.

If you find Defendants recorded Plaintiffs' telephone calls, you must determine how many days each Plaintiff's calls were recorded.

Furthermore, if you find Defendants recorded Plaintiffs' telephone calls, Plaintiffs may be entitled to additional money damages if you also find Defendants disclosed or listened to any of the telephone calls in addition to recording the calls. I will instruct you it is not necessary that you find Defendants listened or disclosed the telephone conversations to award damages to Plaintiffs for the recording of the telephone calls.

JURY INSTRUCTIONS: CRIMINAL WIRETAP STATUTE

INTRODUCTORY INSTRUCTION

Plaintiffs also bring their claims under Rhode Island criminal law, specifically R.I. Gen. Laws §11-35-21, which provides imprisonment for not more than five (5) years for the violation of this statute.

ELEMENTS AND BURDEN OF PROOF – All Defendants

In order to prevail on the criminal wiretap claims against Defendants, Plaintiffs must prove the following elements by a fair preponderance of the evidence.

1. that Defendants recorded Plaintiffs' telephone calls to and from the Providence Public Safety Complex or caused others to record Plaintiffs' telephone calls to and from the Providence Public Safety Complex ; and
2. that Defendants' conduct was willful.

An act is "willfully" done, if done voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

Furthermore, if you find Defendants' conduct was willful or reckless you may award punitive damages. If you determine Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish for shocking conduct, and to deter Defendants and others from engaging in similar conduct in the future.

If you decide to award punitive damages, you must use sound reason in setting the amount of the punitive damages. Punitive damage should be awarded if these Defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of each Defendant in fixing the amount of punitive damages. You may impose punitive damages against one or more these Defendant or against more than one Defendant in different amounts. However, in this case, I instruct you that you may not award punitive damages against the Defendants City of Providence, Esserman or Cicciline.

<u>JURY INSTRUCTIONS: RIGHT TO PRIVACY</u>

INTRODUCTORY INSTRUCTION

Plaintiffs also seek to recover damages under R.I. Gen. Laws § 9-1-28.1 based upon a claim of a statutory right to privacy that prohibits unreasonable intrusion upon Plaintiffs' physical solitude or seclusion:

ELEMENTS AND BURDEN OF PROOF – All Defendants

In order to prevail on their right to privacy claims against Defendants, Plaintiffs must prove the following elements by a preponderance of the evidence:

1. That the invasion was of something that is entitled to be private or would be expected to be private;
2. the invasion was offensive or objectionable to a reasonable man; and
3. the invasion caused Plaintiffs to sustain injury, damage loss or harm.

In determining whether an invasion is offensive or objectionable, you should consider all of the evidence, including the degree of invasion, the context, conduct and circumstances surrounding the invasion as well as the setting in which the invasion occurs, and Plaintiffs' expectation of privacy in that setting.

VI. PROPOSED JURY VERDICT FORM

**1. § 1983 – Fourth Amend U.S. Constitution and Article I, §6 of R.I. Constitution**

On the claims of each of the plaintiffs against the defendants for violation of 42 U.S.C. §1983 we the undersigned jurors, find in favor of:

_______ Plaintiffs

_______ City of Providence

_______ Plaintiffs

_______ Esserman

________ Plaintiffs

________ Ciccilline

________ Plaintiffs

________ Prignano

________ Plaintiffs

________ Lennon

________ Plaintiffs

________ Vieira

If you find for the Plaintiffs against any of the above Defendants, you shall assess $1 for each plaintiff in nominal damages.

On the claims of each of the plaintiffs against defendants Prignano, Lennon and Vieira for punitive damages we the undersigned jurors, find in favor of:

________ Plaintiffs

________ Prignano

________ Plaintiffs

________ Lennon

________ Plaintiffs

________ Vieira

If you answered in favor of the Plaintiffs with respect to Defendant Prignano:

We, the undersigned jurors, assess punitive damages in the amount of
$______________ for each Plaintiff.

If you answered in favor of the Plaintiffs with respect to Defendant Lennon:

We, the undersigned jurors, assess punitive damages in the amount of
$______________ for each Plaintiff.

If you answered in favor of the Plaintiffs with respect to Defendant Vieira:

We, the undersigned jurors, assess punitive damages in the amount of
$______________ for each Plaintiff.

**2. Title III Claims, 18 U.S.C. §§ 2510 et seq. and R.I. Gen. Laws § 12-5.1-1 et seq.**

On the claims of each of the plaintiffs against the defendants for violation of the Federal and State Wiretap Acts, we, the undersigned jurors, find in favor of:

_______ Plaintiffs

_______ City of Providence

_______ Plaintiffs

_______ Esserman

________ Plaintiffs

________ Ciccilline

________ Plaintiffs

________ Prignano

________ Plaintiffs

________ Lennon

________ Plaintiffs

________ Vieira

Complete the following paragraph only if the above finding is in favor of the Plaintiffs and against one of more of the Defendants.

With respect to each Plaintiff, how many days did the Defendant(s) record his or her telephone conversations.

| | |
|---|---|
| Thomas Walden | ______ number of days |
| Christopher P. O'Halloran | ______ number of days |
| Donald J. Dubuque | ______ number of days |
| Robert J. Reilly | ______ number of days |
| Robert M. Cataldo | ______ number of days |
| Paul Buteau | ______ number of days |
| Matthew L. Randall | ______ number of days |
| Edward S. Kennedy | ______ number of days |
| Donald Rathbone | ______ number of days |
| Bonnie J. Benson | ______ number of days |
| Vincent P. Clements | ______ number of days |
| James J. Rock | ______ number of days |
| Peter K. McMichael, Jr. | ______ number of days |
| Frank Reddington, Jr. | ______ number of days |

| | |
|---|---|
| Joseph L. Molis | _______ number of days |
| William L. Serbst, III | _______ number of days |
| Frederick A. Robinson, Jr. | _______ number of days |
| Ernest E. Young, IV | _______ number of days |
| Robert J. Barrett, Jr. | _______ number of days |
| Joseph P. Moreino, Jr. | _______ number of days |
| Craig Martin | _______ number of days |
| William R. Kenyon, Jr. | _______ number of days |
| Paul M. Picozzi | _______ number of days |
| Joseph F. Mellor | _______ number of days |
| John J. Hannon | _______ number of days |
| Ernest Robert | _______ number of days |
| Paul A. Wentworth | _______ number of days |
| Daniel V. Rinaldi | _______ number of days |
| William J. Higginson, Jr. | _______ number of days |
| Michael C. Segee | _______ number of days |
| Peter J. Celani | _______ number of days |
| Donna Luce | _______ number of days |
| Mark R. Randall | _______ number of days |
| Gerald P. Carvalho | _______ number of days |
| Robert D. Crellin | _______ number of days |
| Joseph W. Bretanha | _______ number of days |
| Paul A. Doughty | _______ number of days |

| | |
|---|---|
| Patrick J. Leonard | _______ number of days |
| Mark Tillman | _______ number of days |
| Roger D. Richards, Jr. | _______ number of days |
| Steven G. Ruhle | _______ number of days |
| Daniel J. Brodeur | _______ number of days |
| Christopher S. Wagner | _______ number of days |
| Philip E. Payne | _______ number of days |
| Joseph R. Vingi, Jr. | _______ number of days |
| Kenneth G. Greenwell | _______ number of days |
| E. Christopher Petit | _______ number of days |
| Joshetta Gabbidon | _______ number of days |
| Linda E. Walden | _______ number of days |
| Colleen E. O'Halloran | _______ number of days |
| Kathleen A. Dubuque | _______ number of days |
| Jennifer Cataldo | _______ number of days |
| Kara E. Randall | _______ number of days |
| Carolyn M. Kennedy | _______ number of days |
| Lori A. Rathbone | _______ number of days |
| Carol O'Brien | _______ number of days |
| Colleen F. McMichael | _______ number of days |
| Margaret M. Reddington | _______ number of days |
| Deborah L. Molis | _______ number of days |
| Carol M. Serbst | _______ number of days |

| | |
|---|---|
| Janet D. Robinson | _______ number of days |
| Linda S. Young | _______ number of days |
| Michelle A. Barrett | _______ number of days |
| Jacquelyn L. Moreino | _______ number of days |
| Susan M. Kenyon | _______ number of days |
| Kimberly E. Picozzi | _______ number of days |
| Teresa A. Mellor | _______ number of days |
| Mary Ellen Dubaldo | _______ number of days |
| Carolyn A. Wentworth | _______ number of days |
| Desiree Rinaldi | _______ number of days |
| Ramona Higginson Mitris | _______ number of days |
| Susan M. Segee | _______ number of days |
| Diane G. Celani | _______ number of days |
| Tina L. Randall | _______ number of days |
| Belkys A. Carvalho | _______ number of days |
| Diane K. Bretanha | _______ number of days |
| Lori A. Leonard | _______ number of days |
| Amy L. Brodeur | _______ number of days |
| Darlene Belhumeur-Payne | _______ number of days |
| Mary M. Vingi | _______ number of days |
| Jeanne M. Petit | _______ number of days |
| Kathleen Greenwell | _______ number of days |
| David Neri | _______ number of days |

| | |
|---|---|
| John C. Chmura | _______ number of days |
| Yvonne Giragosian | _______ number of days |
| Donna M. Pietrunti | _______ number of days |
| Laurie Gannon | _______ number of days |
| Susan Harrington | _______ number of days |
| Emilia Grover | _______ number of days |
| Julia D. Goins | _______ number of days |
| Andrea Baker | _______ number of days |
| Eugenia M. Pattek | _______ number of days |
| Theresa J. Mancini | _______ number of days |
| Maria Bianco | _______ number of days |
| Sandra Buote | _______ number of days |
| Robin Owens | _______ number of days |
| Madelaine DeRobbio | _______ number of days |
| Jamie Araujo | _______ number of days |
| Debra L. Silva-Rocha | _______ number of days |
| Margaret Burns | _______ number of days |
| Arleen Ann Pullon | _______ number of days |
| Melissa Melvin | _______ number of days |
| Maribel Patino | _______ number of days |
| Michael J. Bates | _______ number of days |
| Sarah Good | _______ number of days |
| Sandra Manning | _______ number of days |

Richard J. Hughes ______ number of days

Laurie-Ann Hughes ______ number of days

Stephen Hughes ______ number of days

Michael J. Hughes ______ number of days

Deborah Mcintyre-Hughes ______ number of days

Robert Hughes ______ number of days

Carole Hughes ______ number of days

Irene Lescault ______ number of days

Michael Lescault ______ number of days

Robert J. Reilly, as Guardian and next best friend of Brandon Reilly

______ number of days

Robert J. Reilly, as Guardian and next best friend of Jordan Reilly

______ number of days

Robert J. Reilly, as Guardian and next best friend of Kerrin Swann

______ number of days

Jennifer Cataldo, as Guardian and next best friend of Anthony Cataldo

______ number of days

Jennifer Cataldo, as Guardian and next best friend of Christina Cataldo

______ number of days

Jennifer Cataldo, as Guardian and next best friend of Joseph Cataldo

______ number of days

Carolyn M. Kennedy, as Guardian and next best friend of Laura Kennedy

______ number of days

Lori A. Rathbone, as Guardian and next best friend of Daniel Rathbone

______ number of days

Colleen F. McMichael, as Guardian and next best friend of Peter K. McMichael III

______ number of days

Margaret M. Reddington, as Guardian and next best friend of Daniel Reddington

______ number of days

Margaret M. Reddington, as Guardian and next best friend of Brendan Reddington

______ number of days

Janet D. Robinson, as Guardian and next best friend of Abigail Robinson

______ number of days

Janet D. Robinson, as Guardian and next best friend of Emma Robinson

______ number of days

Susan M. Kenyon, as Guardian and next best friend of Kory Z. Kenyon

______ number of days

Susan M. Kenyon, as Guardian and next best friend of Paige M. Kenyon

______ number of days

Ernest Robert, as Guardian and next best friend of Kyle Robert

______ number of days

Ernest Robert, as Guardian and next best friend of Ashlee Robert

______ number of days

Ernest Robert, as Guardian and next best friend of Jackie Robert

______ number of days

Desiree Rinaldi, as Guardian and next best friend of Ashley Rinaldi

______ number of days

Belkys A. Carvalho as Guardian and next best friend of Garrick Carvalho

______ number of days

Belkys A. Carvalho as Guardian and next best friend of Angelique Carvalho

______ number of days

Diane K. Bretanha as Guardian and next best friend of Lauren N. Bretanha

______ number of days

Diane K. Bretanha as Guardian and next best friend of Leanne A. Bretanha

______ number of days

Paul A. Doughty as Guardian and next best friend of Stephanie N. Doughty

______ number of days

Paul A. Doughty as Guardian and next best friend of Laura E. Doughty

______ number of days

Paul A. Doughty as Guardian and next best friend of Rebecca A. Doughty

______ number of days

Steven G. Ruhle as Guardian and next best friend of Steven G. Ruhle, Jr.

______ number of days

Steven G. Ruhle as Guardian and next best friend of Kayla Ruhle

______ number of days

Amy L. Brodeur as Guardian and next best friend of Megan Brodeur

______ number of days

Amy L. Brodeur as Guardian and next best friend of Michaela Brodeur

______ number of days

Philip E. Payne as Guardian and next best friend of Bethany Payne

______ number of days

Philip E. Payne as Guardian and next best friend of Andrea Payne

______ number of days

Philip E. Payne as Guardian and next best friend of Laura Belhumeur

______ number of days

Joseph R. Vingi, Jr. as Guardian and next best friend of Joseph R. Vingi, III

______ number of days

Joseph R. Vingi, Jr. as Guardian and next best friend of Sophia A. Vingi

______ number of days

If you answered in favor of the Plaintiffs with respect to Defendant Prignano:

We, the undersigned jurors, assess punitive damages in the amount of $______________ for each Plaintiff.

If you answered in favor of the Plaintiffs with respect to Defendant Lennon:

We, the undersigned jurors, assess punitive damages in the amount of $______________ for each Plaintiff.

If you answered in favor of the Plaintiffs with respect to Defendant Vieira:

We, the undersigned jurors, assess punitive damages in the amount of $_____________ for each Plaintiff.

**3. Violation of R.I. Criminal Law R.I. Gen. Laws §11-35-21**

On the claims of each of the plaintiffs against the defendants for violation of R.I. Gen. Laws §11-35-21 we the undersigned jurors, find in favor of:

_______ Plaintiffs

_______ City of Providence

_______ Plaintiffs

_______ Esserman

________ Plaintiffs

________ Ciccilline

________ Plaintiffs

________ Prignano

________ Plaintiffs

________ Lennon

________ Plaintiffs

________ Vieira

If you find for the Plaintiffs against one or more of the Defendants, you shall assess $1 for each Plaintiff in nominal damages.

**4. Violation of R.I. Gen. Laws §9-1-28.1 Right to Privacy**

On the claims of each of the plaintiffs against the defendants for violation of R.I. Gen. Laws §9-1-28.1 (Right to Privacy) we the undersigned jurors, find in favor of:

_______ Plaintiffs

_______ City of Providence

_______ Plaintiffs

_______ Esserman

________ Plaintiffs

________ Ciccilline

________ Plaintiffs

________ Prignano

________ Plaintiffs

________ Lennon

________ Plaintiffs

________ Vieira

If you find for the Plaintiffs against one or more of the Defendants, you shall assess $1 for each Plaintiff in nominal damages.

## VII. PROPOSED VOIR DIRE QUESTIONS

1. Do you feel that people who sue win too often?

2. Do you have any feelings about the maximum amount you would be willing to award somebody?

3. Do you feel that it is too easy for someone to sue and get big verdicts in our courts?

4. Do you fee that there are too many unjustified lawsuits in our courts?

5. Do you feel that lawsuits have an adverse impact on people or society or the economy in general?

6. Do you have strong feelings either positive or negative about the confidentiality of telephone calls?

7. Do you have any religious, philosophical, or other belief that prevents you from acting as an impartial juror in this case?

8. Is there anyone who, if selected to serve as a juror, has any qualms about attempting to come to a verdict at the end of the case?

9. Do you have any background in computers?

10. Have any of you ever had your telephone calls recorded without your knowledge or consent? If so, please state the details. Would this experience prevent you from being fair and impartial in this case?

11. Have you ever been dissatisfied with a municipal, state or federal government or agency? If so, please state the details. Would this experience prevent you from being fair and impartial in this case?

12. Do you know any of the other members of the jury panel? If so in what way?

13. Have you or any family members ever had any job related dispute? If so, please state the details. Would this prevent you from being fair and impartial in this case?

14. Do you regularly use a telephone as part of your employment?

15. Do you regularly listen to any radio talk program? If so, who is the host of that program?

16. Do you watch court TV or any law-related television programs or series? If so, which ones?

VIII. MOTIONS IN LIMINE

1. The Defendants have filed two Motions in Limine that are scheduled to be heard by the Court on January 22, 2008.

2. The Plaintiffs have filed one Motion in Limine with respect to all Defendants and one Motion in Limine with respect to Defendant Mary

Lennon. These motions are scheduled to be heard by the Court on January 22, 2008.

## IX. PROPOSED LENGTH OF TRIAL

Three (3) months.

## X. OTHER MATTERS

In accordance with Judge Almonds' comments during the conference of January 10, 2008, Plaintiffs may supplement this Pre-Trial Memo.

Plaintiffs,
By their Attorneys

/s/ Mark A. Fay____________
Mark A. Fay, Esquire #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 490-3200
(401) 490-3207 FAX

/s/ Carolyn Mannis_________
Carolyn Mannis, Esquire #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002
(401) 275-0175 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay