**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO MUNICIPAL DEFENDANTS' MOTION IN LIMINE TO RESTRICT THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS WILLIAM F. ODOM III**

## I. Introduction.

Plaintiffs in the above captioned matter, object to Defendants' motion in limine to restrict the testimony of Plaintiffs' expert on a number of grounds. Contrary to Defendants' argument, Plaintiffs' expert disclosure was submitted in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Furthermore, without conceding the report was deficient, Defendants suffered no harm, no prejudice and had reasonable opportunity to prepare for cross examination and perhaps arrange for expert testimony from other witnesses, which they declined to do. Therefore, Defendants' motion must be denied.

## II. Plaintiffs' Expert's Opinion Report Included the Disputed Lines and Extensions Defendants Move to Preclude.

Under Rule 26(a)(2) of the Federal Rues of Civil Procedure, each party is required to disclose the identity of any person who may be used at trial as an expert witness. The Rule

further provides that disclosure shall "be accompanied by a written report prepared and signed by the witness." *Id.* Parties must provide a signed written statement of all opinions to be expressed and the basis for the opinions; the date used in forming the opinion; any exhibits to be used in support of the opinions; the witness' qualifications and compensation; and any other cases in which the witness had testified as an expert in the preceeding four years. *Id.*

Defendants contend Plaintiffs' expert, Mr. William F. Odom III, should not testify beyond the confines of his report. In particular Defendants argue the expert should not be allowed to testify as to "the additional extensions," specifically 2090 and 6090, and testimony concerning telephone line 861-0053 [hereinafter collectively the "private line"] . The testimony, they argue, should be restricted as his opinion statement concerning the private line was not included in the report. However, Defendants' fail to recognize the expert's report specifically states in its conclusion the Total Recall system was utilized "to record <u>*all*</u> incoming and outgoing calls, with exception of those listed in Exhibit B, on <u>*every*</u> hardwire phone line located within the City of Providence Municipal building." (*Emphasis added.)* Clearly, the private line comes within the confines of the report.

The Defendants' motion represents a desperate attempt to have testimony regarding the private line restricted as it implicates criminal activity. Defendants' recording of the private line was in violation of R.I. Gen. Law § 11-35-21 as alleged in Plaintiffs' complaint.

## III. <u>Omissions in an Expert's Opinion Disclosure May be Cured during Deposition.</u>

Defendants' reliance on the cite to ***Moore's Federal Practice*** is mystifying. 6 ***Moore's Federal Practice*** § 26:23 [2] [a] [iii]. Defendants purportedly rely on the passage to support the argument the deposition of Mr. Odom could not cure the alleged omission. Amazingly, the

***Moore's*** cite actually supports *Plaintiffs'* position — not Defendants'. ***Moore's*** states "[i]f an expert discusses the omitted opinion in the course of the expert's deposition, that will often operate to satisfy Rule 26(e)(1)." Evidently, the excerpts from Mr. Odom's deposition Defendants quote in their memorandum suggest that Rule 26(e)(1) was more than satisfied.

The citation Defendants rely upon further states, "[h]owever, the mere fact that an expert's deposition is taken and the opposing party has the opportunity to inquire into opinions omitted from the expert's report —but does not in fact do so – will not cure the omission in the report." Not only did a deposition of the expert take place, counsel for Defendants specifically "inquired into opinions [allegedly] omitted from the expert's report." During the deposition Attorney McHugh pointedly asks "What are these additional extensions that you're talking about that are not listed in Exhibit A?" *See* Deposition at p. 68. The expert clearly discloses that the additional extensions are 2090 and 6090. *Id.* Later Mr. Odom is asked "do you know what those extensions, either 2090 or 6090 were to?" *Id.* at 68. The expert, without ambiguity, discloses his opinion as to what the extensions were used for — to access 861-0053. *Id.* at 69. Assuming *arguendo* Plaintiffs' report was not in compliance with the rule as Defendants allege, the fact Attorney McHugh questioned the expert regarding the "additional extensions" served to cure any alleged deficiencies in the expert's report. For this reason alone, Defendants motion should not be granted.

## IV. <u>Defendants Suffered no Harm or Prejudice from the Alleged Omission.</u>

The severity of the exclusion of Rule 37 is softened by the proviso that the penalty should not apply if the offending party's failure to disclose was "substantially justified." Furthermore, even if the failure was not substantially justified the exclusion should not apply if the failure was

"harmless." Fed.R.Civ.P. 37(c)(1); 8A Wright, Miller & Marcus, ***Federal Practice and Procedure:*** Civil 2d § 2289.1, p. 705. The Advisory Committee viewed these provisions as designed to avoid unduly harsh penalties. While this was meant to soften the impact with respect to initial disclosures required by Rule 26(a)(1), these provisions can also be offered to excuse failures to disclose as required by Rule 26(a)(2). *Id.*

Surprising, Defendants feign they have been prejudiced or harmed in some manner regarding the alleged omission in Mr. Odom's report and file their motion "out of an abundance of caution." However, counsel for Plaintiffs have been clear from the beginning concerning Plaintiffs' allegations the firemen's private line was recorded. Significantly, this allegation is the basis of Count Four in Plaintiffs' Complaint which invokes punishment under the criminal statute R.I. Gen. Laws §11-35-21.

Clearly, Defendants' efforts on the eve of trial to restrict this testimony suggests recognition of the criminal ramifications of recording the private line of the firemen within the Providence Public Safety Complex.

## V. Even if the Report was Deficient, Exclusion of Testimony is Too Drastic a Remedy.

Restricting expert testimony under Rule 37(c)(1) is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules. ***Sterling v. Interlake Industries, Inc.,*** 154 F.R.D. 579 (E.D.N.Y.1994). *See also,* ***Burks v. Eagan Real Estate Inc.,*** 742 F.Supp. 49 (N.D.N.Y.1990).

In an action filed under the Age Discrimination in Employment Act, the defendant moved to preclude the plaintiff from introducing expert testimony regarding damages. ***McNerney v.***

***Archer Daniels Midland,*** 164 F.R.D. 584 (W.D. N.Y. 1995). The expert's report was not originally signed and only contained numerical calculations. The report did not contain a statement of the expert's opinions or the basis of his calculations. Only the expert's qualifications were submitted in time in accordance with the court's order. Although the district court found the plaintiff had failed to show substantial justification for its non compliance with the court's order and with Rule 26(a)(2), the court held the sanction of precluding the expert testimony appeared to be too drastic a remedy. Furthermore, the court held any prejudice to defendant could be remedied by granting leave to defendant to depose the expert outside the discovery period.

In the same manner, notwithstanding the fact Plaintiffs' expert's report and statement of opinion was all inclusive, Defendants' request to restrict or exclude the expert's testimony is far-reaching and simply too severe a sanction for the alleged indiscretion Defendants complain of.

## VI. Conclusion.

For the foregoing reasons, Plaintiffs respectfully urge this Court to deny Defendants' motion in limine to restrict Plaintiffs' expert's testimony.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay