**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MOTION IN LIMINE TO LIMIT THE TESTIMONY OF JOHN T. D'AMICO, JR.**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move in limine, pursuant to Rules 401, 402, 403, and 501 of the Federal Rules of Evidence, to limit the testimony of former Senior Assistant City Solicitor John T. D'Amico, Jr., and to prevent correspondence prepared by Mr. D'Amico to be offered into evidence at trial.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of January 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MEMORANDUM OF LAW OF THE DEFENDANTS, DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE, IN SUPPORT OF THEIR MOTION IN LIMINE TO LIMIT THE TESTIMONY OF JOHN T. D'AMICO, JR.**

## I. Introduction

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move in limine to limit the testimony of former Senior Assistant City Solicitor John T. D'Amico, Jr. and to prevent the introduction into evidence of Mr. D'Amico's letter to Providence Fire Department Chief Guy Lanzi, dated January 22, 2003 ("Mr. D'Amico's letter"), attached as Exhibit 1.

At all times relevant to this action, Mr. D'Amico was employed as a Senior Assistant City Solicitor for the City of Providence. In that capacity, he advised many arms of City government, including the Department of Public Safety. In their pretrial memorandum, Plaintiffs indicated that "John D'Amico will be called to testify as to his knowledge of the Total Recall System within the Public Safety Complex." Plaintiffs have never noticed Mr. D'Amico's deposition, and therefore the Municipal Defendants are unaware of the scope of testimony Plaintiffs aim to elicit at trial. Therefore, the instant motion was filed to limit the scope Mr. D'Amico's testimony.

## II. Argument

**A. Mr. D'Amico's Letter and His Opinions Regarding the Total Recall System Are Subject to the Attorney-Client and Work Product Privileges**

"The attorney-client privilege is well-established and its present rationale straightforward: by safeguarding communications between lawyer and client, it encourages disclosures by client to lawyer that better enable the client to conform his conduct to the requirements of the law and to present legitimate claims or defenses when litigation arises." U.S. v. Massachusetts Institute of Technology, 129 F.3d 681, 684 (1st Cir.1997), citing Upjohn Co. v. United States, 449 U.S. 383, 389-90 (1981). In Upjohn, the U.S. Supreme Court described at length the genesis and utility of the attorney-client privilege:

> Federal Rule of Evidence 501 provides that "the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client. As we stated last Term in *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980): "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." And in *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), we recognized the purpose of the privilege to be "to encourage clients to make full disclosure to their attorneys." This rationale for the privilege has long been recognized by the Court, see *Hunt v. Blackburn*, 128 U.S. 464, 470, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1888) (privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure"). Admittedly complications in the application of the privilege arise when the client is a corporation, which in theory is an artificial creature of the law, and not an individual; but this Court has assumed that the privilege applies when the client is a corporation. Upjohn Co. v. U.S., 449 U.S. at 389-390.

Thus, the U.S. Supreme Court recognizes the privilege with regard to corporations. See id. The City, as a municipal corporation, is therefore protected by the

privilege and the "full and frank communication between attorneys and their clients" (e.g., Mr. D'Amico's letter) encouraged and guaranteed by the privilege is guaranteed to the City. See id.

Mr. D'Amico's letter contained preliminary (hence it is his work product) legal opinions regarding the lawfulness of the total recall system and was addressed to an individual (a chief of the City's Fire Department) whom Mr. D'Amico was employed to advise. As such, under Rule 501, Mr. D'Amico's letter clearly is protected by the work-product and attorney-client privileges. Therefore, all communications between Mr. D'Amico and City personnel relating to the total recall system's lawfulness or potentially resulting litigation is protected.

**B. Even If the Privileges Do Not Apply, This Evidence Is Inadmissible Because It Is Irrelevant and Unduly Prejudicial**

There is no probative value in Mr. D'Amico's preliminary opinion (contained in Mr. D'Amico's letter) as to the total recall System's lawfulness, or in any of his legal opinions, as they do not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence Rule 401. This evidence is therefore not relevant, and "[e]vidence which is not relevant is not admissible." Federal Rules of Evidence Rule 402. Even if it were relevant, this evidence should be excluded under Rule 403.

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Federal Rules of Evidence Rule 403.

Were the jury to hear a former City attorney's opinions of the legality of the total recall system, the Municipal Defendants would be unduly prejudiced, since the opinion

would seemingly have come from the Municipal Defendants. That is, the dangers referenced in Rule 403 could come to fruition if one of the City's former lawyers were seen as potentially questioning the legality of the total recall system. This evidence would be unfairly and unduly prejudicial to the Defendants since, despite its legal irrelevance, it could cloud the jury's judgment.

**III. Conclusion**

WHEREFORE, the Municipal Defendants pray that their motion in limine be granted.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of January 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh