UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**STATEMENT OF FACTS AND VOIR DIRE QUESTIONS**
**SUBMITTED BY DEFENDANT MARY LENNON**

Defendant Mary Lennon hereby submits the attached statement of facts and voir dire questions in response to the Trial Notice issued by this Court on January 24, 2008.

Mary Lennon
By her attorney,

/s/ Dean G. Robinson
Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

Dated: January 29, 2008

**STATEMENT OF FACTS**

Lennon was initially employed by the City of Providence in 1996, and worked in the Department of Communications from 1999 to 2003. Her duties in the Department of Communications included preparing payroll records, scheduling and the oversight of the Police Department Control Center. The Department of Communications originally utilized a "Dictaphone" system to record emergency calls coming into the Providence Police and Fire Departments. The City of Providence decided to procure and install an additional system to record emergency lines and accepted bids for the same. In July, 2002 the City installed the new recording system known as the Total Recall system. Late in 2002 certain members of the Providence Fire and Police Departments (collectively "Plaintiffs") inquired as to whether conversations on certain non-emergency phone lines were being recorded by the Total Recall system.

Plaintiffs subsequently brought the within actions against the City of Providence and several individuals both individually and in their former official capacity. In both complaints Plaintiffs claimed that Defendants violated numerous Federal and Rhode Island constitutional provisions and laws, including the Fourth Amendment of the United States Constitution, by using, installing and maintaining the Total Recall system. Defendants submit that Plaintiffs had no expectation of privacy in making calls on City phone lines, and that any recording of phone lines was done in the ordinary course of law enforcement officers' duties.

**VOIR DIRE QUESTIONS**

(1) Would any of the publicity regarding corruption in the City of Providence cause you to be unable to render a fair and impartial verdict in this case?

(2) Do any of you have a negative opinion of employees of the City of Providence?

(3) If so, would that make you unable to render a fair and impartial verdict in this case?

(4) Is there any reason that would make it difficult for you to render a fair and impartial verdict with respect to Mary Lennon?

(5) Is there any reason that would make it difficult for you to consider Plaintiffs' claims against each Defendant separately?

**CERTIFICATION**

I certify that on January 29, 2008, I filed the within Statement of Facts and Voir Dire Questions by electronic means to all counsel of record.

/s/ Dean G. Robinson