**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al

v. C.A. No: 04-304S

CITY OF PROVIDENCE, et al

Consolidated with:

JOHN C. CHMURA, et al

v. C.A. No: 04-553S

CITY OF PROVIDENCE, et al

# PROPOSED VOIR DIRE AND STATEMENT OF FACTS OF DEFENDANT, MANUEL VIEIRA

Respectfully Submitted,

Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax

Dated: January 29, 2008

## I. Proposed Voir Dire

This defendant has no proposed voir dire beyond that proposed by the Municipal Defendants

## II. <u>Proposed Findings of Facts</u>

### A. Statement of Facts

Defendant, Manuel Vieira ("Vieira"), was the Director of Communications for the City of Providence from 1993 to February 2003. In that capacity, he reported to the Public Safety Commissioner. In 2001, the City of Providence was planning the construction of a new headquarter for the Division of Public Safety, including offices for the police and fire departments. Members of the police, fire, and communications departments met regularly and openly to discuss the features that the systems in the new building should incorporate. Obviously, one such feature was a telecommunications system.

Through these discussions, several things became clear. One was that the new building would function for many years; therefore, its technological components should, to the extent possible, be cutting edge. As with most law enforcement agencies and first responders, Providence would need the ability to routinely record calls from the public seeking assistance. There was also a desire, from the standpoint of both cost and efficiency, to be able to get data about what calls were made from what lines, to prevent abuse of the phone system through "900" sex line calls, or other abuses.

Research undertaken by city employees found a system called "Total Recall," which was technologically advanced and able to be readily integrated into the telephone system for the building. As a result, hearings were held and the phone system contract was put out for public bid, and the Total Recall System was chosen among a number of competitors. Ultimately, it was installed in the new building and became operational by August 2002.

Vieira was initially unaware that audio recordings were being made of all calls on the public lines in the building. His belief, and his instructions, were

that all phone lines were subject to a cost accounting system, but that audio recordings be limited to emergency and dispatch lines.

It is undisputed that Vieira did not have a password for the system, did not know how to operate the system, and never accessed the system. He derived no private or personal advantage from it. As soon as he learned of the fact that it recorded all calls, he scheduled an appointment with the city solicitor's office, along with relevant officials from the police and fire departments.

Defendant, Manual Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383
Pcomerfo@coialepore.com

**CERTIFICATION**

I hereby certify that a true copy of the within Pretrial Memorandum was served by electronic means on this 17th day of January, 2008 to:

Mark A. Fay, Esquire
Murphy & Fay
127 Dorrance Street, 2nd floor
Providence, RI 02903

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, RI 02903

Susan Marcotte Carlin, Esquire
The Lincoln Center—Suite 205
132 Old River Road
Lincoln, RI 02865

Kevin McHugh, Esquire
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd floor
Providence, RI 02903

Dean Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915

/s/ Peter J. Comerford