**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM**
**IN SUPPORT OF THEIR OBJECTION**
**TO DEFENDANTS' MOTION LIMINE**
**TO LIMIT THE TESTIMONY OF**
**JOHN T D'AMICO, JR.**

## I. Introduction.

Plaintiffs in the above captioned matter, object to Defendants' motion in limine to restrict the testimony of Attorney John T. D'Amico, Jr. on a number of grounds. Contrary to Defendants' argument, Mr. D'Amico's testimony relating to the contents of the letter in question is not protected by the attorney-client privilege, as the privilege has been waived. Furthermore, his opinion cannot be shielded by the work product doctrine, as the document and opinions were not prepared in anticipation of litigation and therefore are not "work product." Finally, even if construed as "work product," the privilege for work product was also waived. Because the document and related testimony is relevant and not unduly prejudicial, Defendants' motion must be denied.

## II. <u>Mr. D'Amico's Letter and His Opinions Regarding the Total Recall System are Not Protected by the Attorney Client Privilege.</u>

To be clear, the document in question, the letter to Chief Guy Lanzi from Senior Assistant city solicitor John T. D'Amico, Jr. was produced to the Plaintiffs by the Defendants pursuant to a subpoena. In fact, the document came directly from Kevin F. McHugh, the same attorney who filed this motion.

Plaintiffs do not dispute that it is true that the attorney-client privilege protects from disclosure confidential communications between a client and his or her attorney. ***DeFusco v. Giorgio,*** A.2d 727, 731 (R.I. 1982). The general rule is that communications made by a client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure.

*However,* an essential element that must be proved in establishing the existence of the privilege is that it has not been waived. Absent such a waiver, the communications to which Defendants refer would be protected from disclosure since the privilege normally protects a client from having to disclose even the subject matter of confidential communications with his attorney. The privilege may be waived, however, when there has been disclosure of a confidential communication to a third party. ***State v. Claus von Bulow,*** 475 A.2d 995, 1005 (R.I. 1984) (*citing* ***United States v. Aronoff***, 466 F. Supp. 855, 862 (D.C.N.Y. 1979)). Furthermore, it is not necessary that actual privileged communications or documents reflecting such communication be disclosed to affect a waiver of privilege:

> [A] disclosure of, or even merely an assertion about, the communication may effect a waiver of privilege not only as to that communication, ***but also as to other communications made during the same consultation and communication made at other times about the same subject.*** *(Emphasis added.)*

***Id.***

In the present case, not unlike the circumstances in ***von Bulow,*** Plaintiffs had subpoenaed the records concerning the investigation of the City's use of the "Total Recall" System at the Providence Public Safety Complex. In response, Plaintiffs received, *inter alia*, the letter of John T. D'Amico, central to this evidentiary dispute. Notwithstanding Defendants assertion that the communication was confidential, the above facts constitute an irrevocable breach of that confidentiality, rising to the level of waiver and destroying an essential element of privilege. In ***Ocean Transportation*** the court noted that "[a]n intent to waive one's privilege is not necessary for such a waiver to occur." ***In Re Grand Jury Investigation of Ocean Transportation,*** 604 F.2d 672, 675 (D.C. Cir.). This proposition is equally applicable to these circumstances. The waiver is binding. Therefore, not only has the privilege been waived with respect to the D'Amico letter but, as in ***von Bulow,*** to "other communications made during the same consultation and communication made at other times about the same subject." *Id.*

## III. Nor are Mr. D'Amico's Letter and His Opinions Regarding the Total Recall System Protected by the Work Product Doctrine.

Defendants suggest that any communication not protected by attorney-client privilege is protected by the work-product doctrine. The work-product doctrine was first defined in ***Hickman v. Taylor,*** 329 U.S. 495 (1947). The privilege protects certain materials "obtained or prepared by an adversary's counsel with an eye toward litigation . . . ." *Id.* at 511.

Arguably, almost all of the work which attorneys do and the advice which they dispense may be viewed as being in anticipation of litigation or its avoidance; however work product immunity requires a more immediate showing than the remote possibility of litigation. ***Garfinkle***

***v. Arcata Nat. Corp.,*** 64 F.R.D. 688 (S.D. N.Y. 1974). There must be a substantial probability that litigation will occur and that commencement of such litigation is imminent, or at least litigation must reasonably be anticipated. ***In re Grand Jury Investigation,*** 599 F.2d 1224 (3d Cir. 1979). Here, the "Total Recall" System was still fully operational and in use as of the date of the letter (January 22, 2003). Moreover, the system was not removed and calls continued to be recorded until February 10, 2003, another 19 days. Thus, the impression of Mr. D'Amico were not in anticipation of litigation.

As in the present case, the fact that litigation did eventually ensue does not in and of itself shield materials prepared by Attorney D'Amico with the protection of the work product privilege. ***Binks Mfg. Co. v National Presto Industries, Inc.,*** 709 F.2d 1109 (7th Cir. 1983). There generally is no work product immunity for documents prepared in the ordinary course of business, prior to the commencement of litigation. ***Tayler v. Travelers Ins. Co.,*** 183 F.R.D. 67 (N.D.N.Y. 1998). The anticipation-of-litigation requirement is not met simply because a document that a party knows may be useful in the event litigation arises is prepared in the course of business. ***Redvanly v. NYNEX Corp.,*** 152 F.R.D. 460 (S.D.N.Y. 1993).

Thus, Attorney D'Amico's advice to his clients concerning matters which ultimately resulted in litigation is insufficient for such advice to be considered to have been rendered in anticipation of litigation; the threat of litigation must be more real and imminent than that. Therefore, D'Amico's letter and opinions cannot be shielded by the work product doctrine.

**IV. <u>Even if made in anticipation of litigation, the Work Product Privilege was Waived by the City.</u>**

Even if this Court were to assume that the documents were made in anticipation of litigation, a fact not evident from the circumstances presented, the testimony and document would still not be privileged, as any privilege that may have existed was waived. The R.I.

Supreme Court in ***von Bulow*** held in pertinent part:

> Although the purposes of the work-product privilege are more complex than those of the attorney-client privilege and may not be inconsistent with selective disclosure, at some point the privilege must yield to the needs of the adversary system. *See* ***In Re Sealed Case,*** 676 F.2d at 818.
>
> ***
>
> As with the attorney-client privilege, when a party seeks to use the work-product privilege in a manner inconsistent with this purpose, courts are justified in finding a waiver where selective disclosure would prevent the system from fairly and accurately resolving the question of guilt or innocence. *See* ***In Re Sealed Case,*** 676 F.2d at 818.

**State v. Claus von Bulow,** 475 A.2d 995, 1009 (R.I. 1984).

While the dispute at issue here is not criminal, the same analysis applies. It is inconsistent for an adversarial to produce a document during the course of litigation without objection and then seek to shield the opponents from using that evidence at trial. In fact, the First Circuit held similarly in a case cited by the Defendants, ***U.S. v. Massachusetts Institute of Technology***, 129 F.3d 681, 684 (1st Cir. 1997). (*See Defendants' Memorandum* at p. 4).

In *MIT*, the U.S. sought to enforce an IRS summons during an investigation into whether MIT qualified for exempt status and was complying with obligations relating to employment taxes and reporting of unrelated business income. The U.S. District Court for the District of Massachusetts ordered production of some records. Both parties appealed. The First Circuit held that MIT forfeited both the attorney-client privilege and work-product protection by disclosing documents to Defense Contract Audi Agency.

The Court in *MIT*, noted that waiver of the work-product doctrine is somewhat different than the waiver of the attorney-client privilege. Because the attorney-client privilege is designed to protect confidentiality **any** disclosure is inconsistent with the privilege and therefore results in waiver. For the work-product protection to be waived, however, the disclosure must be

inconsistent with the privilege. "[B]y contrast, work product protection is provided against "adversaries," so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection." ***Id.*** at 687. In the *MIT* case, the First Circuit found that its disclosure to the audit agency was a disclosure to a "potential adversary." ***Id.*** Here, there is no doubt that the disclosure was to an actual adversary, the Plaintiffs who had instituted litigation against the Defendants and had subpoenaed documents from them. Thus, as in *MIT*, to the extent the document and testimony would constitute work-product, such protection was waived by the Defendants' voluntary disclosure to their adversary, the Plaintiffs.

## V. Mr. D'Amico's Testimony is Admissible as it is Relevant, and not Unduly Prejudicial.

Defendants' assertions that the D'Amico testimony is irrelevant are meritless. The facts indicate the City Solicitor had put his clients on notice that the recording practices they had engaged in "may be unlawful." Furthermore, this opinion was rendered nearly a month before Defendant Dean Esserman shut it down on February 10, 2003. Clearly, this is relevant to Plaintiffs' burden to prove that Defendants intentionally wiretapped Plaintiffs, and that, in fact, they had knowledge of the practice. Moreover, it is probative on the issue of whether the "Total Recall" System was used in the ordinary course of business, a defense specifically raised by the Defendants.

Defendants further claim if the evidence is found relevant, it must be excluded as the "Municipal Defendants would be unduly prejudiced." (As an aside, Defendants claim that they first learned of Plaintiffs' intention to call Mr. D'Amico as a witness when included in the witness list in Plaintiffs' Pre-Trial Memorandum. It should be noted that Mr. D'Amico was included on Plaintiffs' list of potential witnesses submitted to the Court and contained in the

Juror Questionnaire.) "Unfair prejudice" is not to be equated with testimony simply adverse to an opposing party; rather, the prejudice must be "unfair." Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters under Rule 403. Mr. D'Amico's testimony is not gruesome or shocking having an emotional or inflammatory impact. Nor would the testimony confuse the jury, waste the court or jury's time or "arouse the jury's passion." Instead, it gives a fair account of the status of matters in the City of Providence at the time the wiretapping practices were discovered. The evidence is relevant and not unfairly prejudicial. There is no requirement that Plaintiffs choose the least prejudicial method of proving its case. Mr. D'Amico can explain his letter and the Defendants can further explain the letter through other testimony if necessary. To deem this testimony as unfairly prejudicial is equivalent to excluding a confession. Yes, a confession may be prejudicial, but it is not "unduly" or "unfairly" prejudicial because the Defendant has the opportunity to rebut the confession, put it in context etc. Here, the same is true.

## VI. <u>Conclusion.</u>

For the foregoing reasons, Plaintiffs respectfully urge this Court to deny Defendants' motion in limine to restrict the testimony of John T. D'Amico.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance St.
Providence, RI 02903
401-272-2002
401-275-0175(Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay