**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move to quash the attached subpoena, which commands Defendant David N. Cicilline to testify at trial, or in the alternative, for a Protective Order, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of February 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

The Municipal Defendants move, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, to quash the attached subpoena, which commands David N. Cicilline to testify at trial, or in the alternative, to issue a protective order.

**Argument**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure requires that courts quash or modify a subpoena which "subjects a person to undue burden" or which "requires disclosure of privileged or other protected matter, if no exception or waiver applies." This Court has previously ruled that all post-incident evidence is inadmissible at trial. See the attached Order, dated January 23, 2008 ("the Order"). The rulings contained in the Order now constitute the law of the case. Therefore, the subpoena serves to require the disclosure of a matter protected by an order of this Court, and should therefore be quashed. Furthermore, this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed.Rule Civ.Proc. Rule 26 (c). "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the

subpoena against the interests furthered by quashing it.'" Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377 (5thCir.2004), quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed.1995) ("[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source."). Whether the witness has personal knowledge of the relevant facts is a consideration courts should consider in situations like the present one:

> The specific example that the committee cites of a protective order that the court can consider under clause (iv) of paragraph (3)(A) is one that insulates even an adverse party from having to attend the trial as a witness, as where that party has no personal knowledge of the facts. That can happen, for example, when the person who is formally the "party" is a decedent's personal representative with no personal knowledge of the matters in dispute, or an assignee with a like disability, etc.
>
> *Practice Commentaries* to Rule 45, C45-22, David D. Siegel.

Defendant Cicilline has been sued solely in his official capacity as Mayor of the City of Providence. As such, it has never been alleged or in any way evidenced that his conduct gave rise to any of the unlawful conduct alleged by Plaintiffs. Plaintiffs failed to depose Defendant Cicilline at the appropriate time and, now, at this late date, have decided to probe what Defendant Cicilline knew of the Total Recall System. This amounts to an attempt to conduct discovery at trial.

Defendant Mary Lennon testified that Defendant Esserman spoke with her regarding the Total Recall System on February 10, 2003, and that Defendant Cicilline fired her later that day. See Deposition of Defendant Mary Lennon, attached, pages 29-30. Joseph Richardson testified that he met with Defendant Esserman on the same date and was asked for his resignation by Defendant Cicilline eight days later. See Deposition

of Defendant Joseph Richardson, attached, pages 17; 53-54. There is no evidence in the record to support the assertion that either Defendant Cicilline or Defendant Esserman had any involvement in the issues giving rise to the allegations contained in Plaintiffs' complaint, or any involvement whatsoever in any relevant events predating February 10, 2003. This noninvolvement extends to but is not limited to the procurement, operation, and use of the Total Recall System. This Court has noted that "[i]t is undisputed that Police Chief Esserman ordered the system shut down when he learned of its existence." Order at 2; see also Walden v. City of Providence, 495 F.Supp. 2d 245, 250 (D.R.I. 2007) ("The last call was recorded and archived on February 10, 2003, when Police Chief Dean Esserman learned about Total Recall's existence and ordered it shut down….").

Additionally, an undue burden would be placed on the City and its Mayor, Defendant Cicilline, if he were required to testify at trial. Defendant Cicilline played no role in any relevant decision relating the claims of this suit.

The Mayor of a large municipality, when sued in his official capacity, cannot be expected to retain knowledge concerning the specifics of a system he did not procure or authorize. Plaintiffs would require that the Mayor's limited resources in his capacity the City's Chief Executive Officer be tied up inquiring into unfamiliar details concerning an incident in which his only role has already been deemed both not relevant and unduly prejudicial. See the Order.

There is no legitimate purpose in requiring Mayor Cicilline to testify except to harass, annoy and cause an undue burden. An appearance at trial as a witness is time-consuming, burdensome, and disruptive. Of particular note in this case is that the Plaintiffs never served the Mayor with interrogatories or deposed him. They cannot point

to any discovery that shows he had any knowledge prior to the February 10, 2003 discovery of the system. The Plaintiffs are attempting to conduct their discovery in the courtroom, in the middle of the trial.

As has been evidenced during the course of this trial so far, the vast majority of Plaintiffs in this suit harbor negative sentiments about the City of Providence and particularly its Mayor. The subpoena at issue would require the Mayor of the capital city to appear at the trial of a matter in which he had no involvement. Interests unrelated to the claims of this suit but tangential to its filing would be served if the Mayor were required to appear at trial, an appearance which quite plausibly could be the target of picketing.

## Conclusion

This Court has ruled that post-incident evidence is inadmissible at trial. Id. Furthermore, there is no basis for which the testimony of Defendants Cicilline or Esserman may be offered into evidence to prove any other allegation of Plaintiffs' complaint; therefore, the Municipal Defendants' Motion to Quash should be granted.

WHEREFORE, the Municipal Defendants pray that their Motion to Quash be granted, or, in the alternative, that their Motion for a Protective Order be granted.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of February 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh