UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al. :
:
v. : C.A. No. 04-304A
:
CITY OF PROVIDENCE, et al. :

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion in Limine to Exclude All Evidence Relating to Incidents After the Discovery of the Total Recall System (Document Nos. 217, 218, 219 and 221 in C.A. No. 04-304; and Document Nos. 60, 61, 62 and 64/65 in C.A. No. 04-553). Plaintiffs object. (Document No. 242 in C.A. No. 04-304; and Document No. 84 in C.A. No. 04-553). A hearing was held on January 22, 2008.

**Discussion**

Defendants seek to exclude "post incident evidence," i.e., evidence not in existence when the Total Recall System was shut down on February 10, 2003. Defendants assert that such "post-incident evidence" includes Police Chief Esserman's Orders, City and State Police investigations, press coverage, implementation of the City's "new" recording system, and the City's termination of the employment of Defendants Lennon and Vieira and former Defendant Richardson. They argue that such "post incident evidence" is not relevant to any issues raised in this case (Fed. R. Evid. 401) and, if at all relevant, its probative value is substantially outweighed by the danger of unfair prejudice (Fed. R. Evid. 403). As to the "new" recording system implemented after the Total Recall System was shut down, Defendants further argue that it is not admissible under Fed. R. Evid. 407 as a subsequent remedial measure. Plaintiffs counter that Defendants' Motion is premature and that

Attachment "B"

the Court should not "exclude probative evidence in toto outside the context of trial without consideration for what purposes the evidence would be proffered." (Document No. 84-2 at 1).

Defendants rely primarily on Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). In Foley, the First Circuit held that "post-event evidence" is not automatically admissible in a Section 1983 "custom or policy" case. It further concluded that such evidence is admissible "if, and to the extent that, [it] provide[s] reliable insight into the policy in force at the time of the incident." Id. (citing Bordanaro v. McLeod, 871 F.2d 1151, 1167 (1st Cir. 1989)). In response, Plaintiffs rely on Gentile v. County of Suffolk, 129 F.R.D. 435 (E.D.N.Y. 1990). In Gentile, the District Court allowed the introduction into evidence of a "State Investigative Commission" ["SIC"] report in a Section 1983 malicious prosecution case. Although the SIC report was created and issued after the incident at issue in the trial, the incident itself was not the subject of the SIC report. Rather, the SIC report was the result of a three-year investigation into allegations of a long-standing failure to address instances of police misconduct. Thus, the Court held that the SIC report was relevant to the plaintiff's allegations of a County custom or policy of failing to properly investigate and address instances of police misconduct, and that its probative value far outweighed any unfair prejudice. Id. at 445, 462. The holdings in both Foley and Gentile support Defendants' position.

The fundamental issue in this case is the propriety of procuring, installing and utilizing a telephone call recording system which was operational for approximately nine months. It is undisputed that Police Chief Esserman ordered the system shut down when he learned of its existence. (Document No. 191 at 5). Defendants' Motion seeks to exclude evidence of Chief Esserman's order and the "fallout" from that order. The "fallout" includes the various investigations, press coverage and reports, personnel actions and the implementation of a new

system. This Court agrees with Defendants that this "post incident evidence" does not generally provide insight into the City's policy during the period of recording or the individual Defendants' roles, if any, in the procurement, installation and/or operation of the recording system. For instance, Chief Esserman's order to shut down the system and the implementation of a "new" recording system is not evidence of the City's policy during the period at issue in this case or the extent of involvement of the individual Defendants.[1] Similarly, the post incident investigations are not probative of the issues raised in this litigation.

Even if such "post incident evidence" were relevant within the meaning of Fed. R. Evid. 401, this Court concludes that any limited probative value would be substantially outweighed by the danger of unfair prejudice to Defendants. See Fed. R. Evid. 403. As discussed above, the evidence at issue in this Motion in Limine is the "fallout" from the discovery and discontinuance of the recording system. This "fallout" is of highly questionable relevance and is universally and highly adverse to the City and the remaining individual Defendants as it involves employee disciplinary actions, criminal investigations, an abrupt system change and other critical commentary. Given the nature and breadth of such "post incident evidence," this Court concludes that a limiting instruction would not be effective in sufficiently reducing the danger of unfair prejudice to preclude exclusion under Fed. R. Evid. 403.

**Conclusion**

For the reasons discussed above, Defendants' Motions in Limine (Document Nos. 217, 218, 219 and 221 in C.A. No. 04-304; and Document Nos. 60, 61, 62 and 64/65 in C.A. No. 04-553) are

[1] This particular evidence is also inadmissible under Fed. R. Evid. 407 as a subsequent remedial measure. Rule 407 furthers the policy of encouraging individuals to take remedial measures by assurance that such measures cannot be used as evidence of past "culpable conduct."

GRANTED. However, in the event any such "post incident evidence" becomes relevant or admissible during the course of trial or is offered for a narrower purpose than generally establishing culpable conduct, Plaintiffs may seek the admission of such evidence and it will be considered by the Court on a case-by-case basis in the context of trial.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 23, 2008