**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move to quash the attached subpoena, which commands Defendant Dean Esserman to testify at trial, or in the alternative, for a Protective Order, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of February 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

The Municipal Defendants move, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, to quash the attached subpoena, which commands Dean M. Esserman to testify at trial, or in the alternative, to issue a protective order.

**Argument**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure requires that courts quash or modify a subpoena which "subjects a person to undue burden" or which "requires disclosure of privileged or other protected matter, if no exception or waiver applies." This Court has previously ruled that all post-incident evidence is inadmissible at trial. See the attached Order, dated January 23, 2008 ("the Order"). The rulings contained in the Order now constitute the law of the case. Furthermore, "Esserman's order to shut down the system and the implementation of a 'new' recording system is not evidence of the City's policy during the period at issue in this case or the extent of involvement of the individual Defendants." Id. at 3. Therefore, the subpoena serves to require the disclosure of a matter protected by an order of this Court, and should therefore be quashed. Furthermore, this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense…." Fed.Rule Civ.Proc. Rule 26 (c). "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377 (5thCir.2004), quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed.1995) ("[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source."). Whether the witness has personal knowledge of the relevant facts is a consideration courts should consider in situations like the present one:

> The specific example that the committee cites of a protective order that the court can consider under clause (iv) of paragraph (3)(A) is one that insulates even an adverse party from having to attend the trial as a witness, as where that party has no personal knowledge of the facts. That can happen, for example, when the person who is formally the "party" is a decedent's personal representative with no personal knowledge of the matters in dispute, or an assignee with a like disability, etc.
>
> *Practice Commentaries* to Rule 45, C45-22, David D. Siegel.

Defendant Esserman has been sued solely in his official capacity as Chief of the Providence Police Department. As such, it has never been alleged or in any way evidenced that his conduct gave rise to any of the unlawful conduct alleged by Plaintiffs. Plaintiffs failed to depose Defendant Esserman at the appropriate time and, now, at this late date, have decided to probe what Defendant Esserman knew of the Total Recall System. This amounts to an attempt to conduct discovery at trial.

Defendant Mary Lennon testified that Defendant Esserman spoke with her regarding the Total Recall System on February 10, 2003, and that Defendant Cicilline

fired her later that day. See Deposition of Defendant Mary Lennon, attached, pages 29-30. Joseph Richardson testified that he met with Defendant Esserman on the same date and was asked for his resignation by Defendant Cicilline eight days later. See Deposition of Defendant Joseph Richardson, attached, pages 17; 53-54. There is no evidence in the record to support the assertion that either Defendant Cicilline or Defendant Esserman had any involvement in the issues giving rise to the allegations contained in Plaintiffs' complaint, or any involvement whatsoever in any relevant events predating February 10, 2003. This noninvolvement extends to but is not limited to the procurement, operation, and use of the Total Recall System. This Court has noted that "[i]t is undisputed that Police Chief Esserman ordered the system shut down when he learned of its existence." Order at 2; see also Walden v. City of Providence, 495 F.Supp. 2d 245, 250 (D.R.I. 2007) ("The last call was recorded and archived on February 10, 2003, when Police Chief Dean Esserman learned about Total Recall's existence and ordered it shut down….").

Additionally, an undue burden would be placed on the City and its Chief of Police, Defendant Esserman, if he were required to testify at trial. Defendant Esserman played no role in any relevant decision relating the claims of this suit.

The Chief of Police of a large municipality, when sued in his official capacity, cannot be expected to retain knowledge concerning the specifics of a system he did not procure or authorize. Plaintiffs would require that the Chief's limited resources in his capacity the City's Chief Law Enforcement Officer be tied up inquiring into unfamiliar details concerning an incident in which his only role has already been deemed both not relevant and unduly prejudicial. See the Order.

There is no legitimate purpose in requiring Chief Esserman to testify except to harass, annoy and cause an undue burden. An appearance at trial as a witness is time-consuming, burdensome, and disruptive. Of particular note in this case is that the Plaintiffs never served Defendant Esserman with interrogatories or deposed him. The Plaintiffs are attempting to conduct their discovery in the courtroom, in the middle of the trial.

**Conclusion**

This Court has ruled that post-incident evidence is inadmissible at trial. Id. Furthermore, there is no basis for which the testimony of Defendants Cicilline or Esserman may be offered into evidence to prove any other allegation of Plaintiffs' complaint; therefore, the Municipal Defendants' Motion to Quash should be granted.

WHEREFORE, the Municipal Defendants pray that their Motion to Quash be granted, or, in the alternative, that their Motion for a Protective Order be granted.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 29th day of February 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh