**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION TO QUASH**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby move to quash a subpoena, which commands Andrew Rosenzweig to testify at trial.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 11th day of March 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO QUASH**

The Municipal Defendants move, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the attached subpoena, which commands Andrew Rosenzweig to testify at trial.

**Argument**

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure requires that courts quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." This Court has previously ruled that all post-incident evidence is inadmissible at trial. Walden v. City of Providence, 2008 WL 191285 (D.R.I. 2008).

> Defendants' Motion seeks to exclude evidence of Chief Esserman's order and the "fallout" from that order. The "fallout" includes the various investigations, press coverage and reports, personnel actions and the implementation of a new system. This Court agrees with Defendants that this "post incident evidence" does not generally provide insight into the City's policy during the period of recording or the individual Defendants' roles, if any, in the procurement, installation and/or operation of the recording system. For instance, Chief Esserman's order to shut down the system and the implementation of a "new" recording system is not evidence of the City's policy during the period at issue in this case or the extent of involvement of the individual Defendants.

Id. at 2.

The rulings contained in the Order now constitute the law of the case. Therefore, the subpoena serves to require the disclosure of a matter protected by an order of this Court, and should therefore be quashed.

There is no evidence in the record to support the assertion that Mr. Rosenzweig had any involvement in the issues giving rise to the allegations contained in Plaintiffs' complaint, or any involvement whatsoever in any relevant events predating February 10, 2003. This noninvolvement extends to but is not limited to the procurement, operation, and use of the Total Recall System.

Moreover, as this Court recently noted:

> In 2006, Judge Smith issued a Pretrial Order that directed Plaintiffs to file a pretrial memorandum which identified "each witness to testify with a brief summary of his/her testimony." (Document No. 119). After several extensions, Plaintiffs' pretrial memorandum was filed on January 17, 2008 (Document No. 258)….
>
> Memorandum and Order, dated March 4, 2008, at 2.

Plaintiffs therein indicated that

> Andrew Rosenzweig will be called to testify as to his investigation of the Total Recall System at the Public Safety Complex including but not limited to the involvement of Defendants, Urbano Prignano, Mary Lennon and Manuel Vieira in regard to the bid implementation overview and control of the system during the period in question, May 23, 2002 through February 10, 2003.

Since Plaintiffs' pretrial memorandum indicated that Mr. Rosenzweig would be called solely to testify about his investigation, his proposed testimony is barred by this Court's ruling on the Motion in Limine. "[T]he post incident investigations are not probative of the issues raised in this litigation." Walden v. City of Providence, 2008 WL 191285 at 2.

Even if Plaintiffs could demonstrate that Mr. Rosenzweig's testimony is otherwise relevant, Plaintiffs, in their Pretrial Memorandum, proposed only to present him to testify as to the post-incident investigation. Plaintiffs should be held to this proposal, as this Court ruled in its March 3, 2008 Memorandum and Order. Plaintiffs' proposal should be "barred by [this Court's] ruling on Defendants' Motion in Limine. See Glismann v. AT&T Tech., Inc., 827 F.2d 262, 267 (8th Cir. 1987) ('Because the pretrial order measures the dimensions of a lawsuit, a party may not offer evidence or advance theories during trial which violate the terms of a pretrial order.'); and Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995) (trial judge did not err by excluding testimony of witness not disclosed on pretrial witness list required by Court's pretrial order)." Memorandum and Order, dated March 4, 2008, at 4.

## Conclusion

This Court has ruled that post-incident evidence is inadmissible at trial. Id. Furthermore, there is no basis for which the testimony of Mr. Rosenzweig may be offered into evidence to prove any allegation of Plaintiffs' complaint, especially in light of Plaintiffs' proposal for the testimony they aim to elicit on direct examination. Therefore, the Municipal Defendants' Motion to Quash should be granted.

WHEREFORE, the Municipal Defendants pray that their Motion to Quash be granted.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 11th day of March 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh