**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM**
**IN SUPPORT OF THEIR OBJECTION TO**
**DEFENDANTS' MOTION TO QUASH THE SUBPOENA**
**COMMANDING ANDREW ROSENZWEIG TO TESTIFY AT TRIAL**

## I. Introduction.

Plaintiffs in the above captioned matter, object to Defendants' motion to quash the subpoena commanding Assistant Chief Andrew Rosenzweig ("Rosenzweig") to testify at trial on a number of grounds. As a threshold issue Defendants lack standing to move to quash the subpoena, as the subpoena was not issued against Defendants. "Ordinarily, a person other than that against who the subpoena was issued, lacks standing to move to quash the subpoena." ***Sterling Merchandising, Inc. v. Nestle, S.A.,*** 470 F. Supp. 2d 77, 81 (D. Puerto Rico 2006) (*citing* ***Thomas v. Marina Assocs.,*** 202 F.R.D. 433, 434 (D.Pa. 2001)). While an exception exists if the movant is asserting a claim of privilege, privilege is not the basis for the Defendants' motion to quash here. ***See id***. Furthermore, the motion is inappropriate as it fails to be "timely" as mandated in Rule 45 of the Federal Rules of Civil Procedure and should have been argued

prior to trial as a Motion in Limine. The timing of the motion to quash is unreasonable and highly prejudicial to Plaintiffs' case.

Therefore, Plaintiffs vigorously argue that Defendants' motion should be summarily denied.

## II. Contrary to Defendants' Argument, this Court's Order Precluding Evidence of Incidents Occurring After the Discovery of the Total Recall System does Not Pertain to the Testimony of Andrew Rosenzweig.

Prior to trial Defendants moved *in limine* "*to exclude all evidence relating to incidents occurring after the discovery of the Total Recall System.*" (Document 217). This has been referred to throughout these proceedings as "post incident evidence." Defendants argued the evidence was not relevant to the existence of the policy prior to the discovery of the Total Recall System. Defendants quoted with approval ***Foley v. City of Lowell, Mass.,*** 948 F.2d 10 (1st Cir. 1991) for the proposition that "actions taken subsequent to an event are admissible if, and to the extent that they provide reliable insight into the policy in force at the time of the incident." The gist of Defendants' motion was to exclude evidence that involved events such as the terminations from employment of Defendants Vieira and Lennon and newspaper articles containing statements by Defendants Esserman and Cicilline and other consequences of the discovery of the Total Recall System— the "fallout." Defendants argued that "the question that must be asked when post-event evidence is proffered is whether the evidence sufficiently relates to the central occurrence." ***Foley,*** 948 F.2d at 14.

Subsequently, this Court granted Defendants' motion and in its Memorandum and Order of January 23, 2008 [hereinafter "Post Incident Order"].[1] This Court defined "post incident

---

[1] Defendants did not move to exclude any witnesses at the time of trial. The motion *in limine* was limited to the presentation of evidence.

evidence" as *"evidence not in existence when the Total Recall System was shut down on February 10, 2003." Id.* at 1. The Post Incident Order excludes evidence from the "fallout" of Chief Esserman's order to shut down the Total Recall System, including investigations, press coverage and reports, personnel actions and the implementation of a new system. This Court agreed with Defendants that the "post incident evidence" did not "provide insight into the City's policy during the period of recording or the individual Defendants' roles, if any, in the procurement, installation and/or operation of the recording system." *Id.* at 3. Furthermore, the Post Incident Order states the "fallout" is "of highly questionable relevance" and adverse to the City as it involves employee disciplinary actions and other "critical commentary." This is not the evidence or testimony that Plaintiffs seek to elicit from Rosenzweig. Plaintiffs will not question Rosenzweig with respect to press coverage and reports, personnel actions or the implementation of a new recording system. The testimony is limited to actions and admissions made by the Defendants relative to the Total Recall System. Importantly, the testimony and evidence at issue is not "critical commentary."

When the Court ruled regarding the motion to quash the testimony of Mayor Cicilline and Chief Esserman, it defined "post incident evidence" as "*evidence not in existence when the recording system was shut down including the various investigations."* Memorandum and Order of March 4, 2008. And because the Court ruled that the witness "would be called solely to testify about their investigations" the proposed testimony was barred. Consequently, Defendants in the present motion to quash the subpoena concerning Rosenzweig's testimony mimic the language of the Court's order stating that since "Mr. Rosenzweig would be called solely to testify about his investigation, his proposed testimony should be barred by this Court's ruling on the previous Motion in Limine." (at p. 4) Furthermore, Defendants state Plaintiffs "proposed only to present

him to testify as to the post-incident investigation." (at p. 5) This assertion is meritless and disingenuous as Plaintiffs never stated this in their Pre-Trial Memorandum. Furthermore, as Rosenzweig has already been deposed, there was no mistake as to the nature or basis of the evidence or his testimony.

Fundamentally, this thinking is flawed. ***Defendants fail to recognize that within the framework of the investigation is evidence that is relevant to the conduct of certain Defendants prior to the discovery of the Total Recall System and perhaps their liability in this case.*** Neither Defendants, nor should this Court, perceive so narrowly any testimony that is described using the word "investigation." Simply put, testimony regarding the investigation contains *evidence that occurred before the Total Recall System* was discovered *as well as evidence in existence when the recording system was shut down.* Because parts of the investigation took place after the Total Recall System was "discontinued" does not mean that the so-called investigation did not produce evidence that exited and/or occurred prior to the discontinuation. It is imperative to the Plaintiffs' case that this Court applies the same framework expressed in the Post Incident Order when deciding the present motion. Evidence that provides reliable insight into the policy in force at the time of the incident is not precluded by this Court's Post Incident Order— only evidence pertaining to the "fallout."

Therefore, the testimony and evidence Plaintiffs intend to solicit from Rosenzweig does not contravene the Post Incident Order, as the testimony will pertain to events prior to Esserman's shutdown of the system *albeit* discovered after the shutdown. Furthermore, the testimony would "provide insight to the city's policy during the period of recording" as well as to the roles Defendants played "in the procurement, installation and/or operation of the recording system." *Id.* Specifically, Plaintiffs seek testimony regarding the implementation of the system

and Defendants Prignano, Lennon and Vieira's involvement with the system during the period in question, May 23, 2002 through February 10, 2003. *The testimony would not relate to events that occurred after the shutdown on February 10, 2003.* Rosenzweig has stated in his deposition that Vieira reported to him that it was Prignano who requested a recording system that would record almost all incoming and outgoing calls, a system "with all the bells and whistles." Rosenzweig also reported that Vieira relayed a conversation with Prignano in which Prignano asked, "Are we going to have a recording system? Make sure we have it. What are you doing about the phone system." The conduct and statements of the parties during the time in question is highly relevant to all the claims raised in the complaint and are admissible at trial. This is not an attempt on Plaintiffs' part to "end run" the Court's ruling embodied in the Post Incident Order. Indeed, if the Court has concerns regarding the scope of the testimony, it may modify or limit the subpoena rather than ordering it quashed outright. *See* ***Linder v. Calero Portcarrero,*** 180 F.R.D. 168, 174 (D.D.C. 1998). In sum, Defendants' motion to quash the subpoena should be denied as Rosenzweig's testimony can be confined within the parameters set forth in the Post Incident Order.[2]

## III. Defendants' Statements are Admissible as They are Not Hearsay.

[2] Furthermore, this Court's Post Incident Order also provides "in the event any such "post incident evidence" becomes relevant or admissible during the course of trial or is offered for a narrower purpose than generally establishing culpable conduct, Plaintiffs may seek the admission of such evidence and it will be considered by the Court on a case-by-case basis in the context of trial."

Not only is Rosenzweig's testimony relevant and probative on the issue of Defendant Prignano's and Vieira's involvement in the recording system that was ultimately installed at the Public Safety Complex, it is also admissible at trial. In Judge Smith's Opinion and Order of July 6, 2007 in response to Defendants' Motion for Summary Judgment the Court stated: "Clearly, Prignano's initial statements to Vieira are not hearsay because they are a 'party's own statement, in either an individual or a representative capacity' and are clearly offered as an admission against Prignano. Fed. R. Evid. 801(d)(2)(A). Similarly, Vieira's statements to Rosenzweig are sufficient to be considered an admission made by a party under Rule 801(d)(2)(A)." p. 21. The following presents a more detailed analysis as to why these statements are not hearsay.[3]

**A. <u>The Statements of Both Prignano and Vieira are Admissions of Party-Opponents and are Admissible under Fed. R. Evid. 801(d)(2)(A).</u>**

The Rule provides "A statement is **not hearsay** if — . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity..." Both Vieira and Prignano are defendants in this matter, party-opponents and their statements are admissible as they are not hearsay. The Advisory Committee Notes to the Rule state: "No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands for assurance of truthworthiness . . . and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge . . . calls for generous treatment of this avenue to admissibility." For a statement to be an admission under this rule "the statement must be made by a party, or by a party's agent or

[3] It is significant that these statements fall into the various subcategories of Rule 801(d)(2) as they are "not hearsay." Because they are, by definition, not hearsay, they are admissible not only to impeach witnesses, but also as proof of material elements of Plaintiffs' claims.

servant within the scope of the agency or employment."[4] ***Vazquez v. Lopez Rosario,*** 134 F.3d 28 (lst Cir. 1997). Because these statements are attributed to and repeated by party opponents and the original declarant is known, they fit squarely within the party-opponent exemption. *Id.* Simply put, these statements regarding the "Total Recall" system (the recording system) were made by a party (Prignano) and related by another party (Vieira). There is no question as to whom these statements may be attributed. Therefore, they are admissible and not hearsay.

### B. The Statements of Both Prignano and Vieira are Statements of Co-Conspirators and are Admissible under Fed. R. Evid. 801(d)(2)(E).

Alternatively, the statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(E) as statements of a co-conspirator of a party during the course and in the furtherance of the conspiracy. The statements at issue, if admitted, clearly reveal that Vieira and Prignano conspired together to record incoming and outgoing telephone conversations at the Providence Safety Complex. Furthermore, these statements were made "during the course and in the furtherance of the conspiracy" as provided by the Rule. (The Supreme Court has denied admissibility to statements made *after* the objectives of the conspiracy have either failed or been achieved. ***Krulewitch v. US,*** 336 U.S. 440 (1949)). Furthermore, the First Circuit has treated statements of joint venturers in a criminal scheme as equivalent to statements of co-conspirators for purposes of application of Fed. R. Evid. 801(d)(2)(E). *See, e.g.,* ***United States v. Kaplan,*** 832 F.2d 676, 685-87 (1st Cir.1987). It is not necessary that a conspiracy was charged in the pleadings, nor that the statements be against interest to come under this rule of exemption.

---

[4] Nor, is there a requirement that the statement be adverse to be admissible as an admission.

And finally, although the statements may appear to be "hearsay within hearsay" they are not excluded under the hearsay rule if each part of the combined statements conform to an exemption to the hearsay rule as do the statements of Vieira and Prignano here. Fed. R. Evid. 805.

## IV. **Defendants' Motion to Quash the Subpoena Attempts to Make an End Run on this Court's Scheduling Order and is Highly Prejudicial to Plaintiffs.**

Rule 45(c)(3)(A) requires a "timely" motion to quash a subpoena. It was no secret Plaintiffs would call Andrew Rosenzweig to testify at trial. Rosenzweig was listed as a witness on Plaintiffs' Pre-Trial Memorandum as well as Plaintiffs' Amended Pre-Trial Memorandum. Rosenzweig was deposed by the Plaintiffs. *Clearly, this motion should have been presented prior to the deadline for motions in limine.* The Court in its March 4, 2008 Order emphasized that the resolution of evidentiary disputes must be by way of motions in limine. Instead, Defendants attempt to circumvent this Court's scheduling order and present the argument as a motion to quash a subpoena on the eve of this witness's appearance at trial. The motion is both unreasonable and prejudicial to Plaintiffs. Defendants were well aware that Plaintiffs planned on calling this witness to testify and should have made their argument and motion (*in limine*) sooner. The motion is untimely and should be denied by this Court on that ground alone in accordance with Rule 45.

## IV. **Conclusion.**

In sum, Defendants' motion to quash should be denied for the foregoing reasons: (1) Defendants have no standing to bring the motion; (2) the proposed testimony of Rosenzweig

conforms to the Court's Post Incident Order; (3) the pertinent statements are admissible as they are not hearsay; and (4) the motion to quash is untimely, contravenes the Court's scheduling order and is prejudicial to Plaintiffs' case. In the alternative, Plaintiffs respectfully request a modification of the subpoena limiting the testimony as opposed to outright quashing it.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Peter Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay