**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE AND STRIKE DEFENDANTS' EXHIBITS U, V, W AND X**

Plaintiffs hereby move to preclude and strike Defendants' Exhibits U, V, W and X which Defendants failed to disclose in their Pre-Trial Memoranda. Plaintiffs object on a number of grounds as the admission of these exhibits violates the rules of discovery, this Court's discovery order, and would constitute trial by ambush. Specifically, Plaintiffs move to preclude and strike the exhibits admitted over Plaintiffs' objection *to wit* Defendants' Exhibits U, V, W and X.[1]

## I. Defendants' Attempt Runs Afoul of the Federal Rules of Civil Procedure.

Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure requires each party to disclose to other parties, without awaiting a discovery request, the following information:

> (C) an appropriate identification of each document or other exhibits, including summaries of other evidence separately

[1] The Court properly denied admission of Exhibit T which was offered by Defendants as part of the same line of questioning of Major Dennis Simoneau.

> identifying those which the party expects to offer and those which the party may offer if the need arises.

This rule also requires that: *"[u]nless otherwise directed by the court, these disclosures shall be made at least 30 days before trial."* (*Emphasis added.)*[2] Furthermore, Fed. R. Civ. P. 26(b)(1), like Rule 26(a)(3)(C), "provides no exception for documents found during belated investigation that takes place after trial has begun." ***Klonoski v. Mahlab,*** 156 F.3d 255 (lst Cir. 1998) (court vacated district court judgment in medical malpractice action as defendants violated discovery rules in failing to disclose pertinent documents prior to trial).

To the extent the rules contemplate additional material that a party finds after it has provided discovery to the other side, Fed. R. Civ. P. 26(e) requires prompt supplementation of additional material so the opposing party is not misled by the original discovery responses as the opposing party prepares its case for trial. *Id.* Here, Defendants provided no supplementation of their prior disclosures by adding the documents in question to the list of evidence to be offered at trial in their Pre-Trial Memoranda.[3] Therefore, in accordance with the rules, these documents must be precluded and striken.

In particular, Defendants' Exhibit X should be precluded and striken. It was offered simply for notice and contains information that the witness readily indicated he had no knowledge.[4] As a few of the Plaintiffs testified they moved into the Public Safety

[2] The pre-trial memoranda in this case were due on or before January 17, 2008.
[3] Opposing counsel offered no reason why he could not obtain these documents sooner. Trial began on February 13, 2008. Counsel claims to have received the documents on Saturday, March 16, 2008. The routing facsimile indicates they were faxed on March 14, 2008. Counsel did not provide the documents to Plaintiffs counsel until the start of trial on Monday, March 17, 2008.
[4] This is particularly true here where the document was not authored by the witness and the witness was unable to testify as to any personal knowledge as to the dates contained in Exhibit X. Simoneau testified

Complex prior to the dates listed in Exhibit X, the admission of this document into evidence is highly prejudicial to the Plaintiffs' case. Thus, in addition to preclusion on discovery grounds, the Exhibits (and in particular Exhibit X) should not be allowed pursuant to Rule 403 of the Rules of Evidence.

Should this Court not preclude Defendants' Exhibit X in its entirety, the Court should redact the dates contained on the list and give a limiting instruction to the jury that Defendants' Exhibits X was only allowed into evidence for the purpose of showing that Major Simoneau received a memorandum regarding the move from 209 Fountain Street to the Providence Public Safety Complex and not for the truth of the matter asserted in the exhibit.

## II. <u>Preclusion of the Documents is the Appropriate Remedy.</u>

Rule 37(c)(1) provides the remedy for failure to disclose discovery or make false or misleading disclosures:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

This new rule, adopted through the 1993 amendments, mandates a strict adherence to discovery requirements and sanctions for breach of the discovery rules. The

---

that he did not know the dates the departments actually moved into the Providence Public Safety Complex as listed in Exhibit X.

required sanction in the ordinary case is mandatory preclusion. ***Klonoski,*** 156 F.3d 255, 269. [5] Clearly, the documents Defendants attempt to offer into evidence are covered by the disclosure requirements of Rule 26, including the duty to supplement. Defendants' failure to disclose the documents prior to trial precludes Defendants from using the documents now. Clearly, the parties have been litigating this matter for six weeks, and no attempt was made to disclose these documents until Plaintiffs rested their case. To ensure a fair trial, this Court must preclude and strike the Exhibits.

## III. The Documents do not Fall within an Exception to the Rule.

Admittedly, Rule 26(a)(3) exempts from required discovery, evidence used at trial for impeachment purposes. However, the First Circuit has squarely addressed this exception, finding that if the exception were to lie it would proverbially swallow the rule. The Court has held that impeachment evidence, or evidence that tends to contradict testimony, must be subject to pre-trial discovery as well. The Court reasons in most cases this evidence is at least in part substantive and tends "to establish the truth of a matter to be determined by the trier of fact." ***Klonoski,*** 156 F.3d 255, 270 (*citing* 8 Wright & Miller, ***Federal Practice and Procedure,*** § 2015, at 212). Therefore, the First Circuit concluded, that rarely evidence is introduced "solely for impeachment purposes" and that more likely than not, the evidence is substantive as well.

Furthermore, Court stated the "rules of evidence do not trump the discovery rules contained in the Federal Rules of Civil Procedure." *Id.* Instead, the discovery rules provide for the "fullest possible" pretrial disclosure of admissible evidence, to "reduce[e]

[5] The ***Klonoski*** court cautions that pre-1993 cases analyzing the sanction issue "under a pre-amendment rubric" retain only limited authority. *Id.* at n. 5.

the possibility of surprise and to insure a fair contest." *Id.* (*quoting* ***Hickman v. Taylor,*** 329 U.S. 495. 500-01 (1947). Clearly, admission of these documents severely prejudices Plaintiffs, depriving them of the "fair contest" the Federal Rules of Civil Procedure mandate.

## IV. Conclusion.

Admission of Defendants' Exhibits U, V, W and X and particularly Exhibit X is a violation of this Court's pretrial discovery order and the discovery rules. Therefore, the Court should preclude and strike Defendants' U, V, W and X.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Ste. 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay